**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
 mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
 jbaldridge@venable.com
Katherine Wright Morrone, Esq. (*Pro Hac Vice*)
 kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

**V**ENABLE **LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>                    Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>*[Filed concurrently with Declaration of Katherine Wright Morrone and [Proposed] Order]*<br><br>Action Filed:  March 30, 2026<br>Trial Date:     No Date Set |

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. (together, "Defendants") hereby apply for leave to file under seal certain information contained in (1) the Declaration of Joshua Doebler in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and (2) the Declaration of Joseph Schmidt in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Defendants submit that good cause and/or compelling reasons exist for sealing this information, as their disclosure would reveal confidential and proprietary business information and cause competitive harm to Defendants.

This application is made pursuant to Local Rule 79-5.2.2(a) and the Court's procedures. It is based on this Notice of Application, the attached Memorandum of Points and Authorities and the Declaration of Katherine Wright Morrone in Support of this Application ("Morrone Decl."), all files in this action, and all such other matters of which this Court shall or may take judicial notice. In accordance with Judge Murillo's Standing Order Section III(E)(4), the parties met and conferred via Zoom on Wednesday, April 29, 2026 and again on Friday, May 1, 2026 concerning the substance of this Application. Plaintiff's counsel agreed to the styling of this Application as Unopposed, but stated that Plaintiff "reserves all rights, including the right to oppose or otherwise respond once we have had an opportunity to review the application and the materials sought to be sealed."

1

Dated: May 6, 2026                    VENABLE LLP

                              By:    */s/ Max N. Wellman*
                                     Max N. Wellman
                                     J. Douglas Baldridge
                                     Katherine Wright Morrone

                                     Attorneys for Defendants Taylor Swift, TAS
                                     Rights Management, LLC, UMG Recordings,
                                     Inc., Bravado International Group
                                     Merchandising Services Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

2

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Defendants hereby apply for leave to file under seal the unredacted versions of (1) the Declaration of Joshua Doebler in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Doebler Decl.") and (2) the Declaration of Joseph Schmidt in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction ("Schmidt" Decl."). The Doebler Declaration and the Schmidt Declaration are, collectively, the "Declarations."

Compelling reasons exist to grant this Application because the Declarations contain highly sensitive business information of the Defendants, including non-public financial data, inventory valuations, revenue projections, forward-looking business details related to Taylor Swift's twelfth studio album titled *The Life of a Showgirl* ("Album") and associated merchandise, and historic non-public sales figures related to work for and with Taylor Swift. The disclosure of this information would result in substantial competitive harm and would not be publicly available but for this litigation. Defendants have narrowly tailored their request to seal only those portions of the Declarations that contain such confidential and proprietary information. Sealing these limited portions does not impair the public's ability to understand the judicial process or the issues presented in this dispute. Moreover, the Court has entered a Stipulated Protective Order in this matter (Dkt. 37), acknowledging this action involves confidential, proprietary, and commercially sensitive information for which protection from public disclosure may be warranted.

### II.    Legal Standard

Although there is a strong presumption of public access to judicial records and documents, the right of access "is not absolute." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under this Court's local rules, a party seeking to seal a judicial record in the context of a non-dispositive motion can do so by presenting a particularized

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

showing of "good cause." L.R. 79-5.2.2(a); *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (citation omitted). Where documents are attached to dispositive motions or are "more than tangentially related to the merits," a party seeking to file documents under seal must articulate "compelling reasons" that outweigh the public's interest in access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–80.

Caselaw in this District is mixed as to whether the "good cause" or "compelling reasons" standard applies to a sealing request involving a motion for preliminary injunction. *Compare Famous Birthdays, LLC v. Passes, Inc.*, 2024 WL 5257030, at *1 (C.D. Cal. Nov. 14, 2024) (applying good cause standard), *with 2ONE Labs Inc. v. ITG Brands, LLC*, 2024 WL 5185372, at *1 (C.D. Cal. Oct. 11, 2024) (applying compelling reasons standard). In an abundance of caution, this Application applies the "compelling reasons" standard. Because the higher "compelling reasons" standard is satisfied, Defendants also readily meet the good cause standard.

### III.    Argument

Courts routinely find compelling reasons to seal non-public financial and strategic business information where disclosure would risk competitive harm or where a record might be used for "improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Monster Energy Co., v. Vital Pharms., Inc.*, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (quoting *Kamakana*, 447 F.3d at 1179) (finding compelling reasons standard in the preliminary injunction context satisfied and granting sealing of non-public financial and strategic business information); *Tsyn v. Wells Fargo Advisors, LLC*, 2015 U.S. Dist. LEXIS 172287, at *2–3 (N.D. Cal. Dec. 23, 2015) (sealing documents that would reveal a party's long-term financial projections, market position, and general business strategies); *Morawski v. Lightstorm Ent., Inc.*, 2013 WL 12122289, at *1 (C.D. Cal. Jan. 14, 2013) (granting sealing application

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

where the sealed material contained an artist's creative process, prospective business plans, and proprietary business information, the disclosure of which would harm its competitive standing); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal confidential business materials including marketing strategies, sales and retailer data, and product development plans); *In re Elec. Arts, Inc.*, 298 F. App'x at 569–70 (holding that pricing and similar terms constitute trade secrets that confer a competitive advantage and that sealing was warranted under the compelling reasons standard).

Compelling reasons warrant sealing here. The Declarations contain non-public, commercially sensitive information, including confidential and proprietary business information, that, if disclosed, would result in concrete competitive harm, impair business relationships, and undermine the confidentiality obligations set forth in the parties' Protective Order. *See* Dkt. 36; *cf. Kaneka Corp. v. SKC Kolon PI, Inc.*, 2017 WL 11643348, at *3 (C.D. Cal. Nov. 7, 2017) (finding compelling reasons to seal sensitive sales data designated confidential). Specifically, the Declarations contain non-public sales data and projections relating to the Album and associated merchandise, including inventory valuations, revenue projections, forward-looking business details, and historic non-public sales figures related to work for and with the artist Tayor Swift. Disclosure of this information would place Defendants at a competitive disadvantage by allowing competitors to exploit the information and circumvent expending their own resources at Defendants' expense. *See, e.g.*, *Tsyn*, 2015 U.S. Dist. LEXIS 172287, at *2; *Rich v. Shrader*, 2013 WL 6028305, *4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal business documents including revenue projections, strategic priorities, and performance metrics); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal sales data not publicly available); *2ONE Labs Inc.*, 2024 WL 5185372, at *2 (finding compelling reasons to seal "valuable confidential proprietary information regarding [movants] business strategy").

5

This information reflects Defendants' long-contemplated strategic business decisions, including anticipated demand and carefully orchestrated marketing efforts. *See Algarin*, 2014 WL 690410, at \*3 (finding compelling reasons to seal marketing materials and product development plans). Disclosure would allow Defendants' competitors to circumvent the considerable time and resources Defendants invested over at least a year and a half in developing and executing the Album's commercial strategy and use that information to execute their own competing releases. *See Bauer Bros. LLC*, 2012 WL 1899838, at \*2; *Audionics Sys., Inc. v. AAMP of Florida Inc.*, 2014 WL 12586590, at \*5 (C.D. Cal. Mar. 17, 2014) ("A demonstration that public disclosure of internal financial information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing."). Additional information as to the confidentiality and proprietary nature of these documents is detailed in the accompanying Morrone Declaration.

Moreover, Defendant Taylor Swift closely guards the commercial activity surrounding her albums as a core component of her overall creative strategy. Courts have permitted sealing similar materials containing proprietary confidential information that, upon disclosure, would threaten an artist's creative process and competitive standing. *See Morawski*, 2013 WL 12122289, at \*1. The same risk is true for Defendants TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. The timing, scale, and structure of the Album's release and associated merchandise were carefully orchestrated by Defendants to generate consumer anticipation, drive engagement, and maximize market impact. Public disclosure of the information at issue would undermine that strategy by revealing the fruits of non-public decisions that Defendants spent at least a year and a half crafting and that are unique to them. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Shrader*, 2013 WL 6028305, at \*4.

Defendants' request is narrowly tailored to seal only confidential, sensitive business information. *See Algarin*, 2014 WL 690410, at \*4 (noting the parties'

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

attempt to seal only narrow portions containing proprietary sales information). Sealing will not impair the public's ability to understand the nature of the proceedings and, on balance, is necessary to prevent significant competitive harm to Defendants. *Shrader*, 2013 WL 6028305, at \*4 (holding that compelling reasons justified sealing information where disclosure would provide competitors insight into proprietary operations and offer minimal value to the public's understanding of the judicial process). While the internal confidential business information is relevant to Defendants' showing of harm for purposes of the preliminary injunction sought against them, the specific figures are not necessary for the public to understand the underlying trademark dispute or the issues before the Court. *Comphy Co. v. Amazon.com, Inc.*, 371 F. Supp. 3d 914, 930 (W.D. Wash. 2019) (granting sealing of confidential business information submitted with a preliminary injunction motion). In this case, Taylor Swift's public profile increases the likelihood that disclosure would subject the materials to misuse for improper purposes, including the exploitation of confidential business information untethered from the merits of this action. *Monster Energy Co.*, 2019 WL 3099711, at \*2.[1]

Thus, there are compelling reasons to seal the limited information sought to be shielded in the Declarations. Defendants respectfully request that the Court grant their Application for Leave to File Under Seal.

---

[1] The posture of this request also supports sealing. This case is at its infancy, and the financial, sensitive documents are being submitted to support Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction.

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL

Dated: May 6, 2026                    VENABLE LLP


                         By:    */s/ Max N. Wellman*
                                Max N. Wellman
                                J. Douglas Baldridge
                                Katherine Wright Morrone

                                Attorneys for Defendants Taylor Swift,
                                TAS Rights Management, LLC, UMG
                                Recordings, Inc., Bravado International
                                Group Merchandising Services Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

8

## CERTIFICATE OF SERVICE

I certify that on May 6, 2026, I caused a true and correct copy of the foregoing Defendants' Unopposed Application for Leave to File Under Seal and accompanying documents to the same, to be served on counsel of record for Plaintiff via the Court's ECF system. Any documents filed provisionally under seal are being served on counsel of record for Plaintiff via alternative means.

Dated: May 6, 2026                    By: /s/*Max N. Wellman*
                                              Max N. Wellman

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL