**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone, Esq. (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants Taylor Swift; TAS Rights Management, LLC; UMG Recordings, Inc.; and Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MAREN FLAGG, an individual,

Plaintiff,

v.

TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

**DECLARATION OF JOSHUA DOEBLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Joshua Doebler, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Joshua Doebler, and I am over eighteen years of age.

2. I am submitting this Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction in the above captioned matter.

3. I am Vice President, Operations for Bravado International Group Merchandising Services, Inc. ("Bravado"). In my role as Vice President, Operations, I have personal knowledge of or access to the books and records of Bravado reflecting the facts set forth herein and, if called as a witness, I could and would testify competently to these facts.

4. Bravado, is a music merchandising company, one of the group of affiliated companies sometimes referred to collectively as the "Universal Music Group" ("UMG"), which works with and supports musical artists to create promotional products that give fans another avenue to celebrate and engage with artists' music.

5. Among other UMG musical artists, Bravado has worked, and currently works, with global music icon Taylor Swift to create and market promotional products in connection with her music.

6. On or about August 13, 2025, Ms. Swift announced her twelfth studio album, titled *The Life of a Showgirl* ("Album").

7. In connection with the Album, Bravado assists with a comprehensive marketing and branding campaign, which includes creating, manufacturing, and marketing accompanying merchandise and related goods. To that end, Bravado has worked to create and release promotional merchandise including apparel and accessories depicting song lyrics from the Album, Ms. Swift's name and likeness, and/or the Album title, *The Life of a Showgirl* ("Promotional Merchandise").

8. To fulfill consumer demand, Bravado carries and stores inventory of the Promotional Merchandise.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

9. I understand that Plaintiff in this matter is seeking a preliminary injunction that would essentially halt all sales of Promotional Merchandise. I have thus been asked to provide estimates and projections of likely lost U.S. revenue if the preliminary injunction were to issue. I have done so by reviewing and inputting data in Bravado's online systems and proprietary software. The results of those analyses are below.

10. First, as of the date of this Declaration, [redacted] The revenue generated from this inventory is shared between Bravado and Ms. Swift. [redacted]

11. If forced to destroy this inventory on hand of Promotional Merchandise, [redacted]

12. Second, as to Promotional Merchandise projected to be sold online in the next two years, [redacted] in lost revenue that would otherwise be shared between Bravado and Ms. Swift.[1] This number is conservative as it is limited to the United States and only projects out two years into the future. Of course, should this case last

[1] This estimate does not include projected revenues for promotional merchandise that might be sold at live performances by Ms. Swift. It therefore understates the possible lost revenue for all promotional merchandise.

longer than that, and the preliminary injunction be issued and remain in effect, those losses would increase over time.

13. Third, in addition to the lost revenues described above, Bravado has invested significant time, effort, and money to promote and release the Album in connection with Promotional Merchandise. In addition to current inventory, [redacted]

14. In sum, [redacted] should an injunction issue, Bravado, in conjunction with Ms. Swift, would suffer significant harm and losses of at least tens of millions of dollars over the next two years alone.

15. I understand that prior to filing her lawsuit neither Ms. Flagg nor any representative on her behalf contacted anyone affiliated with Bravado.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 6, 2026.

DocuSigned by:
Joshua Doebler
CD5D11A42F44434...
Joshua Doebler

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900