UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREN FLAGG,<br><br>               Plaintiff,<br><br>      v.<br><br>TAYLOR SWIFT, et al.,<br><br>               Defendants. | Case No.  2:26-cv-03354-SRM-BFM<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

On April 7, 2026, Plaintiff Maren Flagg ("Plaintiff") filed the subject Motion for Preliminary Injunction [Dkt. 16] and supporting materials (hereinafter "Motion") seeking to prohibit the Defendants from all use of "The Life of a Showgirl", including but not limited to use in connection with *The Life of a Showgirl* Album ("Album"), performances related to the same, promotional merchandise, and consumer goods. On May 6, 2026, Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. (together "Defendants") filed an Opposition to the Motion, along with supporting materials (hereinafter "Opposition"). The Court, having considered Plaintiff's Motion and Defendants' Opposition, and any arguments of counsel related to the same, hereby **DENIES** Plaintiff's Motion for the reasons detailed below.

-1-

**I. Plaintiff Has Failed to Meet Her Burden On Any of the *Winter* Factors**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). As the party seeking a preliminary injunction, it is Plaintiff's burden to prove that (1) she is likely to succeed on the merits of her claims; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.  As explained below, Plaintiff has failed to satisfy any of the *Winter* factors and the Motion must be denied.

**II. Plaintiff Has Failed to Meet Her Burden of Showing Likelihood of Success on the Merits.**

**A. Plaintiff Has Come to the Court with Unclean Hands**

Plaintiff's conduct—repeatedly attempting to associate herself with Defendant Swift and the Album—bars her from the preliminary injunctive relief she seeks. *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 870-71 (9th Cir. 2002); *Metro Publ'g Co. v. San Jose Mercury News Inc.*, 1993 WL 266786, at *6 (N.D. Cal. July 12, 1993) (denying preliminary injunction in trademark infringement action based on unclean hands). Defendants have provided over 40 examples of Plaintiff's deliberate attempts to cause association between herself and Ms. Swift and/or the Album after the Album's announcement in a manner seemingly designed to create false association or confusion. Plaintiff's Motion is accordingly denied based upon the doctrine of unclean hands.

**B. Defendants' Album and Promotional Goods Are Expressive Works**

As a separate basis for denial of the Motion, Defendants' use of *The Life of a Showgirl* in connection with the Album and promotional merchandise is part of an expressive work protected by the First Amendment. "When the allegedly infringing use [of a trademark] is in the title of an expressive work" the Ninth Circuit applies the *Rogers v. Grimaldi* test. *Lost Int'l, LLC v. Germanotta*, 2025 WL 4058219, at *3 (C.D. Cal. Dec. 15, 2025) (citing *Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1196 (9th Cir. 2017)). Under *Rogers*, if a work is expressive, a plaintiff cannot establish

-2-

infringement without showing the title (1) is either not artistically relevant to the underlying work; or (2) explicitly misleads as to the source of content of the work. *Lost*, 2025 WL 4058219, at *3 (citation omitted). Defendants have put forth evidence supporting that the Album's title is relevant to the underlying work and there is no evidence that Defendants sought to explicitly mislead the public as to the source of the Album.

Plaintiff does not dispute this evidence, but argues that *Rogers* should not apply as Defendants have used "The Life of a Showgirl" in a source identifying capacity. Mot. at 12-13. Plaintiff's arguments are unavailing and do nothing to distinguish this case from the recent ruling of a sister court in this District which denied a motion seeking to enjoin musical artist Lady Gaga's album title and promotional merchandise under almost identical circumstances. *Lost*, 2025 WL 4058219, at *3. This Court agrees with the *Lost International* analysis and applies it here as well.

Because *The Life of a Showgirl* Album and related promotional goods are expressive works, they are protected by the First Amendment, the Lanham Act does not apply, and Plaintiff cannot succeed on her trademark claims. The Motion is denied for this additional reason.

**C. Plaintiff Has Not Shown a Likelihood of Consumer Confusion.**

Because the Court has found that Defendants' use of *The Life of a Showgirl* and related goods are expressive works protected by the First Amendment, it need not reach the traditional Lanham Act likelihood of success analysis. However, here too, Plaintiff has failed to meet her burden and the Motion is also denied under the traditional Lanham Act analysis.

To evaluate likelihood of confusion, the Court evaluates the *Sleekcraft* factors: (1) Strength of the mark; (2) Proximity of the goods; (3) Similarity of the marks; (4) Evidence of actual confusion; (5) Marketing channels used; (6) Degree of care likely to be exercised by the purchaser; (7) Defendant's intent in selecting the mark; and (8) Likelihood of expansion of the product lines. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The first three *Sleekcraft* factors are "particularly important" in reverse confusion

cases like this one. *Instant Media, Inc. v. Microsoft Corp.*, 2007 WL 2318948, at *7 (N.D. Cal. Aug. 13, 2007); *Glow Indus. v. Lopez*, 252 F. Supp. 2d 962, 986 (C.D. Cal. 2002).

**Strength of the Mark Factor**. In reverse confusion cases, the strength of the mark factor compares the commercial strength of a defendant's alleged trademark use, with the conceptual strength of a plaintiff's trademark use. *See, e.g.*, *Glow*, 252 F. Supp. 2d at 990-91. Without a conceptually strong mark, Plaintiff is "unable to establish a likelihood of confusion, even if [Defendants'] commercial strength is likely to overwhelm the plaintiff in the marketplace." *Instant Media*, 2007 WL 2318948, at *12 (citing *Glow*, 252 F. Supp. 2d at 990-92). Plaintiff admits her mark is suggestive (Mot. at 20) and therefore conceptually weak. *Echo Drain v. Newsted*, 307 F. Supp. 2d 1116, 1124 (C.D. Cal. 2003) (citing *Brookfield Comm'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1058 (9th Cir. 1999)). Additionally, the evidence supports that Plaintiff's mark operates in a crowded field with multiple parties co-existing using the terms "CONFESSIONS OF A", "SHOWGIRL", and "OF A SHOWGIRL." Because Plaintiff's mark is conceptually weak and operates in a crowded field, this factor weighs against an injunction.

**Proximity of the Goods and Services Factor.** Differences in products or services "negate reverse confusion, even when the products are superficially within the same category." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1092 (C.D. Cal. 2003) (citation omitted); *see also Move Press, LLC v. Peloton Interactive, Inc.*, 2019 WL 4570018, at *12 (C.D. Cal. Sept. 5, 2019); *Playmakers*, *LLC v. ESPN, Inc.*, 297 F. Supp. 2d 1277, 1282 (W.D. Wash. 2003). The evidence before the Court is clear that Plaintiff's theatrical cabaret productions are dissimilar to Defendants' Album, promotional materials, or any future musical concerts where Ms. Swift may perform. Further, as Plaintiff does not sell (and has not provided evidence that she has ever sold) any apparel or merchandise, there is nothing to support Plaintiff's assertion that Defendants' promotional apparel or merchandise are proximate. This factor weighs in Defendants' favor.

**Similarity of the Marks Factor**. When evaluating this *Sleekcraft* factor, the Court

looks to the sight, sound, and meaning of the marks at issue. *Glow*, 252 F. Supp. 2d at 994. The Court does not consider trademarks in the abstract, but rather "in light of the way the marks are encountered in the marketplace and the circumstances surrounding the purchase." *Sarieddine v. Connected Int'l, Inc.*, 2025 WL 1513777, at *2 (9th Cir. May 28, 2025). The evidence is clear that *The Life of a Showgirl* and Plaintiff's Mark appear to consumers very differently using distinct dominant terms, fonts, coloration, meaning, sound, spacing, and overall differences in commercial impression. Accordingly, this factor weighs in Defendants' favor.

The Court gives little weight to the USPTO Nonfinal Office Action relied upon by Plaintiff. *Blue Bottle Coffee, LLC v. Liao*, 2024 WL 2061259, at *12-13 (N.D. Cal. May 7, 2024); *Sarieddine*, 2025 WL 1513777, at *2. It is undisputed that the application at issue here was an intent-to-use application and thus the USPTO did not evaluate THE LIFE OF A SHOWGIRL as it actually appears to consumers in the marketplace.

**Degree of Consumer Care Factor**. Where a consumer exercises a high degree of care, confusion is unlikely. *Playmakers*, 297 F. Supp. 2d at 1284. Defendants have provided evidence that music—and in particular Ms. Swift's music—is a matter of personal taste which is subject to a high degree of care. Plaintiff has provided no contrary evidence. This *Sleekcraft* factor weighs against injunctive relief.

**Actual Confusion Factor**. While evidence of actual consumer confusion may be probative in the *Sleekcraft* analysis, "a handful of examples of anecdotal confusion are insufficient to support a finding [of] confusion," as are "isolated unauthenticated web postings." *Move Press*, 2019 WL 4570018, at *14 (citing cases); *Grubhub, Inc. v. Kroger Co.*, 2022 WL 2774986, at *5, 7 (N.D. Ill. May 25, 2022); *see also Equinox Hotel Mgmt. v. Equinox Holdings, Inc.*, 2018 WL 659105, at *7-8 (N.D. Cal. Feb. 1, 2018) (eleven purported instances of confusion insufficient for preliminary injunction). Plaintiff has put forth twelve purported instances of actual confusion consisting of anonymous social media posts and comments. Dkt. Nos. 16-17 through 16-34. The anonymous posts and comments are of

limited probative value. *See, e.g., Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1073, n. 8 (N.D. Cal. 2015) (denying preliminary injunction); *Nordstrom, Inc. v. NoMoreRack Retail Grp., Inc.*, 2013 WL 1196948, at *6 (W.D. Wash. Mar. 25, 2013) (same); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 796 F. Supp. 2d 630, 648-49 (S.D.N.Y. 2011) (same). Additionally, the timing of the social media posts (all but one appear to have been made in September/October 2025), indicate that they do not reflect any <u>current</u> consumer confusion. *See Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 801, 806 (N.D. Cal. 2024) (finding plaintiff's evidence "even less compelling given the passage of time" and denying preliminary injunction). Additionally, Defendants put forth counter-evidence supporting the notion that most of the anonymous individuals were not confused at all. This factor favors Defendants.

**Likelihood of Expansion Factor.** This factor also weighs in Defendants' favor as Plaintiff has failed to show a "<u>strong</u> possibility of expansion into competing markets". *M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1085 (9th Cir. 2005). If anything, the evidence provided is clear that Plaintiff's services and goods have contracted over the years, including by deleting an entire class of goods from her trademark in 2021.

**Marketing Channels Factor.** Where parties advertise or distribute their products differently, likelihood of confusion is diminished. *Matrix Motor Co.*, 290 F. Supp. 2d at 1094. Here, Plaintiff has provided no evidence that the parties use overlapping marketing channels outside of the internet, which is of limited utility. *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1151 (9th Cir. 2011). In contrast, the Defendants have provided evidence that Plaintiff's cabaret shows are entirely distinct from where Defendants sell the Album and promotional merchandise, and from where Ms. Swift has historically performed. This factor favors Defendants.

**Intent To Infringe Factor.** "[I]nfringement is not willful if the defendant . . . reasonably thought that its proposed usage was not barred." *Matrix Motor*, 290 F. Supp. 2d at 1096 (citing cases). And, "[m]erely conducting a trademark search and discovering plaintiff's use is insufficient to demonstrate intent." *Stonefire Grill, Inc. v. FGF Brands, Inc.*,

987 F. Supp. 2d 1023, 1055 (C.D. Cal. 2013). Plaintiff has provided no evidence supporting this factor outside of vague allegations related to Defendant TAS Rights Management's trademark portfolio generally, which is insufficient to support likelihood of confusion. This factor weighs in favor of Defendants.

Accordingly, in weighing the *Sleekcraft* factors the Court finds that Plaintiff has not shown a likelihood of confusion. The Motion is denied for this additional reason.

**D. Plaintiff Has Failed to Show Irreparable Harm**

Because Plaintiff has failed to demonstrate a likelihood of success on the merits, no presumption of irreparable harm applies. *Sarieddine*, 2025 WL 1513777, at *3 (citing 15 U.S.C. § 1116(a)). Plaintiff's significant unreasonable delay of roughly 8 months (along with Plaintiff's social media posts invoking Ms. Swift and/or the Album), further undermines any claim that she will be irreparably harmed absent preliminary injunctive relief. *Oakland Trib., Inc. v. Chron. Publ'g Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Moreover, any harm that Plaintiff claims here can be addressed through the recovery of money damages, and it is thus not irreparable. Plaintiff has failed to demonstrate imminent irreparable injury, and the Motion is denied for this additional reason.

**E. The Balance of Harms and The Public Interest Weigh Against An Injunction**

"[I]f there is no likelihood of confusion among consumers, there is no public interest in granting the injunction." *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.*, 2007 WL 9733755, at *2 (C.D. Cal. Oct. 9, 2007). Here, for the reasons detailed above, Plaintiff has failed to demonstrate a likelihood of confusion or irreparable harm. Further, Defendants have provided evidence supporting that an injunction would cause significant financial harm, to themselves and numerous third parties, while the Plaintiff failed to take any action to stop the growth of the Album for eight months. The last two *Winter* factors also strongly weigh in Defendants' favor, and require denial of the Motion.

For the reasons detailed above, the Court DENIES Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: _____

_____

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE