VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone:   (202) 344-4000
Facsimile:   (202) 344-8300

Attorneys for Defendants
Taylor Swift, TAS Rights Management, LLC,
UMG Recordings, Inc., Bravado International
Group Merchandising Services Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2.26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date: August 5, 2026<br>Time: 1:30 p.m.<br>Place:  Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 5, 2026 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Serena Murillo, in Courtroom 5D (5th Fl.) of the First Street U.S. Courthouse, 350 West First Street, Los Angeles, CA 90012, Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. (together "Defendants"), will and hereby do move to dismiss the Complaint filed by Plaintiff Maren Flagg ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

This Motion is made on the following grounds:

1. **Fed. R. Civ. P. 12(b)(6) (All Defendants)**. Plaintiff's Complaint should be dismissed for its failure to state a claim upon which relief can be granted. As a threshold matter, Plaintiff's impermissible shotgun pleading fails to identify facts supporting the alleged actions of each individual defendant in violation of Fed. R. Civ. P. 8. Plaintiff further fails to plausibly allege any likelihood of confusion between Plaintiff's services in connection with her trademark and *The Life of a Showgirl* album (the "Album") and related promotional material. And, Plaintiff's California Unfair Competition Law ("UCL") claim fails as a matter of law because (1) Plaintiff seeks to impermissibly apply it extraterritorially, despite no factual allegations that the complained of conduct emanated from California or resulted in harm to Plaintiff in California; and (2) Plaintiff fails to plead any anti-competitive acts as required under the UCL "unfair" prong.

2. **Fed. R. Civ. P. 12(b)(2) (Defendants Taylor Swift and TAS Rights Management, LLC)**. Plaintiff's Complaint should also be dismissed as to Ms. Swift and TAS Rights Management, LLC because Plaintiff has failed to allege sufficient facts supporting personal jurisdiction in this Court. Plaintiff's allegations fail to establish general or specific jurisdiction over these Defendants and are further refuted by documentary and testimonial evidence.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

In support of the Motion, Defendants also submit the accompanying Request for Judicial Notice ("RJN"), which asks that the Court take notice of generally known public materials not subject to reasonable dispute that are relevant to the instant Motion, including dictionary definitions, United States Patent and Trademark Office ("USPTO") materials, images of the Album and related promotional materials, website printouts, Federal Court records, and Federal Court Management Statistics. In the RJN, Defendants detail authority for why judicial notice of each item is proper at the motion to dismiss stage.

Additionally, pursuant to Local Rule 7-3, enclosed herewith is the Declaration of Katherine Wright Morrone which details Defendants' efforts to satisfy the local rule meet and confer requirements.

A proposed order granting Defendants' Motion is simultaneously submitted to the Court pursuant to L.R. 5-4.4. and the Court's Standing Order for Civil Cases Section III.C.

Dated: May 26, 2026

VENABLE LLP

By:  */s/ Max N. Wellman*
Max. N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

FACTUAL BACKGROUND AND ALLEGATIONS.....................................................2

    A.    Plaintiff's Alleged Trademark and Services............................................2

    B.    Plaintiff Is One of Many Using "CONFESSIONS OF A," "OF A SHOWGIRL," and/or "SHOWGIRL"....................................................3

    C.    Lack of Facts Regarding the Actions of Each Defendant.....................4

LEGAL STANDARDS ..........................................................................................7

ARGUMENT........................................................................................................8

    I.    The Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)..........8

        A.    The Complaint is a Shotgun Pleading That Fails to Identify Which Defendant Allegedly Engaged in Wrongful Conduct......8

        B.    The Complaint Fails to Plausibly Allege Likelihood of Confusion................................................................................9

        C.    Plaintiff's UCL Claim Fails As a Matter of Law ...................13

    II.    The Court Lacks Personal Jurisdiction Over Ms. Swift and TASRM  17

        A.    There is No General Jurisdiction Over Ms. Swift or TASRM..17

        B.    Specific Jurisdiction over Ms. Swift and TASRM is Also Lacking ................................................................................19

CONCLUSION....................................................................................................23

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adidas Am., Inc. v. Cougar Sport, Inc.*,
169 F. Supp. 3d 1079 (D. Or. 2016)......................................................................21

*Agher v. Envoy Air, Inc.*,
2018 WL 6444888 (C.D. Cal. Oct. 12, 2018) ......................................................17

*Aliya Medcare Fin. LLC v. Nickell*,
156 F. Supp. 3d 1105 (C.D. Cal. 2015)................................................................14

*AMDL Collections, Inc. v. Kleeger Prods., LLC*,
2022 WL 19569518 (C.D. Cal. Sep. 22, 2022)....................................................20

*Applied Underwriters, Inc. v. Lichtenegger*,
913 F.3d 884 (9th Cir. 2019)................................................................................12

*Barboza v. Mercedes-Benz USA LLC*,
2022 WL 17978408 (E.D. Cal. Dec. 28, 2022)..................................................8, 9

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017) .........................................................................................21, 22

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
824 F.3d 1156 (9th Cir. 2016).................................................................................7

*Cannon v. Wells Fargo Bank, N.A.*,
917 F. Supp. 2d 1025 (N.D. Cal. 2013) ...........................................................14, 15

*Carpenter v. Sikorsky Aircraft Corp.*,
101 F. Supp. 3d 911 (C.D. Cal. 2015)..................................................................21

*Cel-Tech Commc'm, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (1999)..........................................................................................16

*Cobalt Grp. v. Spangenberg*,
2008 WL 11338435 (C.D. Cal. June 10, 2008).....................................................18

*Cole-Parmer Instrument Co. v. Prof'l Labs., Inc.*,
2021 WL 3053201 (N.D. Cal. July 20, 2021)..........................................17, 19, 22

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

ii

*Core-Vent Corp. v. Nobel Indus. AB*,
 11 F.3d 1482 (9th Cir. 1993)..................................................................................23

*Culinary Studios, Inc. v. Newsom*,
 517 F. Supp. 3d 1042 (E.D. Cal. 2021).............................................................8, 9

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ........................................................................................18, 19

*Davis v. Ibrahim*,
 2021 WL 6618746 (C.D. Cal. Nov. 16, 2021) ......................................................7

*Dex Prods., Inc. v. Houghteling*,
 2006 WL 1751903 (N.D. Cal. June 23, 2006) ....................................................22

*Dole Food Co. v. Watts*,
 303 F.3d 1104 (9th Cir. 2002)..............................................................................19

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
 592 U.S. 351 (2021) .............................................................................................22

*Gibson v. City of Portland*,
 165 F.4th 1265 (9th Cir. 2026)...............................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011) ...............................................................................17, 18, 19

*Gustafson v. BAC Home Loans Serv'g, LP*,
 2012 WL 4761733 (C.D. Cal. Apr. 12, 2012)......................................................14

*Haas Automation, Inc. v. Steiner*,
 750 F. Supp. 3d 1107 (C.D. Cal. 2024)..................................................................7

*Heiting v. Marriott Int'l, Inc.*,
 743 F. Supp. 3d 1163 (C.D. Cal. 2024)...........................................................20, 21

*Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream
 Holdings, Inc.*,
 2010 WL 3619884 (N.D. Cal. Sep. 10, 2010).......................................................14

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853 (9th Cir. 2001)................................................................................18

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

iii

DEFENDANTS' MOTION TO DISMISS

*Martinez v. Robinhood Crypto, LLC*,
2023 WL 2836792 (C.D. Cal. Feb 28, 2023) .........................................................8

*Murray v. Cable Nat'l Broad. Co.*,
86 F.3d 858 (9th Cir. 1996) ...................................................................................9

*Nasser v. Julius Samann, Ltd.*,
2020 WL 10457001 (S.D. Cal. Aug. 28, 2020) ...................................................11

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
165 F. Supp. 3d 937 (S.D. Cal. 2016) ...........................................................13, 16

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) .............................................................................20

*Performance Designed Prods. LLC v. Plantronics, Inc.*,
2019 WL 3082160 (S.D. Cal. July 15, 2019)......................................................10

*Pocket Socks, Inc. v. Louis Vuitton N. Am., Inc.*,
2025 WL 1239348 (S.D. Cal. Apr. 29, 2025) ...............................................10, 11

*Riot Games, Inc. v. Suga PTE, Ltd.*,
638 F. Supp. 3d 1102 (C.D. Cal. 2022)................................................................17

*Rush v. Savchuk*,
444 U.S. 320 (1980) .............................................................................................18

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004).............................................................8, 17, 19, 21

*Sec. Alarm Fin. Enters., L.P. v. Nebel*,
200 F. Supp. 3d 976 (N.D. Cal. 2016) ...........................................................8, 21

*Sussman v. Playa Grande Resort*,
2020 WL 5223751 (C.D. Cal. May 14, 2020)......................................................17

*Sybersound, Inc. v. UAV Corp.*,
517 F.3d 1137 (9th Cir. 2008)......................................................................13, 16

*ThermoLife Int'l, LLC v. NetNutri.com LLC*,
813 F. App'x 316 (9th Cir. 2020)...................................................................20, 21

*Thomson v. Anderson*,
113 Cal. App. 4th 258 (2003)..............................................................................18

**V**ENABLE **LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

iv

DEFENDANTS' MOTION TO DISMISS

*Voyager Indem. Ins. Co. v. Goldsmith*,
  733 F. Supp. 3d 905 (C.D. Cal. 2024) ....................................................... 7

*Ward v. Jump Trading LLC*,
  2026 WL 145846 (N.D. Cal. Jan. 20, 2026) ...................................................... 20

*Warner v. Tinder Inc.*,
  105 F. Supp. 3d 1083 (C.D. Cal. 2015) ........................................................ 14, 15

*Yamashita v. LG Chem, Ltd.*,
  62 F.4th 496 (9th Cir. 2023) ...................................................................... 22

*Zhang v. Cal. Inv. Immigr. Fund*,
  2022 Cal. Super. LEXIS 37895 (June 7, 2022) ....................................................... 18

**Statutes**

15 U.S.C. § 1114(1)(a) ............................................................................. 9

15 U.S.C. § 1125 ................................................................................... 9

Cal. Civ. Proc. Code § 410.10 ...................................................................... 17

California's Unfair Competition Law .................................... 1, 2, 13, 14, 15, 16, 19

Lanham Act .......................................................................... 1, 2, 9, 13, 16, 19

**Court Rules**

Fed. R. Civ. P. 8 ................................................................................ 1, 7, 8

Fed. R. Civ. P. 12(b)(2) ........................................................................... 1, 8

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 7, 8

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

v

DEFENDANTS' MOTION TO DISMISS

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), Defendants Taylor Swift ("Ms. Swift"); TAS Rights Management, LLC ("TASRM"); UMG Recordings, Inc. ("UMG"); and Bravado International Group Merchandising Services Inc. ("Bravado") (collectively, "Defendants"), respectfully move for an Order dismissing Plaintiff Maren Flagg's Complaint (Dkt. 1).

Plaintiff brings federal trademark and California unfair competition claims based on her trademark CONFESSIONS OF A SHOWGIRL ("Mark"), complaining about the title and associated promotional goods related to Taylor Swift's twelfth studio album, titled *The Life of a Showgirl* (the "Album"). As explained in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction ("PI Opp."), the premise of Plaintiff's reverse confusion claims—that consumers will believe Plaintiff's cabaret-style goods and services are affiliated with or sponsored by Ms. Swift—is absurd. Indeed, this lawsuit is merely Plaintiff's latest attempt to generate publicity by associating herself with Ms. Swift. Unsurprisingly, the claims asserted by Plaintiff are unsupported, fail as a matter of law, and should be barred.

As a threshold matter, the Complaint is a shotgun pleading that impermissibly relies on conclusory, vague, and undifferentiated allegations against all Defendants. Plaintiff repeatedly refers to the Defendants—Ms. Swift, TASRM, UMG, and Bravado—collectively in her allegations without specifying which Defendant(s) are responsible for any particular act, despite their highly distinct roles in the music industry, and in the creation and distribution of Ms. Swift's art. Thus, the Complaint fails to give notice of any specific misconduct allegedly attributable to each Defendant, fails to satisfy Federal Rule of Civil Procedure 8, and must be dismissed.

In addition to this pleading flaw, Plaintiff fails to allege facts supporting any likelihood of confusion between Plaintiff's Mark and Defendants' Album or related promotional goods, warranting dismissal of her Lanham Act and California Unfair

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Competition Law ("UCL") claims.[1] Plaintiff's UCL claim also fails as a matter of law because Plaintiff: (1) seeks to impermissibly apply it extraterritorially against Defendants when Plaintiff is not a resident of California and she does not allege facts supporting that any complained of conduct emanated from California or harmed her there; and (2) fails to plead anti-competitive facts as required for a UCL claim under the "unfair" prong.

Finally, even if Plaintiff could plausibly state a claim, this Court does not have personal jurisdiction over Ms. Swift or TASRM. Plaintiff's conclusory allegations of nationwide commercial activity (rather than any forum-specific conduct purposefully directed at California) are insufficient. Plaintiff does not allege acts showing that Ms. Swift or TASRM expressly aimed conduct at the forum giving rise to Plaintiff's claims, nor does she establish the required nexus between any alleged forum contacts and the asserted causes of action. Thus, exercising personal jurisdiction over Ms. Swift or TASRM in this Action would violate due process.

Plaintiff's pleading failures are inescapable and doom her purported claims. The Complaint should be dismissed.

## FACTUAL BACKGROUND AND ALLEGATIONS[2]

### A. Plaintiff's Alleged Trademark and Services

Plaintiff Maren Flagg p/k/a Maren Wade is a performer and a resident of Nevada. Compl. ¶ 23. She does not claim to be a resident of California, to have ever performed in California, or to be related to California in any way. She currently owns U.S. Trademark Registration No. 4800625 for CONFESSIONS OF A SHOWGIRL

---

[1] For purposes of this Motion, Defendants address fundamental pleading deficiencies primarily involving Lanham Act likelihood of confusion and jurisdiction. Should this case continue, the fact that the Album and its associated promotional goods are expressive works subject to protection under *Rogers v. Grimaldi* will be further addressed for the Court's decision. Given the obvious pleading failures noted herein, Defendants do not reach the complex *Rogers* analysis here.

[2] For purposes of this Motion only, Defendants accept the non-conclusory, factual allegations in the Complaint as true. As recently detailed in the PI Opp., many of Plaintiff's allegations are unequivocally wrong. *See* Dkt. 40.

2

("Mark") with respect to blogs, theatrical productions, and television programs in Class 41. *Id.* ¶ 41; *see* RJN at Ex. 6. She has allegedly used the Mark since approximately 2014 in a written column, a "live theatrical production," a book, a podcast, televised video content, YouTube, and social media. Compl. ¶¶ 32-33, 37. Although Plaintiff broadly claims she performs "across the United States" for "thousands," the Complaint does not identify the frequency, scale, or current status of those performances beyond a single alleged performance in January 2026. *Id.* ¶ 34. Plaintiff does not allege facts supporting where and when (or even if) her book, podcast, or digital content were or are distributed. *Id.* ¶ 37.[3] The Complaint is devoid of any images or exhibits depicting how Plaintiff's Mark appears to consumers in connection with her alleged goods/services. And, Plaintiff does not allege she has ever distributed apparel, or indeed any physical goods (besides a book) in connection with her Mark.

Despite this pervasive lack of facts, Plaintiff generally claims that Defendants' use of "*The Life of a Showgirl*" in connection with the Album and promotional merchandise is likely to cause reverse confusion, and asserts without any cognizable basis that consumers may believe Plaintiff's services are affiliated with or derived from Defendants. *Id.* ¶¶ 66-69. Plaintiff's only allegations on this front is that Defendants' commercial scale and reach have "overwhelmed" her mark and impaired her ability to control her brand, with zero facts supporting actual confusion. *Id.* ¶¶ 53, 57, 68.

## B. Plaintiff Is One of Many Using "CONFESSIONS OF A," "OF A SHOWGIRL," and/or "SHOWGIRL"

Plaintiff's allegations completely ignore marketplace and legal realities, including the extensive use of "Confessions of a" as well as "of a showgirl" by brands

---

[3] As explained in the PI Opp., Plaintiff has no currently scheduled performances, her book is unavailable, there is not a single podcast episode available despite Plaintiff releasing a podcast "teaser" over nine months ago, and she has not posted any digital content since September 2025 other than social media content in which she repeatedly attempts to associate herself with Ms. Swift / the Album through unauthorized use of Ms. Swift's intellectual property. Dkt. 40 at 3, 5-6.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

3

and artists across the country. Plaintiff's Mark uses common dictionary terms (RJN at Exs. 1, 2, and 3), and a commonly-registered phrase with the U.S. Patent & Trademark Office ("USPTO"). For example, the following U.S. Registrations (among others) containing "CONFESSIONS OF A" presently co-exist with Plaintiff's Mark in Class 41: CONFESSIONS OF AN SEO; CONFESSIONS OF A CEO WITH KELCI BORGES; CONFESSIONS OF A FOUNDER; and CONFESSIONS OF A HAIRSTYLIST. *See* RJN at Ex. 4. Likewise, there are many U.S. Registrations co-existing with the Mark containing "SHOWGIRL" for entertainment services (Class 41). RJN at Ex. 5 (discussing SHOWGIRL OF THE YEAR; YOU SHOWGIRL; and SHOWGIRL NEEK).

Notably, these U.S. Registrations are just the tip of the iceberg, and are in addition to numerous other third-party uses of "CONFESSIONS OF A," "SHOWGIRL," and "OF A SHOWGIRL" in the entertainment industry. Co-existing with Plaintiff's Mark, third parties have used many variations of these phrases for entertainment-related endeavors for years. RJN at Exs. 14-23 (discussing DEATH OF A SHOWGIRL, PORTRAIT OF A SHOWGIRL, THE LAST SHOWGIRL, CONFESSIONS OF A VEGAS SHOWGIRL, CONFESSIONS OF A SHOPAHOLIC, and CONFESSIONS OF A DANGEROUS MIND, among others). Plaintiff does not allege that the phrases in her Mark are unique to her and fails to account for a field full of co-existing marks.

## C. Lack of Facts Regarding the Actions of Each Defendant

Plaintiff's Complaint is largely devoid of specific factual allegations as to each Defendant. Those facts that were alleged are summarized below.

**Conclusory Allegations as to Ms. Swift**. Plaintiff alleges that Ms. Swift is an individual residing in California. Compl. ¶ 24. As explained below, that is demonstrably wrong; Ms. Swift is a resident of, and domiciled in, Tennessee. Plaintiff also alleges (incorrectly) that Ms. Swift, "directs substantial commercial activity from this District, including recording, production, and management of her

4

DEFENDANTS' MOTION TO DISMISS

entertainment projects, through facilities and business relationships located in Los Angeles County" (*id.* ¶ 17) and that Ms. Swift owns one property in California. *Id.* Even if these allegations were true (nearly all are not), none describes actions taken in relation to the Album, its associated promotional goods, or the claims Plaintiff asserts.

**Conclusory Allegations as to TASRM.** TASRM is a Tennessee limited liability company with its principal place of business in Tennessee. *Id.* ¶ 25. Plaintiff's allegations related to TASRM focus on the company conducting business in California generally, with vague reference to licensing Ms. Swift's entertainment projects. *Id.* ¶ 18. Plaintiff alleges that TASRM "licenses intellectual property" associated with Ms. Swift's projects (*id.* ¶ 25), but does not actually allege TASRM has a licensing relationship with any of the other Defendants, or any third party for that matter, with respect to the Album or any use of *The Life of a Showgirl*. Plaintiff makes a conclusory allegation that "TAS authorized, directed, and controlled the use of the designation as a trademark across goods and services" (*id.* ¶ 42) without any supporting facts. Plaintiff does not allege TASRM sold any Albums or promotional goods in California.

**Bare Bones Allegations as to UMG.** UMG is a Delaware Corporation with its principal place of business in Santa Monica, California. *Id.* ¶ 26. Plaintiff alleges that UMG "directs and participates in the commercial exploitation of goods associated with THE LIFE OF A SHOWGIRL" (*id.* ¶¶ 19, 42), but does not specify or describe what goods UMG is alleged to have been involved with or how it "commercially exploited" them.

**Bare Bones Allegations as to Bravado.** Bravado is a California corporation with its principal place of business in Santa Monica, California. *Id.* ¶ 27. Plaintiff alleges that Bravado is "responsible for the design, manufacture, and sale of goods bearing THE LIFE OF A SHOWGIRL" (*id.* ¶¶ 20, 42), but again does not specify or describe what goods Bravado is alleged to have been involved with or where or how this alleged conduct occurred.

DEFENDANTS' MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**Conclusory Allegations as to "Defendants" Generally**. The Complaint lumps all Defendants together without specifying which entity engaged in which conduct. For example, Plaintiff alleges that "Defendants" used *The Life of A Showgirl* in connection with, among other things, consumer goods, including drinkware, candles, and apparel, and offered such goods for sale through retail and online channels, but provides no facts supporting which Defendant is involved in such actions (let alone which retail or online channels each Defendant purportedly offered goods through). *Id.* ¶¶ 43-45. In total, Plaintiff impermissibly lumps Defendants together over 90 times.

**Inaccurate Application Allegations.** Plaintiff makes several inaccurate statements regarding the USPTO public record for U.S. Trademark Application Serial No. 99331566 ("Application") covering potential uses of THE LIFE OF A SHOWGIRL. Compl. ¶¶ 49-50. While the Complaint alleges that "Defendants" filed the Application (*id.* ¶ 49), the Application was filed solely by TASRM, on an <u>intent to use</u> basis, meaning TASRM did not represent to the USPTO that it was using THE LIFE OF A SHOWGIRL in commerce, and did not submit any specimen of use, for any of the applied-for services or goods. RJN at Ex. 8.

On November 5, 2025, the USPTO issued a "NONFINAL OFFICE ACTION" identifying certain purported deficiencies in the application to be adjusted or overcome before a trademark registration would issue. RJN at Ex. 9. A <u>Nonfinal</u> Office Action is exactly what it sounds like, <u>not</u> final, and allows the applicant to submit materials to cure any perceived defects, often resulting with a registration issuing.[4] The Complaint omits that the Office Action was expressly nonfinal, and instead characterizes it simply as a "refusal," without acknowledging that such actions are preliminary, subject to response, and do not constitute any final determination. Compl. ¶¶ 50, 52. The Complaint further fails to recognize that the Nonfinal Action is partial, and does not

---

[4] RJN at Ex. 7 ("If your response satisfies each legal problem in the nonfinal office action and doesn't raise any new problems, your application will proceed toward registration.").

DEFENDANTS' MOTION TO DISMISS

even concern goods or services in the vast majority of the Application's classes (*i.e.* 14, 15, 16, 18, 20, 21, 24, 25, 26, 28, or 35). RJN at Ex. 9. While Plaintiff is correct that the Application is currently voluntarily suspended (Compl. ¶ 50 n.2), she ignores that when the suspension concludes, TASRM will have the opportunity to substantively respond to the USPTO's preliminary Office Action. RJN at Exs. 7, 10.

## LEGAL STANDARDS

To survive Defendants' Motion to Dismiss under Rule 12(b)(6), Plaintiff must plead facts to show entitlement to relief and must plead "more than labels and conclusions" or a formulaic recitation of the elements of a cause of action. *Voyager Indem. Ins. Co. v. Goldsmith*, 733 F. Supp. 3d 905, 914 (C.D. Cal. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If not, Plaintiff's Complaint must be dismissed. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  In evaluating a Rule 12(b)(6) motion, the Court may consider Complaint allegations, documents incorporated therein or otherwise integral to the claim, and facts subject to judicial notice. *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Where a complaint (like Plaintiff's) alleges infringement, but does not provide images of how the complained of conduct appears to consumers, courts have taken judicial notice of the allegedly infringing materials by way of incorporation by reference. *See, e.g.*, *Haas*, 750 F. Supp. 3d at 1115.

Further, under Rule 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint (like Plaintiff's) that violates Rule 8(a)(2) is known as a "shotgun pleading," which "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026) (citing case). Dismissal of a shotgun pleading is appropriate under Rule 12. *Davis v. Ibrahim*, 2021 WL 6618746 at *2 (C.D. Cal. Nov. 16, 2021).

DEFENDANTS' MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

If the Court lacks personal jurisdiction over any defendant, dismissal as to said defendant is required. Fed. R. Civ. P. 12(b)(2). Jurisdiction over each defendant must be analyzed separately and must exist for each claim asserted. *Sec. Alarm Fin. Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 984 (N.D. Cal. 2016) (quoting Ninth Circuit precedent). In analyzing the Motion for lack of personal jurisdiction, Plaintiff "bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal citations omitted).

## ARGUMENT

### I.   The Complaint Should Be Dismissed Pursuant to Rule 12(b)(6).

Plaintiff fails to state a claim upon which relief can be granted on several independent bases. The Complaint should be dismissed in its entirety.

#### A. The Complaint is a Shotgun Pleading That Fails to Identify Which Defendant Allegedly Engaged in Wrongful Conduct.

Plaintiff's shotgun pleading—improperly asserting claims against all "Defendants" collectively—violates Rule 8(a)(2) warranting dismissal. A telltale sign of an impermissible shotgun pleading (like Plaintiff's) is the use of "Defendants" collectively throughout the pleading "without identifying what the particular defendants specifically did wrong." *Martinez v. Robinhood Crypto, LLC*, 2023 WL 2836792, at *4 (C.D. Cal. Feb 28, 2023) (citing *Morris v. Sun Pharma Glob., Inc.*, 2021 WL 3913191 (C.D. Cal. May 13, 2021)). Courts routinely dismiss complaints on this basis. *See, e.g., Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1075 (E.D. Cal. 2021) (dismissing shotgun pleading where plaintiff lumped defendants together); *Barboza v. Mercedes-Benz USA LLC*, 2022 WL 17978408, at *7 (E.D. Cal. Dec. 28, 2022) (same).

Here, Plaintiff repeatedly refers to the Defendants—Ms. Swift, TASRM, UMG, and Bravado—collectively in her allegations of infringement without specifying which Defendant(s) are responsible for any particular act, despite their highly distinct roles in the music industry and in the creation and distribution of Ms. Swift's work. *See, e.g.* Compl. ¶¶ 64, 65, 67, 70-72, 75, 79-84, 86, 89-90, 92-95. For

8

example, Plaintiff alleges "Defendants" operated an online store, used THE LIFE OF A SHOWGIRL on apparel items, and worked with third party national brands[5]–but fails to specify which Defendant engaged in any of these purported acts. *Id.* ¶¶ 43, 46, 47. Plaintiff also alleges "Defendants" "purposefully directed commercial activities toward California, including the sale of goods bearing THE LIFE OF A SHOWGIRL," but again fails to specify which Defendant actually engaged in that alleged conduct. *Id.* ¶ 16. By lumping all Defendants together and failing to identify who allegedly did what, Plaintiff fails to give adequate notice of the specific misconduct allegedly attributable to each Defendant. Plaintiff's shotgun Complaint should be dismissed accordingly. *Culinary Studios*, 517 F. Supp. 3d at 1075; *Barboza*, 2022 WL 17978498, at *7.

## B. The Complaint Fails to Plausibly Allege Likelihood of Confusion

Plaintiff utterly fails to plausibly allege likelihood of confusion–an essential element of her Lanham Act claims. 15 U.S.C. § 1114(1)(a), 15 U.S.C. § 1125. To state a claim, Plaintiff must allege facts showing that reasonably prudent consumers are likely to be confused as to the source, sponsorship, or affiliation of the goods and services at issue. *See Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996) (affirming dismissal of trademark infringement claim for failure to allege plausible likelihood of consumer confusion). When, as here, reverse confusion is alleged, Plaintiff must also show that reasonably prudent consumers are likely to believe that Defendants–rather than Plaintiff–are the source of Plaintiff's services. *Id.* "If the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely, the complaint should be dismissed." *Id.* at 860 (citing *Toho Co. Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 790–91 (9th Cir. 1981)). Courts have dismissed claims where: (1) the designs or marks are "obviously

---

[5] For the sake of clarity, with just one exception, the list of "national brands" Plaintiff cites in support of this allegation is not accurate and based on unfounded presumptions.

DEFENDANTS' MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

dissimilar"; (2) the designs or marks are placed on products consumed by different groups of purchasers or marketed through different marketing channels; or (3) the goods or services are unrelated. *Pocket Socks, Inc. v. Louis Vuitton N. Am., Inc.*, 2025 WL 1239348, at *3 (S.D. Cal. Apr. 29, 2025) (citing cases) (dismissing infringement claims). All of these bases apply here.

**Plaintiff's Alleged Goods/Services Are Dissimilar to the Album and Its Promotional Goods.** Plaintiff fails to provide facts supporting that reasonably prudent consumers are likely to be confused between her Mark and Ms. Swift's Album title–let alone that they would mistakenly believe Defendants are the source of Plaintiff's services or vice versa. Put simply, a comparison between Plaintiff's goods/services and Defendants' Album and promotional goods cannot support a likelihood of confusion as a matter of law. Taking Plaintiff's allegations as true, in connection with *The Life of A Showgirl*, Defendants have released a musical Album, "drinkware, candles, personal care accessories, and apparel." Compl. ¶¶ 43-44. Plaintiff, on the other hand, alleges that she has offered a theatrical production, book, podcast, and video content. *Id.* ¶ 3. She does not allege she has ever sold **any** of the products Defendants sell, nor does she allege that she has released musical albums or performed musical concerts. Unsurprisingly, Plaintiff further fails to allege facts supporting that any of the goods or services offered by herself or Ms. Swift are related in the minds of consumers. *See, e.g., Performance Designed Prods. LLC v. Plantronics, Inc.*, 2019 WL 3082160, at *5 (S.D. Cal. July 15, 2019) (dismissing for failing to plead facts of likelihood of confusion even where the products used virtually identical designs).

**The Alleged Channels of Trade Are Dissimilar.** Plaintiff's alleged channels of trade, including performances at "New York City's Laurie Beechman Theatre and Myron's at The Smith Center in Las Vegas," publication in a *Las Vegas Weekly* column, and marketing materials offered on her website, social media, and podcast teaser (Compl. ¶¶ 3, 32, 38), further undermine any likelihood of confusion. Plaintiff not only fails to identify when these performances and media placements took place,

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

10

DEFENDANTS' MOTION TO DISMISS

but she fails to plead that Defendants have marketed or sold anything related to the Album in connection with those venues or publications. Instead, the only allegation as to where Defendants have offered the Album and promotional goods is "across retail channels." *Id.* ¶ 6. Plaintiff then baldly proclaims, without supporting facts, that those retail channels are "directed at the same audience" Plaintiff has cultivated. *Id.* The Complaint only alleges Plaintiff maintains an online presence through the website www.confessionsofashowgirl.com, and provides no information as to her alleged "audience." *Id.* ¶ 38. Plaintiff alleges Defendants offer the Album and promotional goods on "Defendants' online store", but purposely omits the URL for the website: www.store.taylorswift.com (which includes "TAYLOR SWIFT" emblazoned on the front of the webstore), making it unmistakably clear who Defendants' goods are affiliated with. RJN at Exs. 12, 13. Plaintiff has alleged no facts supporting that her alleged performances, podcast, or book are sold or marketed in any of the same channels as the Album or its promotional goods.

**Plaintiff's Mark and the Album Are Dissimilar to Consumers.** Plaintiff relies heavily on purported similarity between "CONFESSIONS OF A SHOWGIRL" and "*The Life of a Showgirl*," alleging that the similarity is "immediate" and that they share a "dominate phrase" and "overall commercial impression." Compl. ¶ 7. These are conclusory assertions, unsupported by factual allegations regarding how consumers encounter or perceive the phrases in the marketplace. Tellingly, Plaintiff omits any photographs or descriptions of how her Mark or the *Album* and corresponding promotional goods actually appear to consumers. Courts have dismissed trademark infringement claims for failure to allege facts supporting likelihood of confusion even where they contained a good deal <u>more</u> information about the alleged marks than here. *See, e.g., Pocket Socks*, 2025 WL 1239348, at *5 (dismissing claims involving two sock products where plaintiff failed to allege facts supporting likelihood of confusion even where photographs of products were provided); *Nasser v. Julius Samann, Ltd.*, 2020 WL 10457001, at *2 (S.D. Cal. Aug.

11

DEFENDANTS' MOTION TO DISMISS

28, 2020) (even "side-by-side photographs . . . are not by themselves sufficient to establish likelihood of confusion").

When actually viewing Plaintiff's Mark and the Album and its promotional goods, it is clear they are dissimilar. Specifically, they differ as to dominant terms, meaning, font, coloration, spacing, and overall commercial impression as depicted below. *See* RJN at Exs. 1, 2, 3, 6, 11, 12, and 13.

| **Album Branding** | **Plaintiff's Historical Branding** |
|---|---|
|   |  |

**Plaintiff's Allegations Regarding Actual Confusion Are Conclusory.** Plaintiff asserts that "multiple instances of actual consumer confusion have been documented across public platforms" (Compl. ¶ 68), but provides no examples or details of the alleged confusion. Such vague allegations are insufficient to plausibly establish likelihood of confusion. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) (affirming dismissal where the complaint contained "only scant, conclusory allegations of consumer confusion"). Nor does the Complaint adequately plead reverse confusion. Although Plaintiff alleges that Defendants' scale may "overwhelm" her brand (Compl. ¶ 70), she crucially does *not* allege facts showing that an appreciable number of consumers believe Defendants are the source of Plaintiff's cabaret performances, or vice versa.

Plaintiff's reliance on the USPTO's purported "refusal" to register Defendants' mark does not support her claims of confusion here. The Complaint asserts that the "USPTO itself confirmed the conflict when it refused Defendants' application on the ground of likelihood of confusion" (*id.* ¶ 71), but omits the critical facts that this was

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

12

(1) merely a non-final Office Action, (2) related to an intent-to-use trademark where no specimens of use were submitted, and (3) the USPTO explicitly did <u>not</u> find a likelihood of confusion between Plaintiff's Mark and the majority of the goods/services covered in the Application. RJN at Exs. 8, 9, 10. Plaintiff's attempt to dress up a non-final Office Action into dispositive proof of a likelihood of confusion not only fails as a matter of law, but also highlights Plaintiff's lack of plausible facts to support consumer confusion and, further, her fundamental misunderstanding of trademark law and USPTO procedure.

In sum, Plaintiff's allegations simply amount to formulaic recitations of the likelihood of confusion element of a trademark infringement claim without any facts to support them. This is insufficient, and Plaintiff's claims should be dismissed.

**C. Plaintiff's UCL Claim Fails As a Matter of Law**

Plaintiff's allegations fail to state a claim under California's Unfair Competition Law ("UCL"). A UCL claim requires Plaintiff to allege an "unlawful, unfair, or fraudulent business act or practice" that causes her to have "suffered injury in fact" and "lost money or property." Cal. Bus. & Prof. Code §§ 17200, 17204. Here, Plaintiff alleges "unlawful" and "unfair" conduct, but fails to plausibly allege any anticompetitive activity required for an unfair claim[6] and improperly attempts to impose liability for conduct and injury that allegedly occurred outside of California. Plaintiff's UCL claim must be dismissed.

1. The UCL Does Not Apply Extraterritorially

Plaintiff has failed to allege actions taken by Defendants in California sufficient to state a claim under the UCL. Courts routinely reject UCL claims where

---

[6] Plaintiff's "unlawful" UCL claim is based solely upon alleged conduct related to violation of the Lanham Act; thus, if the Court finds she has failed to state Lanham Act claims, the UCL claim must also be dismissed. *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 953 (S.D. Cal. 2016) ("When a statutory claim fails a derivative UCL claim also fails."); *see also Sybersound, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151–53 (9th Cir. 2008) (affirming dismissal of UCL claim where plaintiff failed to plead underlying federal statutory claim).

13

the alleged misconduct and/or injury occur outside California or where the complaint fails to tie the challenged conduct to the state. *See, e.g.*, *Aliya Medcare Fin. LLC v. Nickell*, 156 F. Supp. 3d 1105, 1139 (C.D. Cal. 2015) (dismissing claim by Nevada plaintiff where facts were absent tying the unlawful practices to California); *Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream Holdings, Inc.*, 2010 WL 3619884, at *8 (N.D. Cal. Sep. 10, 2010) (dismissing claim where misconduct and injury occurred outside California); *see also Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1096-97 (C.D. Cal. 2015) (dismissing claim where non-California plaintiff did not adequately allege facts that the purported misconduct "emanated from" the state). Here, Plaintiff does not allege facts to plausibly support that any relevant conduct "emanated from" or caused injury in California. At most, she alleges that Defendants conduct business in California and that products may reach consumers there (Compl. ¶¶ 16, 21); that is woefully insufficient.

First, Plaintiff is a Nevada resident. *Id*. ¶ 23. Thus, any purported injury to her took place outside California. Second, the Complaint does not allege facts supporting the notion that the relevant conduct was "conceived, reviewed, approved, [or] controlled" in California as to each Defendant as required to state a UCL claim. *See Cannon v. Wells Fargo Bank, N.A.*, 917 F. Supp. 2d 1025, 1056 (N.D. Cal. 2013) (finding mere possibility that decisions may have been made in California does not establish that conduct emanated from the state); *Warner*, 105 F. Supp. 3d at 1097 (similar). Plaintiff's allegations that Defendants engaged in California-based sales or participated in unspecified "coordinated activities" purportedly "directed and controlled" in part by entities with a California presence (UMG and Bravado) are entirely conclusory and do not identify where the alleged misconduct actually occurred or "emanated" from. Compl. ¶¶ 21-22; *see Gustafson v. BAC Home Loans Serv'g, LP*, 2012 WL 4761733, at *5-6 (C.D. Cal. Apr. 12, 2012) (holding allegation that defendants' scheme was devised, implemented, and directed from their offices in California was too conclusory and that the mere possibility decisions were made

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

14

DEFENDANTS' MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

in California does not justify application of the UCL).

The allegations that UMG and Bravado have a California presence does not change this conclusion. *See Cannon*, 917 F. Supp. 2d at 1055–56; *Warner*, 105 F. Supp. 3d at 1096–97. Nowhere does Plaintiff allege that decisions related to "the commercial exploitation of goods associated with THE LIFE OF A SHOWGIRL" (Compl. ¶¶ 19, 26 (UMG)) occurred in California. Nor does Plaintiff allege that any decision or act related to the "design, manufacture, or sale of goods bearing THE LIFE OF THE SHOWGIRL designation" (*id*. ¶¶ 20, 27 (Bravado)) occurred in California. Plaintiff simply does not allege that the decisions to engage in the complained of conduct were made in California.

Plaintiff's UCL claim is even more deficient as to Ms. Swift and TASRM. There are no factual allegations that any relevant decisions or conduct by Ms. Swift or TASRM occurred in California. TASRM is a Tennessee company that does business from Tennessee (Compl. ¶ 25) and has no specific connection (alleged or otherwise) to California, let alone to the complained of conduct. Ms. Swift is domiciled in Tennessee (RJN at Ex. 24 ¶ 3), and the Complaint does not provide any nexus between Ms. Swift allegedly owning a property in California (Compl. ¶ 17) and Plaintiff's UCL claim.[7] Alleged affiliation with entities connected to California also does not establish that Ms. Swift or TASRM engaged in conduct emanating from California, particularly where the Complaint fails to connect any specific acts by those Defendants to the forum. *Cannon*, 917 F. Supp. 2d at 1056 (requiring allegations identifying where conduct occurred). Plaintiff has failed to allege facts supporting that the complained of conduct was undertaken by any Defendant in California or caused harm to her in California. Because the UCL does not apply extraterritorially, it should be dismissed.

---

[7] Plaintiff claims that Ms. Swift is a California resident. Compl. ¶ 24. As explained, that is not true. However, even if it was, Plaintiff has not tied that purported residency to any relevant complained of conduct.

15

DEFENDANTS' MOTION TO DISMISS

### 2. Plaintiff's "Unfair" Allegations Fail to State a Claim

Plaintiff alleges that Defendants' conduct is "unfair" within the meaning of the UCL (Compl. ¶ 90), but has plead zero facts supporting that assertion. Under the UCL, "unfair" means conduct that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws . . . or otherwise significantly threatens or harms competition." *Cel-Tech Commc'm, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). "Acts that violate the spirit of the antitrust laws include 'horizontal price fixing, exclusive dealing, or monopolization.'" *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 953-54 (S.D. Cal. 2016) (dismissing UCL claim predicated on Lanham Act violations where Plaintiff's only alleged harm was to its own commercial interests) (citation omitted).

Plaintiff pleads no such conduct, and instead rests her unfair theory on conclusory allegations that Defendants' conduct "offends established public policy embodied in state and federal trademark law . . . to obtain an unfair competitive advantage over Plaintiff." Compl. ¶¶ 91-92. This is precisely the type of ambiguous allegation California courts have found insufficient to state a claim. *Cel-Tech*, 20 Cal. 4th at 185; *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (dismissing UCL claim where Plaintiff failed to plead an act that would be an incipient violation of antitrust law). Moreover, Plaintiff's alleged injury is the "impairment of her ability to control and expand the CONFESSIONS OF A SHOWGIRL brand, loss of exclusive control over the mark's source-identifying function in the marketplace, and displacement of her brand in the digital channels through which she reaches her audience and generates revenue." Compl. ¶ 93. Even if valid, every one of these allegations describes harm to Plaintiff as an individual; none alleges harm to competition itself as required by the UCL. *See Obesity Rsch. Inst.*, 165 F. Supp. 3d at 953.

Plaintiff has failed to adequately allege "unfair" conduct by any Defendant. This portion of Plaintiff's UCL claim should be dismissed.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

16

## II.    The Court Lacks Personal Jurisdiction Over Ms. Swift and TASRM

Plaintiff has not shown that personal jurisdiction as to Ms. Swift and TASRM is proper. Personal jurisdiction over a non-resident defendant can only be exercised where the defendant has "'minimum contacts' with the relevant forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Cole-Parmer Instrument Co. v. Prof'l Labs., Inc.*, 2021 WL 3053201, at *4 (N.D. Cal. July 20, 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Each defendant's alleged conduct and connections must be such "that the defendant 'should reasonably anticipate being haled into court here.'" *Id.* (citing cases). California's long-arm statute allows courts to exercise personal jurisdiction to the extent permitted by the Due Process Clause. Cal. Civ. Proc. Code § 410.10.

Personal jurisdiction exists in two forms: general and specific. *Agher v. Envoy Air, Inc.*, 2018 WL 6444888, at *1 (C.D. Cal. Oct. 12, 2018) (citing *Bristol-Myers Squibb Co. v. Super. Ct*., 582 U.S. 255 (2017)). General jurisdiction is "based on a defendant's continuous presence in" California without regard to where the cause of action arose, whereas specific jurisdiction refers to the "specific contacts with the state specifically related to the claims at issue." *Sussman v. Playa Grande Resort*, 2020 WL 5223751, at *2 (C.D. Cal. May 14, 2020). Here, Plaintiff fails to satisfy her burden of showing that either form of personal jurisdiction is proper over Ms. Swift or TASRM. *Schwarzenegger*, 374 F.3d at 800 ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."); *Riot Games, Inc. v. Suga PTE, Ltd.*, 638 F. Supp. 3d 1102, 1112 (C.D. Cal. 2022) (same). They should be dismissed from this Action.

### A. There is No General Jurisdiction Over Ms. Swift or TASRM

Ms. Swift and TASRM are not subject to general jurisdiction in California. For an entity (like TASRM) general jurisdiction exists where a defendant has "continuous and systematic" contacts with the forum. *Goodyear Dunlop Tires Operations, S.A. v.*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DEFENDANTS' MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Brown*, 564 U.S. 915, 919 (2011). In almost all instances, that will be the company's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Only in an "exceptional case" will a defendant's operations in another forum be so substantial as to render it subject to general jurisdiction there. *Id.* at 139 n.19. For an individual (like Ms. Swift) the "paradigm forum" for general jurisdiction is the individual's domicile. *Goodyear*, 564 U.S. at 924. A domicile is not merely where an individual may own a residence—it is the location of an individual's permanent home. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). And, "the mere presence of property in a state" is insufficient to exercise general jurisdiction. *Rush v. Savchuk*, 444 U.S. 320, 328 (1980). Accordingly, requests to exercise general jurisdiction are routinely denied over individuals (and entities) who own property in California, but are not domiciled there. *See, e.g., Cobalt Grp. v. Spangenberg*, 2008 WL 11338435, at *4 (C.D. Cal. June 10, 2008) ("property ownership is insufficient to warrant the exercise of general jurisdiction"); *Zhang v. Cal. Inv. Immigr. Fund*, 2022 Cal. Super. LEXIS 37895, *4 (June 7, 2022); *Thomson v. Anderson*, 113 Cal. App. 4th 258, 271 (2003) ("Ownership of property in California 'alone would not support the State's jurisdiction.'") (citation omitted).

Plaintiff does not, and cannot, establish that either Ms. Swift or TASRM are subject to general jurisdiction in California. As to Ms. Swift, Plaintiff alleges that she is a resident of California (Compl. ¶¶ 17, 24), but that is incorrect. Ms. Swift is domiciled, with her permanent home, in Tennessee. *See* Declaration of John R. Dorris, Jr. ("Dorris Decl.") ¶¶ 5-6; RJN at Ex. 24 ¶ 3. Plaintiff's other allegations that Ms. Swift owns one property in California and "directs substantial commercial activity from this District" (Compl. ¶ 17) are also insufficient. As explained, mere ownership of property does not equate to domicile. *Kanter*, 265 F.3d at 857; *Rush*, 444 U.S. at 328; *Cobalt Grp.*, 2008 WL 11338435, at *4. And because Ms. Swift is an individual, any purported "direct[ion]" of "commercial activity" from California (if it occurred at all) is irrelevant to the general jurisdiction inquiry. *See Goodyear*, 564 U.S. at 924.

18

DEFENDANTS' MOTION TO DISMISS

As to TASRM, it is undisputed that it is a Tennessee company with its principal place of business there. Compl. ¶ 25. Even if TASRM "conducts business in California." (*id.* ¶ 18), that is woefully insufficient for general jurisdiction as even substantial business activity in a state does not do so absent "exceptional circumstances" not alleged here. *Daimler*, 571 U.S. at 119; *Goodyear* 564 U.S. at 929; *Cole-Parmer*, 2021 WL 3053201, at *6 (dismissing complaint; discussing how doing business in California does not support general jurisdiction). There is no general jurisdiction in California over Ms. Swift or TASRM.

### B. Specific Jurisdiction over Ms. Swift and TASRM is Also Lacking

Because general jurisdiction is absent, Plaintiff must establish specific jurisdiction over Ms. Swift and TASRM. Plaintiff has failed to make that showing.

To exercise specific jurisdiction over Ms. Swift and TASRM, Plaintiff must allege facts supporting: (1) Ms. Swift and TASRM purposefully directed activities at California; (2) Plaintiff's claims arise out of or relate to Ms. Swift and TASRM's forum-related activities; and (3) the exercise of jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802 (rejecting specific jurisdiction in trademark dispute). Plaintiff bears the burden on the first two prongs; if either fails, specific jurisdiction is absent. *Id*. Here, Plaintiff fails to allege facts supporting any of the three requirements.

**No Purposeful Direction Towards California Exists**. For tort-based claims, such as Lanham Act and UCL claims, courts analyze the purposeful direction prong by applying the *Calder* "effects" test. *Id.* at 803-04. Under *Calder*, Plaintiff must show that Ms. Swift and TASRM (1) committed an intentional act; (2) expressly aimed at California; and (3) causing harm that they knew is likely to be suffered in California. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citations omitted). Express aiming requires "something more" than "a foreign act with foreseeable effects" in California. *Cole-Parmer*, 2021 WL 3053201, at *8. Even if allegedly infringing products are sold in California, courts have declined to find express aiming where the specific defendants did not personally sell them or they were generally

19

DEFENDANTS' MOTION TO DISMISS

available to the public. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006); *ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x 316, 318 (9th Cir. 2020); *Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1170 (C.D. Cal. 2024) ("[I]n the context of an interactive website, operation of the website alone does not constitute express aiming[.]"); *AMDL Collections, Inc. v. Kleeger Prods., LLC,* 2022 WL 19569518, at *3 (C.D. Cal. Sep. 22, 2022) (citation omitted) ("[A] sale into the forum is not a substantial contact where it 'involved the forum state only because that is where the purchaser happened to reside'" and granting motion to dismiss).

Plaintiff has not satisfied *Calder*. She does not allege that Ms. Swift took any action in California or expressly aimed conduct there with regard to the Album or any promotional merchandise. *See* Compl. ¶ 17 (alleging without factual basis that Ms. Swift "directs substantial commercial activity from this District, including recording, production, and management of her entertainment projects, through facilities and business relationships located in Los Angeles County").[8] Even if true (it is not), this would be an insufficient showing because Plaintiff does not tie any of this purported "commercial activity" to the Album, related promotional merchandise, or anything related to *The Life of a Showgirl*.

Additionally, Plaintiff merely alleges that TASRM "conducts business in California and participates in the ownership, control, licensing, and commercialization of intellectual property associated with [Ms.] Swift's entertainment projects, including THE LIFE OF A SHOWGIRL." Compl. ¶ 18. But this does not support the notion that TASRM expressly aimed conduct at California (as opposed to other states). *Heiting*, 743 F. Supp. 3d at 1170. Even if this generalized allegation was enough (it is not), the

---

[8] Plaintiff claims the Court "has personal jurisdiction over Defendants because they purposefully directed commercial activities toward California, including the sale of goods bearing THE LIFE OF A SHOWGIRL designations to consumers in this District, and Plaintiff's claims arise from those activities." Compl. ¶ 16. However, this allegation improperly lumps all Defendants together and otherwise merely parrots buzzwords for personal jurisdiction. *Ward v. Jump Trading LLC*, 2026 WL 145846, at *5 (N.D. Cal. Jan. 20, 2026).

DEFENDANTS' MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

enclosed declaration refutes it. Specifically, TASRM's operations are in Tennessee. Dorris Decl. ¶¶ 8-10 (all TASRM work, including "ownership, control, licensing, and commercialization of intellectual property associated with Swift's entertainment projects" occurs in and from Tennessee, where its employees are domiciled).

Plaintiff's allegations related to "offering and selling goods bearing THE LIFE OF A SHOWGIRL designation" on websites accessible to consumers in California (Compl. ¶ 21) are similarly insufficient. Even assuming the truth of this allegation, Plaintiff does not allege that Ms. Swift or TASRM did anything more than make goods available through "online" channels, that are "offered through websites" used by consumers in this District. *Id.* Simply making goods broadly available without any specific advertising to or direction toward California consumers does not support jurisdiction. *ThermoLife*, 813 F. App'x at 318; *Heiting*, 743 F. Supp. 3d at 1171; *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 923 (C.D. Cal. 2015).

Finally, nothing in Plaintiff's Complaint supports that Ms. Swift or TASRM were even remotely aware of any harm that could conceivably result in California—Plaintiff admits that she is a Nevada resident (Compl. ¶ 23) and does not allege any harm to her occurring in California. Plaintiff has failed to satisfy the purposeful direction prong, which alone dooms her claims against Ms. Swift and TASRM.

**The Claims Do Not Arise From Any California Activities by Ms. Swift or TASRM**. On the second prong of the specific jurisdiction analysis, Plaintiff must show that each claim arises out of or relates to the defendant's forum-related conduct. *Schwarzenegger*, 374 F.3d at 802; *Sec. Alarm*, 200 F. Supp. 3d at 983. A direct nexus between a defendant's contacts with the forum and the plaintiff's alleged injury is required. *Bristol-Myers*, 582 U.S. at 264. If they are unrelated to the plaintiff's claims, specific jurisdiction fails. *Id.* The Ninth Circuit applies a "but for" test, asking whether Plaintiff would have suffered the alleged injury but for defendant's forum-related conduct. *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1092 (D. Or. 2016); *Cole-Parmer*, 2021 WL 3053201, at *9-10. Jurisdiction is improper where a

21

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

defendant's activities in a forum lack any connection to the plaintiffs' claims (as is the case here). *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 369–70 (2021); *Cole-Parmer*, 2021 WL 3053201, at *9-10 (finding conclusory allegations that defendant sold goods in California bearing the allegedly infringing marks were unsupported by facts requiring dismissal).

*Yamashita v. LG Chem, Ltd.* and *Cole-Parmer* are instructive. There, despite the defendants' product sales in the forum, jurisdiction was rejected because the plaintiffs could not tie their injury to those forum contacts. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504–05 (9th Cir. 2023); *Cole-Parmer*, 2021 WL 3053201, at *9-10. The same defect is present here. Plaintiff is a Nevada resident and does not allege any meaningful connection to California, let alone that her alleged injury arises from conduct occurring in or directed to California. Compl. ¶ 23. She does not allege that she has ever performed in California or targeted California with any goods or services related to her trademark. Nor does she allege that the purported infringement or resulting harm is tied to California-specific activity.

Likewise, as in *Cole-Parmer*, Plaintiff fails to provide any factual support for the notion that Ms. Swift or TASRM personally sold the Album or promotional merchandise in California. Merely engaging in purported licensing activity with an entity in California is not enough. *See, e.g., Dex Prods., Inc. v. Houghteling*, 2006 WL 1751903, at *3-4 (N.D. Cal. June 23, 2006) (granting motion to dismiss). As in *Yamashita* and *Cole-Parmer*, Plaintiff identifies generalized, assumed forum contacts but fails to connect those alleged contacts to any conduct giving rise to her claims. This is insufficient as a matter of law. *See Bristol-Myers*, 582 U.S. at 264. As Plaintiff has not established that her claims arise out of or relate to TASRM or Ms. Swift's purported California contacts, the second prong is also not satisfied, and specific jurisdiction cannot be established.

**Exercising Jurisdiction Is Unreasonable.** Even if Plaintiff could satisfy the first two prongs (she cannot), exercising jurisdiction over Ms. Swift or TASRM in this

22

DEFENDANTS' MOTION TO DISMISS

trademark infringement matter would be unreasonable. The relevant factors guiding the reasonableness inquiry are: (1) the extent of defendant's purposeful interjection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993). These factors weigh heavily against imposing personal jurisdiction over Ms. Swift or TASRM.

As explained above, Ms. Swift and TASRM's purported activities arise solely from nationwide conduct lacking any specific nexus to California. Additionally, requiring Ms. Swift and TASRM—both domiciled in Tennessee—to defend themselves in California would be burdensome and would impose on Tennessee's interest in adjudicating rights related to its citizens; this is especially the case where California's interest in this matter is limited to non-existent given that the Plaintiff is **not** a California resident, and the operative facts have no tie to California. There is nothing about this forum that increases an efficient resolution (indeed, this District had the second highest caseload of any court in the country in 2025, *see* RJN at 8-9), and adequate alternative forums exist, including Tennessee where Ms. Swift and TASRM are domiciled.

***

Plaintiff does not plausibly allege that Ms. Swift or TASRM have purposefully directed any activities toward California, let alone related to her claims, and it would otherwise be unreasonable to require Ms. Swift or TASRM to defend themselves in this District. Personal jurisdiction is lacking and they should be dismissed accordingly.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' Motion and dismiss the Complaint.

23

DEFENDANTS' MOTION TO DISMISS

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Dated: May 26, 2026

VENABLE LLP

By:  */s/ Max N. Wellman*
Max N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

24

DEFENDANTS' MOTION TO DISMISS

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing memorandum of points and authorities is 23 pages, in compliance with the 25-page limit set forth in Section VII(D) of this Court's Standing Order.

Dated: May 26, 2026                                    VENABLE LLP

                                         By:   */s/ Max N. Wellman*
                                               Max N. Wellman
                                               J. Douglas Baldridge
                                               Katherine Wright Morrone

                                               Attorneys for Defendants Taylor
                                               Swift, TAS Rights Management,
                                               LLC, UMG Recordings, Inc.,
                                               Bravado International Group
                                               Merchandising Services Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

25

DEFENDANTS' MOTION TO DISMISS