VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone:  (202) 344-4000
Facsimile:   (202) 344-8300

Attorneys for Defendants
Taylor Swift, TAS Rights Management, LLC,
UMG Recordings, Inc., Bravado International
Group Merchandising Services Inc.

**V**ENABLE **LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2.26-cv-03354-SRM-BFM<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date: August 5, 2026<br>Time: 1:30 p.m.<br>Place:  Courtroom 5D (5th Fl.)<br>   350 W. First Street<br>   Los Angeles, CA 90012 |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

## **REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rules of Evidence 201 and 1101, Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. (together "Defendants"), respectfully request that, in conjunction with their Notice of Motion and Motion to Dismiss Complaint ("Motion") filed concurrently herewith, that the Court take judicial notice of the below dictionary definitions, United States Patent and Trademark Office ("USPTO") materials, images of Ms. Swift's twelfth studio album titled *The Life of a Showgirl* (the "Album") and related promotional materials, website printouts, Federal Court records, and Federal Court Management Statistics.

The Court can take judicial notice of these materials on a motion to dismiss. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on Rule 12 motion, "courts must consider . . . matters of which a court may take judicial notice"); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (on Rule 12(b)(6) motion, the court may take judicial notice of public records and facts not subject to reasonable dispute). Federal Rule of Evidence 201 provides that the court "must take judicial notice" if requested by a party and "supplied with the necessary information," of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c)(2). That showing is made below.

### I.    Dictionary Definitions

Defendants respectfully request that the Court take judicial notice of the dictionary definitions of "Confession", "Life", and "Showgirl" attached hereto as Exhibits 1-3. Courts have routinely found "[d]ictionary definitions are a proper subject for judicial notice" as they are public and not reasonably subject to dispute. *Global Apogee v. Sugarfina*, 2018 WL 4945305, at \*2 (C.D. Cal. Oct. 10, 2018); *Gonzalez v. Guzman*, 2017 WL 5446087, at \*3 n.4 (S.D. Cal. Nov. 14, 2017); Fed. R. Evid. 201. The dictionary definitions are relevant to Plaintiff's Lanham Act and

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

California Unfair Competition ("UCL") claims and the Motion as they show that the Plaintiff's Mark, CONFESSIONS OF A SHOWGIRL, consists of common dictionary terms, and does not have the same meaning as *The Life of a Showgirl* as used in connection with Ms. Swift's twelfth studio album (the "Album") and related promotional materials.

1. Dictionary definition of "Confession" obtained from *Merriam-Webster* Online attached hereto as **Exhibit 1**.

2. Dictionary definition of "Life" obtained from *Merriam-Webster* Online attached hereto as **Exhibit 2**.

3. Dictionary definition of "Showgirl" obtained from *Merriam-Webster* Online attached hereto as **Exhibit 3**.

## II.    USPTO Materials

Defendants respectfully request the Court take judicial notice of USPTO records, which are public and whose existence and contents are not reasonably subject to dispute. *See Culver v. Unilever U.S.*, 2021 WL 10382839, at *6 n.16 (C.D. Cal. Jan. 21, 2021) ("Because USPTO trademark registrations are matters of public record, a court can take judicial notice of them pursuant to Fed. R. Evid. 201."); *see also Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (judicially noticing USPTO documents). The USPTO records are relevant to Plaintiff's claims as they show Plaintiff's Mark (CONFESSIONS OF A SHOWGIRL) and third-party uses of the phrases "CONFESSIONS OF A," and "SHOWGIRL" co-existing in Class 41 for entertainment-related goods/services; show how Plaintiff's Mark referenced throughout Plaintiff's Complaint has historically emphasized the word "CONFESSIONS" as its dominant term; show USPTO procedures related to responses to office actions; show that the trademark application for THE LIFE OF A SHOWGIRL ("Application") was filed by TASRM and was an intent-to-use application; and show that the preliminary office action associated with the Application is non-final, does not apply to any classes other than

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Classes 9 and 41 (meaning 14, 15, 16, 18, 20, 21, 24, 25, 26, 28, or 35 are unaffected), and TASRM will be permitted to—and intends to—respond to the preliminary office action in the future.

1. Third-party U.S. Trademark Registrations co-existing with Plaintiff's purported Mark including the words "CONFESSIONS OF A" attached hereto as **Exhibit 4** (including but not limited to Reg. No. 7693634 (CONFESSIONS OF AN SEO in Class 41); Reg. No. 8012218 (CONFESSIONS OF A CEO WITH KELCI BORGES in Class 41); Reg. No. 8116688 (CONFESSIONS OF A FOUNDER in Class 41); Reg. No. 4675128 (CONFESSIONS OF A HAIRSTYLIST in Class 41)).

2. Third-party U.S. Trademark Registrations co-existing with Plaintiff's purported Mark including the word "SHOWGIRL" attached hereto as **Exhibit 5** (including Reg. No. 6066143 (SHOWGIRL OF THE YEAR in Class 41); Reg. No. 7079647 (YOU SHOWGIRL in Class 41); and Reg. No. 8168411 (SHOWGIRL NEEK in Class 41)).

3. Information obtained from the USPTO's Trademark Status & Document Retrieval (TSDR) database showing information related to U.S. Trademark Registration No. 4800625, and specimens submitted by Plaintiff to the USPTO in connection with U.S. Trademark Registration No. 4800625 for CONFESSIONS OF A SHOWGIRL attached hereto as **Exhibit 6**.

4. Information provided by the USPTO to the public about "Responding to Office Actions" attached hereto as **Exhibit 7**.

5. U.S. Trademark Application Serial No. 99331566 ("Application") information obtained from the USPTO's Trademark Status & Document Retrieval (TSDR) database showing the Application was filed by TASRM on an intent-to-use basis attached hereto as **Exhibit 8**.

6. Non-final partial preliminary office action issued by the USPTO related

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

to the Application attached hereto as **Exhibit 9**.

7. Response to preliminary office action for Application covering potential uses of THE LIFE OF A SHOWGIRL filed on an intent-to-use basis regarding suspension attached hereto as **Exhibit 10**.

### III.    Webpage Images of the Album and Promotional Materials

Because Plaintiff's Complaint repeatedly refers to Defendants' alleged use of *The Life of a Showgirl* in connection with a "musical release" and "consumer goods" (Compl. ¶¶ 11, 26, 27, 42, 51), and references "Defendants' online store" (*id*. ¶ 43), Defendants respectfully request that the Court take judicial notice of images of the Album cover and promotional consumer goods associated with the Album (including certain webpages and images from the Wayback Internet Archive, web.archive.org) by way of incorporation by reference depicted on www.store.taylorswift.com. Where a complaint discusses alleged infringement, but does not provide images of how the alleged infringement appears to consumers, courts have taken judicial notice of the allegedly infringing materials by way of incorporation by reference. *See, e.g.*, *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024) (granting request for judicial notice of allegedly infringing book); *Weiss v. DreamWorks SKG*, 2015 WL 12711658, at *3-4 (C.D. Cal. Feb. 9, 2015) (granting request for judicial notice of the contents of television works referenced in plaintiff's complaint related to allegations of copyright infringement). The Court should deem these materials incorporated by reference because it comports with the public policy concern recognized by the Ninth Circuit: it prevents Plaintiff from "deliberately omitting references to documents upon which [her] claims are based" to attempt to survive a Rule 12(b)(6) motion. *See Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. Nov. 6, 2019) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006); and *Khoja v. Orexigen Therapeutics, Inc.*, 899

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

F.3d 988, 1002 (9th Cir. 2018)).

Additionally, the Wayback Internet Archive materials are publicly available, contain the URLs and dates captured, making them readily verifiable. *See, e.g., Wallack v. Idexx Labs, Inc.*, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015) (granting request for judicial notice of Internet Archive materials) (citing cases granting the same); *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sep. 29, 2020) (accord, taking judicial notice of Wayback Internet Archive materials on motion to dismiss).

1. Images of the Album attached hereto as **Exhibit 11**.

2. Images from www.store.taylorswift.com attached hereto as **Exhibit 12**.

3. Printouts from Wayback Internet Archive of www.store.taylorswift.com attached hereto as **Exhibit 13**.

## IV. Webpage Printouts from IMDB.com and Amazon.com

Defendants respectfully request that the Court take judicial notice of certain IMDB.com webpages as they are publicly available and contain the URLs and dates accessed, making them readily verifiable. *See, e.g., Washington v. Viacomcbs, Inc.*, 2021 WL 2640105, at *1 (C.D. Cal. May 21, 2021) (taking judicial notice of IMDB.com webpages in copyright infringement dispute on motion to dismiss); *see also Piuggi v. Good for You Prods. LLC*, 2025 WL 588316, at *2 n.4 (S.D.N.Y. Feb. 24, 2025) (taking judicial notice of information available on IMDB.com); *Loomis*, 420 F. Supp. 3d at 1062-63 (taking judicial notice of Amazon.com website listings and citing cases in support of the same). The website printouts are relevant to Plaintiff's claims as they show that Plaintiff's Mark, and third-party uses of the phrases "CONFESSIONS OF A," "OF A SHOWGIRL," and "SHOWGIRL" co-exist in the marketplace for works in the entertainment field.

1. Printout from IMDB.com for "Confessions of a Shopaholic" attached hereto as **Exhibit 14**.

2. Printout from IMBD.com for "Confessions of a Dangerous Mind" attached

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

6

hereto as **Exhibit 15**.

3. Printout from IMDB.com for "Confessions of a Vegas Showgirl" attached hereto as **Exhibit 16**.

4. Printout from IMDB.com for "Showgirls" attached hereto as **Exhibit 17**.

5. Printout from IMDB.com for "The Last Showgirl" attached hereto as **Exhibit 18**.

6. Printout from IMDB.com for "Portrait of a Showgirl" attached hereto as **Exhibit 19**.

7. Printout from Amazon.com for book entitled "Confessions of a Shopaholic" attached hereto as **Exhibit 20**.

8. Printout from Amazon.com for book entitled "Confessions of a Sociopath" attached hereto as **Exhibit 21**.

9. Printout from Amazon.com for book entitled "Confessions of a Forty-Something" attached hereto as **Exhibit 22**.

10. Printout from Amazon.com for book entitled "Death of a Showgirl" attached hereto as **Exhibit 23**.

## V.    Federal Court Records

Defendants respectfully request that the Court take judicial notice of a federal court filing in a case captioned *Hall v. Taylor Swift*, No. 2:17-cv-6882 (C.D. Cal.) (Dkt. 66) which is public and its existence and contents are not reasonably subject to dispute. *See Ray v. Lara*, 31 F.4th 692, 697 n.4 (9th Cir. 2022) ("We may take judicial notice of district court records."); *Ward v. Crow Vote LLC*, 634 F. Supp. 3d 800, 807 (C.D. Cal. 2022) (quoting *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"); *Barnes v. Target Corp.*, 2020 WL 3469266, at *3 (C.D. Cal. June 25, 2020) (a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system"). The filing is an "Answer to Complaint" filed in relevant part by Defendant Taylor Swift in another action in this District. Paragraph 3 in the

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Answer to Complaint is relevant to the personal jurisdiction argument in Defendants' Motion because it shows (contrary to Plaintiff's allegations) that Ms. Swift is domiciled in Tennessee (not California), and that she is a resident of Tennessee (not California).

1. The Answer to Complaint filed in *Hall v. Taylor Swift*, No. 2:17-cv-6882 (C.D. Cal.) (Dkt. 66) attached hereto as **Exhibit 24**.

**VI.    U.S. Federal Court Management Statistics**

Defendants respectfully request that the Court take judicial notice of the Federal Court Management Statistics as they are readily verifiable and published online by the Administrative Office of the United States Courts. *See, e.g., Hong v. Recreational Equip., Inc.*, 2019 WL 5536406, at \*7 (W.D. Wash. Oct. 25, 2019) (judicially noticing Federal Court Management Statistics); *York v. Jordan*, 2014 WL 309639, at \*6 (D. Haw. Jan. 28, 2014) (judicially noticing Federal Court Management Statistics concerning court congestion). The 2025 statistics below relate to the overall caseload of the U.S. District Court for the Central District of California, among other U.S. Districts listed, and are derived from the www.uscourts.gov website.[1] They provide context for the caseload of this District, which handled the second highest volume of filings of any District Court in 2025. For comparison purposes, the caseloads for the District of Nevada, District of New Jersey, and Middle District of Tennessee, are also provided.

| U.S. District Court | Number of 2025 Filings |
| --- | --- |
| District of New Jersey | 21,981 |
| Central District of California | 20,566 |
| District of Nevada | 3,760 |
| Middle District of Tennessee | 2,308 |

[1] Available at: https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

This information is relevant to the reasonableness inquiry in the personal jurisdiction argument in the Motion.

Dated: May 26, 2026

VENABLE LLP

By:   /s/ Max N. Wellman
      Max. N. Wellman
      J. Douglas Baldridge
      Katherine Wright Morrone

      Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, I caused a true and correct copy of the foregoing "REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS" and accompanying exhibits to the same, to be served on counsel of record for Plaintiff via the Court's ECF system.

Dated: May 26, 2026                    By: /s/*Max N. Wellman*

                                                    Max N. Wellman

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS