**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
  mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
  jbaldridge@venable.com
Katherine Wright Morrone, Esq. (*Pro Hac Vice*)
  kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Mechandising Services Inc.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>                    Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DECLARATION OF KATHERINE WRIGHT MORRONE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:        August 5, 2026<br><br>Action Filed:  March 30, 2026<br>Trial Date:    No Date Set |

DECLARATION OF KATHERINE WRIGHT MORRONE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

# <u>DECLARATION OF KATHERINE WRIGHT MORRONE</u>

I, Katherine Wright Morrone, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Partner at the law firm Venable LLP, counsel of record for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Mechandising Services Inc. ("Defendants"). I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would competently testify to them.

2. I respectfully submit this declaration in support of Defendants' Motion to Dismiss ("Motion").

3. Defendants have made every effort to comply with Local Rule 7.3; however, due to Plaintiff's counsel's complete unavailability for ten days, were not able to conduct the meet and confer seven days prior to the filing of the Motion.

4. For the Court's benefit, attached as Exhibit A is a copy of the Parties' correspondence on this matter. Defendants' efforts to accommodate Plaintiff's counsel are depicted therein and are laid out below.

5. On Tuesday, May 12, 2026, I emailed Plaintiff's counsel informing him of Defendants' intention to file the Motion on May 22 and asking for times to meet and confer on or before May 15, 2026 to satisfy the Local Rule seven-day requirement. Plaintiff did not respond to that email. Having received no response, I emailed Plaintiff's counsel again on Wednesday, May 13, 2026 attempting to schedule the meet and confer. Plaintiff's counsel responded the morning of Thursday, May 14, 2026 stating that he would "be out of office for a week" (without any additional explanation) and not available to meet and confer until May 21 or May 22. I responded later that morning (May 14) to reiterate the May 22 filing date.  I also stated that if plaintiff's counsel was "unwilling to meet and confer on or before May 15, we w[ould] note that in our motion." Plaintiff's counsel did not respond to my May 14 email or make an objection to the communicated May 22 filing date.

DECLARATION OF KATHERINE WRIGHT MORRONE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

6.      On May 21, 2026, in another attempt to hold a meet and confer prior to filing the Motion, on May 21, 2026, I contacted Plaintiff's counsel again about scheduling a meet and confer.  Plaintiff's counsel responded with a two-hour window the evening of May 22, 2026. He also stated, for the first time, that his prior unavailability was due to "handling a family medical matter."  In response, in an attempt to accommodate Plaintiff's counsel's schedule, I informed him that Defendants had decided to wait until May 25, 2026 to file their Motion.

7.      The Parties held a meet and confer via zoom on May 22, 20226. At the meet and confer, I explained the bases for Defendants' Motion, including that the Complaint fails to state a claim in several ways under Rule 12(b)(6) and that personal jurisdiction is lacking as to Ms. Swift and TAS Rights Management, LLC under Rule 12(b)(2). Plaintiff's counsel disagreed with those positions and declined to amend the Complaint at that time.

8.      At the meet and confer, Plaintiff's counsel asserted an objection to Defendants filing the Motion less than seven days from the date of the meet and confer. Plaintiff's counsel reiterated that position in an email summarizing (not entirely accurately) the parties' meet and confer.

9.      After the parties' meet and confer, Defendants agreed to push its filing date another day until May 26, 2026 and communicated that further accommodation to Plaintiff's counsel. Defendants feel strongly, however, that the Court should have the benefit of the Motion to Dismiss prior to the upcoming hearing on Plaintiff's Motion for Preliminary Injunction—which is scheduled for May 27, 2026—thus necessitating filing of the Motion today.

10.     It is also Defendants' position that they made good faith efforts to comply with the L.R. 7-3 meet and confer requirements, including (repeatedly) seeking a meet and confer starting 10 days prior to their anticipated filing date, and extending their filing date an additional 4 days to accommodate Plaintiff's counsel's schedule and unavailability. Plaintiff's counsel did not identify any issues raised in

2

the Motion that could otherwise be resolved with additional time, nor is there any prejudice to Plaintiff by the filing of the Motion today (indeed, to the contrary, this filing date gives Plaintiff *more* time to respond to Defendants' Motion). Furthermore, Plaintiff has been aware of Defendants' intention to move to dismiss on personal jurisdiction grounds as to Ms. Swift and TAS Rights Management, LLC since May 6, 2026. *See* Dkt. 40 at 20 n.12 ("Defendants will make a fulsome personal jurisdiction argument in their forthcoming Motion to Dismiss").

11.    Plaintiff opposes the Motion. The Parties were thus unable to reach a resolution to eliminate the necessity of the filing of the Motion, and Defendants accordingly now move to dismiss Plaintiff's Complaint.

Executed on May 26, 2026          VENABLE LLP

By:  /s/ _____
     Katherine Wright Morrone

Attorney for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

DECLARATION OF KATHERINE WRIGHT MORRONE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900