# EXHIBIT A

| | |
|---|---|
| **From:** | Morrone, Katherine Wright |
| **To:** | Jaymie Parkkinen |
| **Cc:** | Wellman, Max N.; Sinatra, Maria R.; Baldridge, J. Douglas |
| **Subject:** | RE: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer |
| **Date:** | Tuesday, May 26, 2026 12:30:00 PM |
| **Attachments:** | image001.png |

Jaymie,

Thank you for confirming your position.

Obviously, we see things differently on the other points. We will include this correspondence with our filing so that the Court has the entire picture.

Best,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Tuesday, May 26, 2026 12:01 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

**Caution: External Email**

Katie,

I appreciate the additional detail on the jurisdictional grounds. Plaintiff will oppose the motion and is evaluating amendment.

Also, I'll briefly respond regarding the meet and confer, as I see it differently.

On timing, the rule measures from the date of the conference, not from your initial outreach. We met on May 22, and a compliant filing falls no earlier than May 29. The scheduling history does not change that.

On my questions during the conference, asking about the basis for the motion to assess whether amendment might address it is the substance LR 7-3 is meant to cover. I was not seeking discovery. As I stated during the conference, I was trying to determine whether there was a way to narrow the dispute. To the extent those questions went unanswered, we will proceed on the record as it stands, which supports jurisdiction over each defendant.

Regards,

Jaymie


On Mon, May 25, 2026 at 8:05 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Hi Jaymie,
>
> Thank you for your email. We are disappointed by your objection to our filing date, as we have made considerable efforts to comply with Local Rule 7-3 but have been thwarted by your unavailability.  As you know, we reached out to you on May 12 to schedule a meet and confer on the motion to dismiss—ten days in advance of our anticipated filing date. You did not respond for two days, and then said you were completely unavailable for a solid week. You subsequently said that the reason for your unavailability was a family medical issue.  While I sincerely hope that the health issue is not so serious that it occupied 100% of your time for over a week, I realize that is possible. Regardless, we completed the meet and confer on Friday May 22, and we agreed to push our filing three days until May 25.  As a further accommodation, we will hold off for a fourth day and file on May 26.  However, we feel strongly that the Court should have the benefit of our motion to dismiss before the hearing on your motion for preliminary injunction which is being held May 27; therefore, we cannot hold our filing any later.
>
> Additionally, there are a few inaccuracies in your email below that I need to correct. First, the personal jurisdiction argument is not limited to a failure to allege purposeful availment. As I explained on the meet and confer, it is our position that Plaintiff's jurisdictional allegations as to Ms. Swift and TAS Rights Management fail to allege purposeful direction and also fail to allege that the claims arise out of or relate to any California activities. And, it would otherwise be unreasonable to impose personal jurisdiction over Ms. Swift or TAS Rights Management under the circumstances.
>
>  Second, your questions about the "the factual basis for the jurisdictional motion" were actually an attempt to discover information that you have the burden of alleging / showing.  They were posed in a deposition-like style and were inappropriate for a meet and confer discussion.
>
> You have indicated that you will oppose the motion to dismiss—something that was quite obvious as I cannot imagine you would agree to dismiss your claims with prejudice.  If that position changes, please let us know by noon PT on May 26.
>
> Thank you,
> Katie
>
> Katie Wright Morrone, Esq. | Venable LLP
> t 202.344.4262 | f 202.344.8300 | m 317.908.0691
> 600 Massachusetts Avenue, NW, Washington, DC 20001
>
> KWMorrone@venable.com | www.Venable.com
>
> **From:** Jaymie Parkkinen <jp@prkknn.com>
> **Sent:** Friday, May 22, 2026 6:25 PM
> **To:** Morrone, Katherine Wright <KWMorrone@venable.com>
> **Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>;

Baldridge, J. Douglas <JBaldridge@Venable.com>

**Subject:** Re: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

**Caution: External Email**

Hi Katie,

This serves to recap today's conference regarding Defendants' contemplated motion to dismiss.

Defendants intend to move under Rules 12(b)(6) and 12(b)(2). As to Rule 12(b)(6), Defendants contend that the Complaint does not comply with Rule 8, that it fails to plausibly allege a likelihood of confusion, and that Plaintiff's UCL claim fails on extraterritoriality and unfair-competition grounds. As to Rule 12(b)(2), Defendants contend that the Court lacks personal jurisdiction over Swift and TAS, asserting that the Complaint does not adequately allege purposeful availment as to those two defendants.

I asked about the factual basis for the jurisdictional motion to determine whether amendment could cure or narrow Defendants' concerns. The questions included Swift's role in promoting the album and her authority over its marketing; TAS's role and its relationship to the other defendants; and who operates the webstore. You responded that you did not know the answers or would not provide the requested information at this stage. Even without answers to these questions, I will consider the points you raised and need to discuss them with my client (who is currently traveling) to determine whether amendment is appropriate.

On timing, you stated Defendants intend to file the motion on Monday, May 25. I reasserted our objection that a May 25 filing does not comply with Local Rule 7-3 or the Court's Standing Order, because today's conference is not at least seven days before that filing date. You responded that the Local Rules do not permit Plaintiff to dictate when Defendants file, but that we could note our objection.

Regards,

Jaymie

On Fri, May 22, 2026 at 5:59 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Hi Jaymie,

We sent a zoom for 2pm PT / 5pm ET today. We will discuss the bases for our motion then, as contemplated by the local rules.

And, of course we are aware of the local rules governing motions, which is why we reached out about a meet and confer <u>ten days</u> before our contemplated filing date (which we have now pushed back three additional days to accommodate your schedule). Of course, the local rules are not meant to allow opposing counsel to dictate when a party files a motion. We will meet and confer in good faith today, and if we cannot reach a resolution will file our motion.

Thank you,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Thursday, May 21, 2026 7:38 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

**Caution: External Email**

Katie,

I will make 2pm PT on May 22 work. As you know, Local Rule 7-3 requires the meet and confer to take place at least seven days before the motion is filed. A May 22 conference doesn't support a May 25 filing under the rule. The Court allowed Defendants until June 2 to file, so there is ample time to comply with LR 7-3.

Also, please send a letter by tomorrow morning outlining the bases for the anticipated motion. Thanks.

Jaymie

On Thu, May 21, 2026 at 3:51 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Jaymie –
>
> We have tried to accommodate your schedule on this. We even decided to wait an extra day to file (until May 25) so that we could attempt to get this meet and confer done after

you previously advised that you were generally available on May 22. If you can talk anytime from 8AM-3PM PT tomorrow we will make ourselves available. Otherwise, we will need to go ahead and file.

Thank you,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Thursday, May 21, 2026 6:18 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

**Caution: External Email**

Hi Katie,

I'm available to meet and confer with you from 4-6pm PT on May 22. I'm also available on May 26 if that works better on your end. If you could please send a letter by EOD today or very early tomorrow outlining the bases for your anticipated motion, that would help us have a more productive conference. Finally, you mentioned informing the Court that I was "unwilling" to meet with you last week. I was out of the office handling a family medical matter—I was unavailable to meet, not unwilling.

Regards,

Jaymie

On Thu, May 21, 2026 at 1:34 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Hi Jaymie,
>
> Circling back to see if we can get a meet and confer scheduled this week before filing our motion.
>
> Thank you,
> Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Morrone, Katherine Wright
**Sent:** Thursday, May 14, 2026 9:17 AM
**To:** 'Jaymie Parkkinen' <jp@prkknn.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** RE: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

Hi Jaymie,

Thank you for the response. As I noted in my original email, we are filing on May 22.  If you are unwilling to meet and confer on or before May 15, we will note that in our motion.

Thank you,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Thursday, May 14, 2026 3:30 AM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

**Caution: External Email**

Hi Katie,

Thanks for your patience. The MPI reply has had my full attention, as you might imagine.

I'll be out of the office for a week, but can schedule a call toward the end of next week. The afternoon of May 21 works well, or I'm fairly flexible on May 22. That should still leave ample time ahead of the June 2 submission deadline.

Regards,

Jayme

On Wed, May 13, 2026 at 8:22 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

Hi Jaymie,

Following up to get a meet and confer scheduled this week. Please let us know your availability Thursday and Friday.

Thank you,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Morrone, Katherine Wright
**Sent:** Tuesday, May 12, 2026 3:37 PM
**To:** Jaymie Parkkinen <jp@prkknn.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>;
**Subject:** Flagg v. Swift, Case No. 26-cv-03354 (C.D. Cal.) - Meet and Confer

Hi Jaymie,

We are planning to file a consolidated motion to dismiss on Friday May 22. Pursuant to Local Rule 7.3 we need to schedule a meet and confer at least 7 days prior to the filing. Please let us know your availability for a meet and confer this week (the 7 day deadline is this Friday, May 15).

Thank you,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com


************************************************************************************
***************

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*