-1-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAREN FLAGG,

                        Plaintiff,

            v.

TAYLOR SWIFT, et al.,

                        Defendants.

Case No.  2:26-cv-03354-SRM-BFM

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

-1-

**[PROPOSED] ORDER**

On May 26, 2026, Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. (together "Defendants") filed their Motion to Dismiss Plaintiff Maren Flagg's ("Plaintiff") Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).

The Court, having considered Defendants' Motion and finding good cause therefor, hereby **GRANTS** Defendants' Motion on the following grounds:

(1) Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff's Complaint fails to plausibly allege any likelihood of confusion between Plaintiff's services in connection with her trademark "CONFESSIONS OF A SHOWGIRL" and *The Life of a Showgirl* album (the "Album") and related promotional materials. Because Plaintiff's Lanham Act claims fail, Plaintiff's California Unfair Competition Law ("UCL") claim, based on the same conduct, also fails. The UCL claim is also dismissed for the independent reasons that: (1) Plaintiff seeks to impermissibly apply it extraterritorially, but has not alleged that the complained of conduct emanated from California or resulted in harm to Plaintiff in California; and (2) Plaintiff fails to plead any anti-competitive acts as required under the UCL "unfair" prong. Further, Plaintiff's impermissible shotgun pleading fails to identify facts supporting the alleged actions of each individual defendant in violation of Fed. R. Civ. P. 8 and the Complaint is also dismissed on this basis.

(2) Plaintiff fails to allege sufficient facts supporting personal jurisdiction over Ms. Swift and TAS Rights Management, LLC in this Court. In conjunction with unrefuted evidence put before this Court, Plaintiff's allegations fail to establish general or specific jurisdiction over Ms. Swift or TAS Rights Management, LLC. There is thus no basis to exercise personal jurisdiction over them in this Action.

For each of these reasons, the Court **ORDERS** that Plaintiff's Complaint is hereby dismissed.

-3-

**IT IS SO ORDERED.**

Dated: _____

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE