UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAREN FLAGG,

                    Plaintiff,

          v.

TAYLOR SWIFT, et al.,

                    Defendants.

Case No.    2:26-cv-03354-SRM-BFM

**ORDER ON DEFENDANTS'
UNOPPOSED APPLICATION FOR
LEAVE TO FILE UNDER SEAL [38]**

On May 6, 2026, Defendants filed an Unopposed Application for Leave to File Under Seal certain information contained in the Declarations of Joshua Doebler and Joseph Schmidt in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Dkt. 38. Of note, Plaintiff's counsel agreed to the styling of the Application as "Unopposed," but also stated Plaintiff reserved "all rights, including the right to oppose or otherwise respond once [Plaintiff] had an opportunity to review the application and materials sought to be sealed." *See id.* at 2. To date, no opposition to the instant Application has been filed with the Court.

"[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). As a result, a "strong presumption in favor of

-1-

access to court records" exists in civil cases. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). However, this presumption in favor of access must be balanced with a court's "supervisory power over its own records and files." *See Nixon*, 435 U.S. at 598.

In general, a request to seal a judicial record or document is subject to a "compelling reasons" standard or "good cause" standard. *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). Where the documents sought to be sealed are "tangentially related" to the underlying cause of action, the court applies a "good cause" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Otherwise, applications to seal judicial records are governed by the "compelling reasons" standard, which provides for the right of access in the civil context to be overcome if sufficient "compelling reasons" are given for such action. *See Foltz*, 331 F.3d at 1135-36 (applying "compelling reasons" standard to sealed material attached to summary judgment motion); *see also 2One Labs Inc. v. ITG Brands, LLC*, No. CV 24-08124-MWF (Ex), 2024 WL 5185372, at *1 (C.D. Cal. Oct. 11, 2024) (applying "compelling reasons" standard to sealing request related to motion for preliminary injunction).

Upon review, the Court concludes the "compelling reasons" standard applies to the Application before it. *See* Dkt. 38. Under this standard, the party requesting the sealing "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). (internal quotation marks and citations omitted). For instance, "compelling reasons" have been held to exist in this context where "court files might have become a vehicle for improper purposes," such as the use of records "to gratify private spite or promote public scandal," circulate "libelous statements . . . or as sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598 (internal citations omitted).  Yet, "[t]he mere fact that the production of records may lead to a

-2-

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *See Kamakana*, 447 F.3d at 1179 (citation omitted). Rather, the court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *See id.* (internal quotation marks and citation omitted). Indeed, a court's decision on whether to seal specific judicial records must be based "on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *See id.*

Here, the Declaration of Katherine Wright Morrone and review of the unredacted Declarations at issue support that compelling reasons exist to the limited sealing related to the non-public financial and strategic business information contained in the respective Declarations of Mr. Doebler and Mr. Schmidt. *See* Dkts. 38, 39.

Accordingly, the Court, having considered Defendants' Unopposed Application for Leave to File Under Seal, Dkt. 38, and related filings, Dkt. 39, 39-1, 39-2, and finding good cause therefor, hereby **GRANTS** the Application, Dkt. 38, and **ORDERS** as follows:

1. Defendants may file under seal the unredacted versions of the Declarations of Joshua Doebler and Joseph Schmidt in Support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, *See* Dkt. 39; and

2. Redacted versions of the two aforementioned Declarations shall remain publicly filed on the Docket, *See* Dkt. 40, 40-96, 40-97.

**IT IS SO ORDERED.**

Dated: May 26, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-