UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREN FLAGG,<br><br>                          Plaintiff,<br><br>            v.<br><br>TAYLOR SWIFT, et al.,<br><br>                          Defendants. | Case No.    2:26-cv-03354-SRM-BFM<br><br>**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [16][44]** |

Before the Court are Plaintiff Maren Flagg's Motion for Preliminary Injunction, Defendants' Opposition, and Plaintiff Flagg's Reply and Response to Defendants' Evidentiary Objections, Dkt. 40-85. Dkts. 16, 40, 41, 43. On May 26, 2026, Defendants filed a Motion to Dismiss the Complaint and noticed a hearing on the motion for August 5, 2026. Dkt. 44. May 27, 2026, the Court held a hearing on Plaintiff Flagg's Motion for Preliminary Injunction. Dkt. 47. Thereafter, Plaintiff Flagg filed a First Amended Complaint, to which Defendants then filed a Motion to Dismiss the First Amended Complaint with hearing noticed for October 7, 2026. Dkts. 50, 57.

"It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal quotation marks and citations

omitted). "One of the principal inquiries raised by motions for preliminary injunctions is whether the moving party is likely to be successful on the merits of the action." *Perrin Bernard Supowitz, LLC v. Morales*, No. 2:22-cv-02120-ODW-JEM, 2022 WL 3686407, at *2 (C.D. Cal. Aug. 25, 2022) (denying motion for preliminary injunction as moot upon filing of amended complaint); *Kifle v. YouTube LLC*, No. 21-cv-01752-CRB, 2021 WL 1530942, at *1 (N.D. Cal. Apr. 19, 2021) (denying initial motion for temporary restraining order as moot upon filing of amended complaint); *JBF Interlude 2009 Ltd - Israel v. Quibi Holdings, LLC*, No. CV20-2299-CAS-SK, 2020 WL 3963863, at *2 (C.D. Cal. July 13, 2020) (stating that "an amended complaint may render motions for injunctive relief moot, when those motions relied on the superseded pleading as the operative pleading for which injunctive relief was sought"). Because an analysis of whether preliminary injunction should issue "involves reference to the movant's claims, their sufficiency, and the evidence submitted in support . . . new allegations and claims significantly alter[] the preliminary injunction analysis" and would therefore moot such a request. *See Morales*, 2022 WL 3686407, at *2. Accordingly, the Court **ORDERS** as follows:

1. The parties shall file a joint status report as to why the Court should not deny as moot Plaintiff Maren Flagg's Motion for Preliminary Injunction, Dkt. 16, considering Plaintiff has filed a First Amended Complaint, Dkt. 50, **on or before August 3, 2026**; and

2. Defendants' Motion to Dismiss the Complaint is **DENIED** as **MOOT**. Dkt. 44.

**IT IS SO ORDERED.**

Dated: July 21, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-2-