JAYMIE PARKKINEN (S.B. #318394)
jp@prkknn.com
PARKKINEN PC
808 Wilshire Blvd., Suite 200-255
Santa Monica, California 90401
Telephone: (323) 919-3590

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MAREN FLAGG,

Plaintiff,

v.

TAYLOR SWIFT, et al.,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

Hon. Serena R. Murillo

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [DKT. 57-4]**

Date: October 7, 2026
Time: 1:30 p.m.
Place: Courtroom 5D (5th Fl.)
350 W. First Street
Los Angeles, CA 90012

# TABLE OF CONTENTS

PAGE


INTRODUCTION .......... 6

ARGUMENT .......... 7

I. RULE 201 REACHES ONLY FACTS BEYOND REASONABLE DISPUTE .......... 7

II. THE EXHIBITS .......... 8

A. Dictionary Definitions (Exs. 1–3) .......... 8

B. Third-Party Trademark Registrations (Exs. 4–5). .......... 9

C. The Parties' USPTO Records (Exs. 6–10). .......... 10

D. Defendants' Webstore Captures (Exs. 11–13) .......... 10

E. IMDb and Amazon Printouts (Exs. 14–23). .......... 12

F. The *Hall* Answer (Ex. 24). .......... 13

G. New York Registration (Ex. 26) .......... 15

H. Caseload Statistics (No Exhibit) .......... 15

I. News Articles (Exs. 27–29) .......... 16

J. Social Media and Contact Pages (Exs. 25, 30–31) .......... 17

III. THE MOTION'S REMAINING MATERIALS CANNOT BE CONSIDERED ON RULE 12(b)(6) .......... 17

CONCLUSION .......... 18

CERTIFICATE OF COMPLIANCE .......... 20

# TABLE OF AUTHORITIES

## CASES


*Al-Ahmed v. Twitter, Inc.*,
603 F. Supp. 3d 857 (N.D. Cal. 2022) .................... 11, 17

*Atias v. Platinum HR Mgmt., LLC*,
No. 14-cv-01877, 2014 WL 3536557 (C.D. Cal. July 16, 2014).................. 15

*Barnes v. Target Corp.*,
No. 20-cv-00831, 2020 WL 3469266 (C.D. Cal. June 25, 2020)................. 14

*Boldface Licensing + Branding v. By Lee Tillett, Inc.*,
940 F. Supp. 2d 1178 (C.D. Cal. 2013) .................... 9

*Brixton LLC v. Wooden Bay Co. LLC*,
No. 25-cv-1155, 2026 WL 125200 (S.D. Cal. Jan. 15, 2026) ........................ 9

*Coto Settlement v. Eisenberg*,
593 F.3d 1031 (9th Cir. 2010) .................... 10

*Davidson Oil Co. v. City of Albuquerque*,
545 F. Supp. 3d 1039 (D.N.M. 2021) .................... 16

*Davis v. Blue Tongue Films*,
No. 23-3968, 2024 WL 5182630 (9th Cir. Dec. 20, 2024).......................... 13

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) .................... 6

*Gerritsen v. Warner Bros. Ent. Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015) .................... 8, 12, 15, 17

*Gingery v. City of Glendale*,
No. 14-cv-1291, 2014 WL 10987395 (C.D. Cal. Aug. 4, 2014) ...... 13, 14, 16

*Global Apogee v. Sugarfina, Inc.*,
No. 18-cv-5162, 2018 WL 4945305 (C.D. Cal. Oct. 10, 2018) ..................... 8

*Haas Automation, Inc. v. Steiner*,
750 F. Supp. 3d 1107 (C.D. Cal. 2024) .................... 12

*Hong v. Recreational Equip., Inc.*,
No. 19-cv-0951, 2019 WL 5536406 (W.D. Wash. Oct. 25, 2019)............... 15

*In re iPhone 4S Consumer Litig.*,
No. 12-cv-1127, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ................... 11

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .................... passim

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .......... 11

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 6, 7, 14, 18

*Loomis v. Slendertone Distrib., Inc.*,
420 F. Supp. 3d 1046 (S.D. Cal. 2019) .......... 11, 13

*M/V Am. Queen v. San Diego Marine Constr. Corp.*,
708 F.2d 1483 (9th Cir. 1983) .......... 14

*McBain v. Behr Paint Corp.*,
No. 16-cv-07036, 2017 WL 1208074 (N.D. Cal. Apr. 3, 2017) .......... 17, 18

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) .......... 11

*Parziale v. HP, Inc.*,
No. 5:19-cv-05363, 2020 WL 5798274 (N.D. Cal. Sept. 29, 2020) .......... 12

*Perkins v. LinkedIn Corp.*,
53 F. Supp. 3d 1190 (N.D. Cal. 2014) .......... 17

*Petunia Prods. Inc. v. Anastasia Beverly Hills, LLC*,
No. 25-cv-02312, 2026 U.S. Dist. LEXIS 158354
(C.D. Cal. July 15, 2026) .......... 8, 9, 13, 14, 16

*Pinterest Inc. v. Pintrips Inc.*,
15 F. Supp. 3d 992 (N.D. Cal. 2014) .......... 9, 10

*Piuggi v. Good for You Prods. LLC*,
No. 23-cv-3665, 2025 WL 588316 (S.D.N.Y. Feb. 24, 2025) .......... 13

*Ray v. Lara*,
31 F.4th 692 (9th Cir. 2022) .......... 14

*Ritter v. Hughes Aircraft Co.*,
58 F.3d 454 (9th Cir. 1995) .......... 16

*Rosenwald v. Kimberly-Clark Corp.*,
152 F.4th 1167 (9th Cir. 2025) .......... 14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .......... 6

*Trader Joe's Co. v. Trader Joe's United*,
150 F.4th 1040 (9th Cir. 2025) .......... 12

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .......... 7, 10, 17

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
592 F.3d 954 (9th Cir. 2010) .......... 16

*Wallack v. Idexx Lab'ys, Inc.,*
No. 11-cv-2996, 2015 WL 5943844 (S.D. Cal. Oct. 13, 2015) .......... 12

*Washington v. ViacomCBS, Inc.,*
No. 20-cv-435, 2021 WL 2640105 (C.D. Cal. May 21, 2021) .......... 13

*Weiss v. DreamWorks SKG,*
No. 14-cv-02890, 2015 WL 12711658 (C.D. Cal. Feb. 9, 2015) .......... 12

*York v. Jordan,*
No. 13-cv-00311, 2014 WL 309639 (D. Haw. Jan. 28, 2014) .......... 15

*YZ Prods., Inc. v. Teezily Inc.,*
No. 2:24-cv-00223, 2025 WL 1144825 (C.D. Cal. Mar. 28, 2025) .......... 17

*Zero Motorcycles, Inc. v. Zero Labs Grp., LLC,*
No. 22-cv-04034, 2023 WL 3237505 (N.D. Cal. May 3, 2023) .......... 9

**STATUTES**

28 U.S.C. § 1404 .......... 15

**RULES**

Fed. R. Civ. P. 12 .......... 6, 14, 17, 18

Fed. R. Civ. P. 56 .......... 7, 18

Fed. R. Evid. 201 .......... passim

## INTRODUCTION

A Rule 12(b)(6) motion tests the complaint, not the evidence. Defendants have nonetheless accompanied theirs with more than 400 pages of exhibits. Their Request for Judicial Notice (Dkt. 57-4, the "Request") asks the Court to take notice of thirty-one exhibits—dictionary entries, trademark-office printouts, screen captures of Defendants' own webstore, IMDb and Amazon listings, a six-year-old answer from another action, news articles, and thirty-four pages of a non-party's X posts—and then to draw from them the very conclusions this case exists to decide. Rule 201 reaches facts beyond dispute. It cannot resolve disputes.

The Ninth Circuit has cautioned against this practice. Defendants "face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage," but "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[1]

Two limits govern the Request, and it exceeds both. *First*, each exhibit is constrained by the motion it serves. Evidence is proper on a motion under Rule 12(b)(2), where the Court may consider exhibits. On a motion under Rule 12(b)(6), the allegations of the First Amended Complaint ("FAC") govern; the Court may consult properly noticed material, but not to dispute those allegations. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (Rule 12(b)(2)); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (Rule 12(b)(6)). Defendants have filed a single set of exhibits in support of both motions, carrying contested facts into the similarity, strength, confusion, *Rogers*, and UCL arguments, where they cannot be used to contradict the FAC.

*Second*, Rule 201 distinguishes between a document's existence and the truth of

[1] Unless otherwise indicated, all internal quotation marks and citations are omitted.

its contents. A court may notice that a record exists and says what it says; it may not notice the truth of what a disputed record asserts. Plaintiff does not oppose notice of certain USPTO materials such as the Office Action refusing registration of Defendants' mark, which the FAC expressly pleads. She opposes notice of the inferences Defendants would have the Court draw from those records, and notice of exhibits offered for the truth of their contents.

The Request asks the Court to disregard both limits. Such a showing belongs on a motion under Rule 56, on a factual record, not in a request under Rule 201, before an answer.

## ARGUMENT

### I. RULE 201 REACHES ONLY FACTS BEYOND REASONABLE DISPUTE

A court may take notice only of a fact "not subject to reasonable dispute," either because it "is generally known" or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "may not take judicial notice of a fact that is 'subject to reasonable dispute,'" *Lee*, 250 F.3d at 689, and even where a public record is noticeable, a court "cannot take judicial notice of disputed facts contained in such public records," *Khoja*, 899 F.3d at 999.

Rule 201(c)(2) provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information," but that command attaches only to facts that already satisfy Rule 201(b). In *Lee*, the Ninth Circuit reversed where the district court "took judicial notice of the truth of disputed factual matters" and "assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings." 250 F.3d at 688-90. Consideration of material beyond Rule 201 converts the motion into one for summary judgment, with the procedural protections that attend it. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

The Request's exhibits fall into four groups.

1. Some are proper subjects of notice but bear on no question the Motion presents, and notice should be declined as unnecessary.
2. Some are proper subjects of notice, but Defendants offer them only for a purpose Rule 201 forbids, and notice should be denied because nothing would remain to notice.
3. Some are not proper subjects of notice for the facts Defendants offer them to prove—archived captures, third-party web content, and party-authored pages—and notice should be denied.
4. Some—the parties' USPTO records and the news articles—should be noticed on the limited terms Rule 201 permits.

## II. THE EXHIBITS

### A. Dictionary Definitions (Exs. 1–3).

The Request offers Merriam-Webster's definitions of "confession," "life," and "showgirl" to establish that Plaintiff's mark "consists of common dictionary terms" and "does not have the same meaning" as Defendants' mark. Request at 3. Plaintiff does not dispute that dictionary definitions may be noticed. The question is what they purport to establish. *See Petunia Prods. Inc. v. Anastasia Beverly Hills, LLC*, No. 25-cv-02312, 2026 U.S. Dist. LEXIS 158354, at *11 (C.D. Cal. July 15, 2026) (taking "limited judicial notice of the text" of dictionary definitions).

The propositions the Request tenders appear in no dictionary. No definition states that Plaintiff's registered mark is "common," or establishes what any phrase means "as used in connection with" Defendants' brand, Request at 3—a question of consumer perception, not lexicography. Those are Defendants' inferences, and are "not a proper subject of judicial notice under Rule 201." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015).

Defendants' own dictionary authority confirms how little the exercise yields: the court in *Global Apogee v. Sugarfina, Inc.* granted an unopposed request to notice a

definition and denied dismissal of the infringement claim nonetheless. No. 18-cv-5162, 2018 WL 4945305, at *2-3 (C.D. Cal. Oct. 10, 2018).

The Court should decline notice of Exhibits 1–3 as unnecessary; nothing in a dictionary bears on any question the Motion presents. Should the Court notice them, it should notice only Merriam-Webster's text, and deny their use to establish the marks' strength or their meaning to consumers.

**B. Third-Party Trademark Registrations (Exs. 4–5).**

Defendants offer registration documentation for other marks to challenge the strength of Plaintiff's mark. "Such a request is improper because the strength of [plaintiff's] Marks is in dispute, and a court may only take judicial notice of facts that are 'not subject to reasonable dispute.'" *Brixton LLC v. Wooden Bay Co. LLC*, No. 25-cv-1155, 2026 WL 125200, at *2 (S.D. Cal. Jan. 15, 2026); *accord Zero Motorcycles, Inc. v. Zero Labs Grp., LLC*, No. 22-cv-04034, 2023 WL 3237505, at *3 (N.D. Cal. May 3, 2023) (notice improper where USPTO documents are offered "to prove that Plaintiff's trademarks are weak"); *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014) (USPTO records noticeable only to show "that the filings and actions described therein occurred on certain dates"; strength is "the central disputed question . . . and an inappropriate subject for judicial notice"); *Petunia*, 2026 U.S. Dist. LEXIS 158354, at *11 (taking "limited judicial notice of the existence" of USPTO records).

The Request's characterization of the registrations as "co-existing with Plaintiff's purported Mark," Request at 4, appears in no government record. It is Defendants' argument, and the registrations cannot carry it: "third-party registrations are not probative of conceptual weakness without evidence that the marks were actually used in commerce and viewed by consumers." *Boldface Licensing + Branding v. By Lee Tillett, Inc.*, 940 F. Supp. 2d 1178, 1191 (C.D. Cal. 2013). A registration establishes only that a filing occurred. Whether CONFESSIONS OF AN SEO—one of the marks Defendants tender, registered for search-engine-optimization podcasts—has been

encountered by a single consumer of live musical entertainment is an evidentiary question on which Defendants will bear the burden of proof later.

Exhibits 4–5 are offered for one purpose, and that purpose is improper. Nothing remains to notice, and notice should be denied.

**C. The Parties' USPTO Records (Exs. 6–10).**

Plaintiff does not oppose notice of these exhibits in their entirety, as agency records whose existence and contents are beyond dispute. She opposes the conclusion the Request would draw from them: that her mark "has historically emphasized the word 'CONFESSIONS' as its dominant term." Request at 4.

No agency record says so; it is Defendants' inference from prior specimens. The sole agency analysis of dominance is the USPTO's refusal of Defendants' application—Defendants' Exhibit 9—which reached the opposite conclusion: "the consumer is likely to focus on the dominant noun, the term SHOWGIRL," which "contributes more to the commercial impression of the marks." Ex. 9 at 5. A proposition contradicted by the proponent's own exhibit is a fact "subject to reasonable dispute." Fed. R. Evid. 201(b). Dominance is in any event a contested characterization at the center of the similarity analysis, not a noticeable fact. *Pinterest*, 15 F. Supp. 3d at 997.

The Court should notice Exhibits 6–10 for their existence and contents, read in their entirety, and deny notice of any characterization drawn from them.

**D. Defendants' Webstore Captures (Exs. 11–13).**

Defendants offer these exhibits on two grounds: incorporation by reference and the verifiability of the Wayback captures. Request at 5-6. Neither supports notice.

Incorporation requires that the complaint "refer[] extensively" to a document or the document "form[] the basis of the plaintiff's claim," *Ritchie*, 342 F.3d at 908, and that the complaint "necessarily relies" on it, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendants rest on the FAC's references to a "musical release," "recordings," "consumer goods," and "the Taylor Swift online store."

Request at 5 (citing FAC ¶¶ 12, 27-28, 47). Those are descriptions of Defendants' commercial program, not references to any document, and "the mere mention of the existence of a document is insufficient to incorporate the contents." *Khoja*, 899 F.3d at 1002.

Defendants' contrary authorities address a plaintiff who "deliberately omit[s] references to documents upon which [her] claims are based" in order to escape their contents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019). Plaintiff omitted nothing. She pleaded the storefront, the "THE LIFE OF A SHOWGIRL SHOP" section, the individual product names, where the designation appears on the goods, and the co-branding these exhibits are offered to establish. FAC ¶¶ 47-49, 83. Defendants' objection is not that Plaintiff concealed anything but that she described the store rather than photographing it. *Knievel v. ESPN* does not help: it permitted consideration of unpleaded webpages only because a user would have had to view them "in order to access" the page the complaint attacked. 393 F.3d 1068, 1076 (9th Cir. 2005). Defendants make no such showing.

Defendants selected these pages because they contend the pages contradict the FAC, but a document that "merely creates a defense to the well-pled allegations" is not incorporated. *Khoja*, 899 F.3d at 1002 (incorporation is not for defendants "to insert their own version of events into the complaint"); *see also Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868 (N.D. Cal. 2022) (refusing incorporation where document was "integral not to [plaintiff's] allegations but to [defendant's] defense of them"); *In re iPhone 4S Consumer Litig.*, No. 12-cv-1127, 2013 WL 3829653, at *6 (N.D. Cal. July 23, 2013) (a defendant's contention that a pleaded allegation "is flatly contradicted by multiple other statements available on [the defendant's] website" is "not a proper reason to take judicial notice").

Nor are the captures independently noticeable. Defendants contend the Wayback

materials (Ex. 13) are "readily verifiable" because they carry URLs and capture dates. Request at 6. That establishes only what those pages displayed on those dates. It does not establish the commercial impression those pages made on consumers, which is what Defendants offer them to prove and a disputed question of fact no screenshot resolves. *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1049, 1052 (9th Cir. 2025). Even if properly incorporated, a document may not be assumed true where "such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

Each of Defendants' remaining authorities turned on a feature this Request lacks. *Parziale v. HP, Inc.* noticed an archived store page "because Plaintiff incorporates the store page into the SAC." No. 5:19-cv-05363, 2020 WL 5798274, at *1 n.2, *3 (N.D. Cal. Sept. 29, 2020). *Wallack v. Idexx Lab'ys, Inc.* noticed archive pages at the summary-judgment stage, unopposed and supported by a declaration this Request lacks. No. 11-cv-2996, 2015 WL 5943844, at *16 (S.D. Cal. Oct. 13, 2015). *Haas Automation, Inc. v. Steiner* noticed the accused work itself—a book referenced throughout the complaint, unopposed. 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024). *Weiss v. DreamWorks SKG* noticed the two works whose comparison formed "the basis of the FAC," where the plaintiff "did not object." No. 14-cv-02890, 2015 WL 12711658, at *3-4 (C.D. Cal. Feb. 9, 2015). Defendants cite no case permitting what they ask here.

Exhibits 11–13 are neither incorporated nor noticeable for the marketplace impression they are offered to prove. Notice should be denied.

### E. IMDb and Amazon Printouts (Exs. 14–23).

The more than 100 pages of IMDb and Amazon listings are offered to establish that third-party titles "co-exist in the marketplace" with Plaintiff's mark. Request at 6. That is a truth purpose, compounded by a merits inference. "[I]nformation appearing on . . . third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination." *Gerritsen*, 112 F. Supp. 3d at 1029.

Courts in this District have denied this exact request. *Petunia*, 2026 U.S. Dist. LEXIS 158354, at *10 (denying notice of "book listings and search results containing terms similar to [the plaintiff's] Trademarks" because "that ultimate factual contention is in dispute"). The Ninth Circuit has done the same, declining "to take judicial notice of the existence of other creative works" based on "screenshots of Amazon.com webpages." *Davis v. Blue Tongue Films*, No. 23-3968, 2024 WL 5182630, at *1 (9th Cir. Dec. 20, 2024).

Defendants cite nothing to the contrary. *Washington v. ViacomCBS, Inc.* granted notice "only as an indication that the webpages exist and are publicly available," because a court "may not notice the matters asserted within" them. No. 20-cv-435, 2021 WL 2640105, at *1 (C.D. Cal. May 21, 2021). *Piuggi v. Good for You Prods. LLC* noticed, in a footnote, that IMDb listed HBO as a producer of *The Sopranos*—a generally known fact about a widely known credit, not ten contested marketplace uses. No. 23-cv-3665, 2025 WL 588316, at *2 n.4 (S.D.N.Y. Feb. 24, 2025). And *Loomis* noticed the very advertising the plaintiff had screenshotted in her own complaint, where she did "not dispute their contents." 420 F. Supp. 3d at 1063.

These exhibits are also irreconcilable with the Motion they support. Defendants argue at length that titles of expressive works are not trademarks, then tender ten titles as marketplace trademark uses to challenge Plaintiff's mark. If the titles are not trademark uses—as the Motion insists—the exhibits are irrelevant, and notice of irrelevant material is properly denied. *Gingery v. City of Glendale*, No. 14-cv-1291, 2014 WL 10987395, at *2 (C.D. Cal. Aug. 4, 2014) (materials "not necessary or relevant to the Court's resolution of the pending motions"), *aff'd*, 831 F.3d 1222 (9th Cir. 2016).

Notice of Exhibits 14–23 should be denied.

**F. The *Hall* Answer (Ex. 24).**

Defendants ask the Court to take notice of paragraph 3 of a 2020 answer "because it shows . . . that Ms. Swift is domiciled in Tennessee." Request at 7-8. The

exhibit responds to an allegation the FAC does not make: Plaintiff alleges that Swift "maintains a residence in this District." FAC ¶ 25. Plaintiff presently takes no position on domicile, which a six-year-old answer from another action could not establish in any event.

A court "may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983). Even another court's opinion cannot be noticed "for the truth of the facts recited therein," *Lee*, 250 F.3d at 690—a party's own untested averment stands no higher. At most, the Court could take notice that an answer was filed and that it says "Tennessee"; it cannot take notice that Swift is domiciled there. *See id.* at 689-90 (noticing that a waiver was signed, not that it was valid). The Ninth Circuit has held that even where domicile is at issue, a court "may not establish diversity of citizenship purely by judicial notice." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025). Defendants' own authorities go no further, noticing that filings were made and that proceedings occurred—not that averments within them were true. *Ray v. Lara*, 31 F.4th 692, 697 n.4 (9th Cir. 2022); *Barnes v. Target Corp.*, No. 20-cv-00831, 2020 WL 3469266, at *3 (C.D. Cal. June 25, 2020).

Even on the Rule 12(b)(2) motion, where evidence has a place, a six-year-old averment from another action does not establish domicile today. Defendants carry the same averment further, into the Rule 12(b)(6) UCL argument, Mot. 17, where it cannot be used to contradict the FAC.

Because the answer responds to an allegation the FAC does not make, the Court should decline notice as unnecessary. *Gingery*, 2014 WL 10987395, at *2; *Petunia*, 2026 U.S. Dist. LEXIS 158354, at *9 (declining notice of exhibits not "necessary to resolve the Motion"). Should the Court notice it, it should notice that the answer was filed and what it says, and deny notice of the truth of any averment in it.

**G. New York Registration (Ex. 26).**

Defendants offer Bravado's New York foreign-entity registration to suggest that its merchandising operations occur in New York. Mot. 6. The registration establishes no such thing. It is a ministerial filing, held by a company Defendants concede is a California corporation headquartered in California. *Id*. Such a filing shows corporate form and nothing more. *See Atias v. Platinum HR Mgmt., LLC*, No. 14-cv-01877, 2014 WL 3536557, at *4 & n.25 (C.D. Cal. July 16, 2014) (noticing a New York Department of State page for the fact of corporate form, while resolving citizenship on declarations).

Defendants' inference runs against the exhibit itself, which lists Bravado's principal executive office, and its chief executive officer's address, in California. Ex. 26 at 2. A fact the proponent's own exhibit contradicts is "subject to reasonable dispute," Fed. R. Evid. 201(b), and the inference is in any event not noticeable. *Gerritsen*, 112 F. Supp. 3d at 1032 ("The truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice"); *Khoja*, 899 F.3d at 999.

The registration bears on no question the Motion presents, and the Court should decline notice as unnecessary. Should the Court notice it, it should notice the fact of Bravado's New York foreign-entity registration and deny any inference as to where Bravado's operations occur.

**H. Caseload Statistics (No Exhibit).**

No exhibit exists to be noticed. The caseload statistics appear only as counsel's chart and a hyperlink in the body of the Request. Request at 8.

They are immaterial in any event. Both of Defendants' authorities employed such statistics in connection with the court-congestion factor of a transfer analysis. *Hong v. Recreational Equip., Inc.*, No. 19-cv-0951, 2019 WL 5536406, at *7 (W.D. Wash. Oct. 25, 2019) (weighing relative degrees of court congestion under 28 U.S.C. § 1404(a)); *York v. Jordan*, No. 13-cv-00311, 2014 WL 309639, at *6 n.2 (D. Haw.

Jan. 28, 2014) (same). No transfer motion is before the Court, and a caseload table bears on neither whether a complaint states a claim nor whether due process permits jurisdiction over defendants who advertise and sell branded goods in this District.

The Court should decline notice as unnecessary. *Gingery*, 2014 WL 10987395, at *2; *Petunia*, 2026 U.S. Dist. LEXIS 158354, at *9. Should the Court notice them, it should notice the published figures only, with no bearing on the sufficiency of the FAC or the reasonableness of jurisdiction.

**I. News Articles (Exs. 27–29).**

The Request offers three articles to "report, and show" that Republic Records is an "east coast-based label." Request at 10. News publications are noticed to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Defendants seek the second use: the Motion cites the articles to establish that Republic "is based in New York—not California." Mot. 6; *see also* Mot. 17.

Defendants' own authorities turned on conditions absent here. *Ritter v. Hughes Aircraft Co.* noticed a fact "generally known in Southern California"—widespread layoffs—corroborated by the plaintiff's own deposition, on a summary-judgment record. 58 F.3d 454, 458-59 (9th Cir. 1995). *Davidson Oil Co. v. City of Albuquerque* noticed only unopposed articles central to the plaintiff's claims, and refused notice of the one the plaintiff opposed. 545 F. Supp. 3d 1039, 1044 (D.N.M. 2021). None of the features those courts relied on—notoriety, corroboration, a summary-judgment posture, the absence of opposition—is present here.

The exhibits are immaterial in any event: Republic is a division of UMG, not a Defendant, and the FAC pleads UMG's California principal place of business, which the Motion does not contest. FAC ¶¶ 19, 27, 106; Mot. 5-6.

The Court should notice the articles, if at all, only as publications that existed on their dates, and deny notice of what they report.

**J. Social Media and Contact Pages (Exs. 25, 30–31).**

A LinkedIn page and thirty-four pages of X posts are self-descriptions authored by the corporate family whose operations they are offered to establish. Courts "have expressed skepticism" about noticing content from "websites that are created and maintained by a party to the litigation." *Gerritsen*, 112 F. Supp. 3d at 1030. Defendants' authorities granted notice only where the page was offered against the party that authored it, the pleadings relied upon it, or no party contested its accuracy—and refused notice when accuracy was disputed. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204-06 (N.D. Cal. 2014) (noticing LinkedIn's own pages in a suit against LinkedIn, and denying notice of the one unreferenced document whose accuracy was disputed); *Al-Ahmed*, 603 F. Supp. 3d at 868-69 (noticing plaintiff's own account and post while refusing an exhibit whose authenticity plaintiff disputed); *McBain v. Behr Paint Corp.*, No. 16-cv-07036, 2017 WL 1208074, at *3 (N.D. Cal. Apr. 3, 2017) (a declarant's own LinkedIn page, offered against the party that submitted the declaration); *see also YZ Prods., Inc. v. Teezily Inc.*, No. 2:24-cv-00223, 2025 WL 1144825, at *2 n.3 (C.D. Cal. Mar. 28, 2025) (noticing a defendant's own website "but not for the truth of the matter stated"). Republic's promotional self-description, offered by Republic's corporate parent in support of that parent's position, is not noticeable. Nor is Bravado's own contact page, offered by Bravado to prove where Bravado operates, Mot. 17—a fact the FAC pleads the other way, FAC ¶ 20.

Notice of Exhibits 25 and 30–31 should be denied.

## III. THE MOTION'S REMAINING MATERIALS CANNOT BE CONSIDERED ON RULE 12(b)(6)

The Motion's Rule 12(b)(6) sections rest not only on the Request but on materials that neither judicial notice nor incorporation by reference makes available at the pleading stage. Three declarations are offered to establish that the FAC's allegations are "false." Mot. 4-6. Declarations have a place on the Rule 12(b)(2) motion; they have none on a motion under Rule 12(b)(6). *Ritchie*, 342 F.3d at 908

("Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint."); *cf. McBain*, 2017 WL 1208074, at *3 (a defendant's declaration may be considered on a Rule 12(b)(1) motion "but not on their Rule 12(b)(6) Motion").

The preliminary-injunction record is no different. The transcript excerpt is cited not for anything the Court decided but for a question the Court asked. Mot. 8 n.5. A question at a preliminary-injunction hearing establishes no fact and defeats no allegation on a motion where the FAC controls. *Lee*, 250 F.3d at 688 ("factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)").

A procedure exists for presenting evidence against a complaint. It affords both sides discovery and a factual record, and Rule 56(d) protects a party who has had neither. What Defendants seek instead is judgment on their own exhibits, before Plaintiff has taken a deposition or served a single discovery request. That is the outcome *Khoja* warns against. 899 F.3d at 998. Accordingly, on the Rule 12(b)(6) portions of the Motion, the Court should consider the FAC and the records noticed above, on the terms stated, and nothing further.

## CONCLUSION

Plaintiff respectfully requests the following dispositions.

*First*, notice should be declined as unnecessary for the exhibits that bear on no question the Motion presents: the dictionary definitions (Exs. 1–3), the *Hall* answer (Ex. 24), the New York registration (Ex. 26), and the caseload statistics, which appear only as a chart and a hyperlink. Should the Court notice any of them, it should notice their existence and contents only—not the strength of Plaintiff's mark or its meaning to consumers (Exs. 1–3), the truth of any averment (Ex. 24), the locus of Bravado's operations (Ex. 26), or, as to the statistics, anything bearing on the sufficiency of the FAC or the reasonableness of jurisdiction.

*Second*, notice should be denied as to the third-party trademark registrations

(Exs. 4–5), which are tendered for the single impermissible purpose of disproving the strength of Plaintiff's mark, leaving nothing to notice.

*Third*, notice should be denied as to the webstore captures (Exs. 11–13), the IMDb and Amazon printouts (Exs. 14–23), and the party-authored pages (Exs. 25, 30–31), each offered for the truth of a contested assertion, and none a proper subject of notice for the facts offered.

*Fourth*, the parties' USPTO records (Exs. 6–10) should be noticed for their existence and contents, read in their entirety, but not for any characterization drawn from them; and news articles (Exs. 27–29) should be noticed, if at all, only as publications that existed on their respective dates.

In all events, no noticed material may be used to resolve likelihood of confusion, domicile, or the situs of Defendants' operations—the disputed questions this case exists to answer.

DATED: September 16, 2026

Respectfully submitted,

PARKKINEN PC

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen

*Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing memorandum of points and authorities is 14 pages, in compliance with the 25-page limit set forth in Section VII(D) of this Court's Standing Order.

DATED: September 16, 2026

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen

*Counsel for Plaintiff*