**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MAREN FLAGG, an individual,

Plaintiff,

v.

TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: October 7, 2026
Time: 1:30 PM
Place: Courtroom 5D (5th Fl.)
350 W. First Street
Los Angeles, CA 90012

VENABLE LLP

VENABLE LLP

# TABLE OF CONTENTS


I. The FAC Fails to State a Claim Under Rule 12(b)(6). .................................... 1

A. Recent Authority Confirms *Rogers* Applies Barring The Claims. ........ 2

B. The FAC Does Not Allege Facts Supporting Any Likelihood of Confusion. ...................................................................................... 4

C. Plaintiff Failed to Adequately Allege Secondary Liability .................. 6

D. The California Unfair Competition Law Claim Cannot Survive ......... 7

II. There is No Specific Jurisdiction Over Ms. Swift or TASRM ....................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brookfield Comm'ns, Inc. v. West Coast Ent'mt Corp.*, 174 F.3d 1036 (9th Cir. 1999) .......... 3

*Down to Earth Organics LLC v. Efron*, 2024 WL 1376532 (S.D.N.Y. Mar. 31, 2024) .......... 2, 4

*Garay v. TikTok Ltd.*, 2026 WL 2254783 (C.D. Cal. July 29, 2026) .......... 4

*GoDigital Media Grp., LLC v. GoDigital Inc.*, 2018 WL 4944543 (C.D. Cal. Sept. 5, 2018) .......... 6

*Gustafson v. BAC Home Loans Serv'g, LP*, 2012 WL 4761733 (C.D. Cal. Apr. 12, 2012) .......... 7

*Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107 (C.D. Cal. 2024) .......... 2, 4, 5

*Hainline v. Vanity Fair, Inc.*, 301 Fed. App'x 949 (Fed. Cir. 2008) .......... 5

*Hara v. Netflix, Inc.*, 146 F.4th 872 (9th Cir. 2025) .......... 4

*Lost International v. Germanotta*, 2026 WL 2415514 (C.D. Cal. Aug. 18, 2026) .......... 2, 4

*Estate of Moore v. FH & HF-Torrance I, LLC*, 2022 WL 44002 (C.D. Cal. Jan. 4, 2022) .......... 10

*Palas v. Le Domaine*, 2026 WL 2494592 (C.D. Cal. Aug. 20, 2026) .......... 4

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) .......... 10

*Pepperdine Univ. v. Netflix, Inc.*, 2026 WL 902061 (C.D. Cal. Mar. 31, 2026) .......... 2, 4

VENABLE LLP

*Roar Spirits, LLC v. Sutter Home Winery, Inc.*, 2025 WL 523898 (N.D. Cal. Feb. 18, 2025) .... 5

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) .... 1, 2, 3, 4, 6

*Sarieddine v. Connected Int'l, Inc.*, 2025 WL 1513777 (9th Cir. May 28, 2025) .... 5

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .... 8

*Sec. Alarm Fin. Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976 (N.D. Cal. 2016) .... 8

*Smith v. Premiere Valet Servs.*, 2020 WL 7034346 (C.D. Cal. Aug. 4, 2020) .... 10

*Taylor v. Jamie Nelson Studios LLC*, 2026 WL 2727636 (C.D. Cal. Sept. 15, 2026) .... 2, 4

*Twentieth Century Fox v. Empire Dist.*, 875 F.3d 1192 (9th Cir. 2017) .... 2

*Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083 (C.D. Cal. 2015) .... 7

*WebMagic Ventures, LLC v. Deux Ron, Inc.*, 2018 WL 6977425 (C.D. Cal. Aug. 22, 2018) .... 10

*Weiss v. DreamWorks SKG*, 2015 WL 12711658 (C.D. Cal. Feb. 9, 2015) .... 5

**Statutes**

California Unfair Competition Law .... 7, 8

Lanham Act .... 2, 4, 7

**Federal Rules of Civil Procedure**

Rule 12(b)(2) .... 8

Rule 12(b)(6) .... 1

VENABLE LLP

In an effort to distract from fatally flawed allegations in the First Amended Complaint ("FAC"), Plaintiff's Opposition ("Opp.") to Defendants' Motion to Dismiss ("MTD") tries to complicate what is straightforward: (1) Ms. Swift's Album *The Life of a Showgirl* is a quintessential expressive work and *Rogers v. Grimaldi* therefore bars Plaintiff's claims; (2) the Album and Plaintiff's Mark CONFESSIONS OF A SHOWGIRL are not confusingly similar; (3) Plaintiff has no sufficient connection to California to seek relief under its laws; and (4) Tennessee citizens are not subject to personal jurisdiction here. Further, whether intentionally or not, Plaintiff again misses the forest for the trees. Trademarks protect against *source confusion*. Plaintiff's overarching assertion that consumers are—or could be—confused into believing that Ms. Swift, a 14-time Grammy Award winner and global musical icon, is the source of or is associated with Plaintiff's podcast, book, or live cabaret performances at golf resorts and RV parks is non-sensical.

Left with no other option, Plaintiff's Opposition attempts to create confusion by pointing to an intent-to-use trademark application (submitted by TASRM only) and a non-final USPTO office action—both of which have no legal relevance to how the Album or Plaintiff's Mark are actually viewed in the marketplace. Plaintiff also improperly imputes acts by certain Defendants to others and focuses on contacts with California that have no connection to the pleaded claims (or her alleged injury). All the while, Plaintiff ignores recent, on-point caselaw flatly refuting her assertions.

Plaintiff's claims were—and are still—baseless. Having already amended once and still failing to plausibly allege any claims, Plaintiff is not entitled to anything more. This case should be dismissed with prejudice.

## I. The FAC Fails to State a Claim Under Rule 12(b)(6).

The Opposition ignores directly applicable precedent applying *Rogers* to an album title and promotional merchandise post-*Jack Daniels*. It also mistakes pleading conclusions for facts supporting any likelihood of confusion. These fundamental defects require dismissal.

VENABLE LLP

### A. Recent Authority Confirms *Rogers* Applies Barring The Claims.

Plaintiff's *Rogers* arguments collapse under authority she conspicuously ignores. She fails to address (let alone distinguish) *Pepperdine*, *Down to Earth*, *Hara*, and *Haas* cited by Defendants (MTD at 8-10), and ignores that courts have repeatedly found conclusory allegations as to source identification insufficient. *Id.* at 9-10 (discussing dismissals of trademark claims applying *Rogers* despite conclusory allegations about source identification). Additionally, Plaintiff ignores the recent decision in *Lost International v. Germanotta*, 2026 WL 2415514 (C.D. Cal. Aug. 18, 2026), where a sister court dismissed virtually identical claims—trademark infringement based on an album title and related promotional merchandise. Plaintiff's <u>silence</u> on *Lost* is telling as its reasoning eviscerates her case.

Applying the Ninth Circuit's post-*Jack Daniels* framework from *Punchbowl*, the *Lost* court held that *Rogers* governed because an album title is undisputedly expressive. *Lost*, 2026 WL 2415514, at *3-4. Promotional merchandise—like album t-shirts—are a logical extension of the expressive work and equally subject to *Rogers*. *Id.* at *3; *see also Twentieth Century Fox v. Empire Dist.*, 875 F.3d 1192, 1196 (9th Cir. 2017). Dismissal followed where the complaint (like here) lacked facts showing "explicitly misleading" conduct. *Lost*, 2026 WL 2415514, at *3.

Another recent case, *Jamie Nelson* (also ignored by Plaintiff), confirms the FAC is insufficient. *Taylor v. Jamie Nelson Studios LLC*, 2026 WL 2727636 (C.D. Cal. Sept. 15, 2026). There, the court dismissed Lanham Act claims under *Rogers* even though the defendant's art prints featured plaintiff's name and likeness—because **the artist's own name was prominently displayed**, signaling the true source. *Id.* at *4-5. The court rejected plaintiff's attempt to recast defendant's conduct as source-identifying, holding that courts need not accept "bare legal conclusions" unsupported by the facts actually pled. *Id.*

Plaintiff's claims mirror those dismissed in *Lost* and *Jamie Nelson*. *Rogers*

plainly applies: the federally registered TAYLOR SWIFT® trademark and Ms. Swift's likeness pervade the Album and its promotional merchandise, unmistakably signaling source. MTD at 9-10. The Album title *The Life of a Showgirl* is artistically relevant—it is a featured track and woven into the lyrics throughout. Plaintiff does not plead any facts suggesting otherwise. And the FAC defeats any "explicitly misleading" claim, conceding that "use of the TAYLOR SWIFT name and brand" is "pervasive" (FAC ¶ 83) and that the Album and all promotional merchandise are sold through "the Taylor Swift online store." MTD at 10; RJN at Exs. 12-13. No reasonable consumer could be misled. Under *Rogers*, that ends the inquiry.

Plaintiff's own authorities (Opp. at 13) reinforce Defendants' position. Unlike *Petunia* and *Gordon*—which involved parties selling <u>identical</u> goods under <u>identical</u> marks in a manner that could be found explicitly misleading—Plaintiff does not allege she has ever sold a musical album, or any album at all. Nor has she alleged any live performances in connection with the Album, or that the Album title is identical to her mark. These facts fatally undermine her assertion that *Rogers* "would not save the Motion" even if it applied. Opp. at 13.[1]

Plaintiff's remaining arguments fare no better. Filing a Section 1(b) intent-to-use application confers no trademark rights and is not trademark use. *See Brookfield Comm'ns, Inc. v. West Coast Ent'mt Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999) (citing cases). TASRM has never represented it used the Album title as a source identifier in U.S. commerce. Nor are Plaintiff's allegations analogous to *Jack Daniels*, where the defendant conceded it used "Bad Spaniels" as a trademark for its own products, or *Punchbowl*, where the defendant used "Punchbowl" as the name of a subscription-based online news publication—not as the title of an expressive work

[1] Plaintiff's other authorities are inapposite. *MGA Entertainment* involved trade dress claims and a new-trial motion; *Davis* involved a defendant allegedly deliberately changing a movie title to exploit the commercial success of plaintiff's book; and in *Activition Publishing* the plaintiff represented to the USPTO that it was actively using "WARZONE" as a mark in commerce. None of these facts are present here.



VENABLE LLP

like Ms. Swift's Album.

This Court is "not required to accept legal conclusions cast in the form of factual allegations"—and it must not do so here. *See Lost*, 2026 WL 2415514, at *2 (quoting *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004)). The weight of authority is overwhelming. Courts in *Lost*, *Pepperdine*, *Jamie Nelson*, *Down to Earth*, and *Haas* have each applied *Rogers* (post-*Jack Daniels*) to dismiss Lanham Act and trademark claims where plaintiffs' bare assertions that expressive-work titles or content were "source identifying" were flatly contradicted by common sense, judicially noticeable facts, and the plaintiffs' own pleadings. MTD at 9.

**B. The FAC Does Not Allege Facts Supporting Any Likelihood of Confusion.**

Rather than offer facts supporting a likelihood of confusion, Plaintiff recycles conclusory allegations from her FAC and borrows irrelevant arguments from an unrelated UMG case. The Opposition does not dispute that the Court may dismiss where confusion is unlikely, and the Court should do so here.

Two recent decisions from this District confirm dismissal is warranted. In *Palas v. Le Domaine*, the court dismissed trademark claims where, as here, plaintiff relied on the vague allegation that both parties operated in the same broad industry—there, "cosmetics" and "skin care"—and sold goods "online." 2026 WL 2494592, at *5 (C.D. Cal. Aug. 20, 2026). Those allegations were insufficient because such "broad categories of products" did not support proximity. *Id.* Critically, the *Palas* plaintiff alleged more than Plaintiff has done here—providing images of marketplace use and alleging the defendant's mark incorporated the entirety of his mark in a "very similar font"—yet the court still dismissed. *Id.* at *6. *Garay v. TikTok Ltd.* reached the same result. There, the court dismissed trademark claims despite allegations that both parties marketed services on the internet, that their marks shared similarities in sound with overlapping words, and that their services fell within "entertainment" generally. 2026 WL 2254783, at *9-11 (C.D. Cal. July 29, 2026).



VENABLE LLP

Plaintiff alleges far less. She concedes that similarity "must be compared in the light of what occurs in the marketplace" (Opp. at 15), yet never shows how her mark appears in the marketplace. Her reliance on a "plain text" registration (*id.* at 14-15) to excuse that omission is undermined by Ninth Circuit caselaw. MTD at 13. When confronted with the Album's actual appearance, she is silent. The Court need not ignore marketplace reality merely because Plaintiff tries to obscure it. *E.g.*, *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024) (judicially noticing images of accused book); *Weiss v. DreamWorks SKG*, 2015 WL 12711658, at *3-4 (C.D. Cal. Feb. 9, 2015) (accord).[2]

Similarly, the Court need not credit Plaintiff's conclusory assertion relating to "showgirl" being a "dominant, terminal phrase." Opp. at 15. Courts have repeatedly found the "dominant" portion of alleged trademarks is typically the first word. *See, e.g.*, *Roar Spirits, LLC v. Sutter Home Winery, Inc.*, 2025 WL 523898, at *15 (N.D. Cal. Feb. 18, 2025); *Hainline v. Vanity Fair, Inc.*, 301 Fed. App'x 949, 953 (Fed. Cir. 2008) (citing cases and finding the first word of marks are more likely to be perceived by purchasers as indicating the source of goods). Here, the "dominant" phrase in Ms. Swift's Album ("the life") and Plaintiff's Mark ("confessions") are distinct first words.

Plaintiff's reliance on a preliminary, non-final office action from an intent-to-use application (Opp. at 16) fares no better. The Court is not bound by any USPTO office action, much less one that did not evaluate any specimen of use. *Sarieddine v. Connected Int'l, Inc.*, 2025 WL 1513777, at *2 (9th Cir. May 28, 2025). All that remains is Plaintiff's bare assertion that both parties operate in the "entertainment" field and market online. Opp. at 20.[3] That is precisely the kind of broad, conclusory allegation *Palas*, *Garay*, and other courts have rejected. *See* MTD at 11-12.

---

[2] *Trader Joe's Co.* (Opp. at 15) undercuts Plaintiff's position. There, plaintiff pled the defendant's font and color on identical products (tote bags) were "strikingly similar." 150 F.4th 1040, 1051 (9th Cir. 2025). Plaintiff alleges no such facts here.

[3] To be clear, Plaintiff's suggestion that she has offered goods on websites that overlap with Defendants, including on www.taylorswift.com (Opp. at 20), is false.



VENABLE LLP

### C. Plaintiff Failed to Adequately Allege Secondary Liability.

Plaintiff cannot dispute the threshold problem: if her direct infringement claims fail, her secondary liability claims do too. MTD at 14. Because Plaintiff's direct infringement claims are fatally deficient under both the *Rogers* test and the likelihood of confusion factors, secondary liability cannot be found.

Even setting that core deficiency aside, Plaintiff's contributory infringement claim independently fails. Plaintiff concedes she must plead that each defendant "intentionally induces another to infringe" and continued to supply a product or service with **knowledge** of infringement. Opp. at 21. Yet the Opposition identifies no facts—none—showing that any Defendant induced any other to infringe, or that any Defendant, apart from TASRM's involvement in a non-final office action, had any knowledge of Plaintiff's Mark,[4] let alone any knowledge of hypothetical infringement given the First Amendment rights involved with the Album. Plaintiff has not alleged a single fact supporting that Ms. Swift, Bravado, or UMG were even aware of her Mark before this litigation, and has offered nothing to establish knowledge of any alleged infringement by any Defendant.

Plaintiff's vicarious liability claim fares no better. In the Opposition, she does not argue that any Defendant acted in a partnership or had authority to bind another in transactions. Instead, she retreats to the "joint ownership or control over the infringing product" prong of *Perfect 10*. Opp. at 21. But her own pleading defeats the argument. She alleges TASRM owns and licenses the Album name (FAC ¶ 18), yet identifies no facts showing how Ms. Swift controls those same rights. *See GoDigital Media Grp., LLC v. GoDigital Inc.*, 2018 WL 4944543, at *3 (C.D. Cal. Sept. 5, 2018) (dismissing vicarious liability claims against CEO and CFO where plaintiff failed to plead individual defendant's control over entity). Nor does she offer any

[4] To be clear, the non-final office action was issued <u>after</u> the launch of the Album on October 3, 2025. RJN Ex. 9 (USPTO record sent Nov. 5, 2025).



VENABLE LLP

facts establishing how UMG and Bravado "control" each other—or are controlled by TASRM or Ms. Swift—when her own Opposition concedes they handled entirely different facets of the Album's release: UMG "distributed the recordings" while Bravado distributed "merchandise." Opp. at 22; *see* FAC ¶¶ 77, 95 (lumping all Defendants together and failing to distinguish which purported Defendant allegedly "controlled" any other). This is insufficient and requires dismissal.

**D. The California Unfair Competition Law Claim Cannot Survive.**

Plaintiff's Opposition does not save her UCL claim. The claim is pleaded only under the "unlawful" and "unfair" prongs, and both theories fail for the reasons already identified: Plaintiff seeks to apply California law extraterritorially to a Nevada plaintiff, and she recasts deficient Lanham Act claims as "unfair" conduct without pleading facts showing harm to competition. MTD at 15-18.

On extraterritoriality, Plaintiff's conclusory allegations of harm in California (Opp. at 23-24), are insufficient. *See* MTD at 16-17. Plaintiff points only to a purported "authorization" by / "license" from TASRM (a Tennessee company); generic, conclusory allegations about "carrying out" or "conducting" operations in California by Bravado and UMG; and random contacts with California that have nothing to do with her UCL claim as to Tennessee-based Ms. Swift. All fail to adequately allege California conduct relevant to the claim. *Gustafson v. BAC Home Loans Serv'g, LP*, 2012 WL 4761733, at *5-6 (C.D. Cal. Apr. 12, 2012); *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1096-97 (C.D. Cal. 2015). Nor does Plaintiff identify—beyond vague, unspecific "California business interests" or "industry relationships" (Opp. at 24)—how she (a Nevada resident) is harmed in California.

On the unfair prong, Plaintiff simply ignores the extensive authority cited in the MTD that such claims predicated on trademark infringement typically fail. *See* MTD at 18 (citing cases). Indeed, Plaintiff does not identify a <u>single</u> case where trademark infringement served as the basis of an unfair UCL claim. All of the Lanham Act cases Plaintiff points to (*Simpson Strong-Tie*; *Air Doctor*; *Taylormade Golf*) involved false



VENABLE LLP

advertising claims, not trademark infringement claims. *See* Opp. at 25. And her attempt to identify an allegation of harm to competition as opposed to harm to herself—which she must do to state an unfair claim—is easily rejected. *See* Opp. at 25 (citing FAC ¶¶ 8, 82, 84). Paragraphs 82 and 84 are part of the trademark infringement count and focus on confusion not consumer harm; Paragraph 8 says nothing about harm to competition. The UCL claim fails.

## II. There is No Specific Jurisdiction Over Ms. Swift or TASRM.

The Opposition confirms that this Court lacks personal jurisdiction over Ms. Swift and TASRM. Plaintiff concedes that there is no general jurisdiction. Opp. at 26. For specific jurisdiction, Plaintiff relies on alleged California conduct that is either contradicted, unrelated to her claims, or insufficient as a matter of law. The attempt to twist plainly deficient allegations to obtain jurisdiction should be rejected.

For personal jurisdiction, Plaintiff must show that non-residents Ms. Swift and TASRM purposefully directed suit-related conduct at California, that her claims arise out of or relate to those forum contacts, and that jurisdiction would be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). This is a defendant-specific and claim-specific inquiry. *Sec. Alarm Fin. Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 984 (N.D. Cal. 2016). The MTD thoroughly explained Plaintiff's failure to meet these standards, and rebutted any potentially relevant allegations through sworn declarations and documentary evidence. MTD at 20-25. Plaintiff's Opposition does nothing to undermine those Rule 12(b)(2) arguments.

***Ms. Swift.*** Plaintiff points to several articles related to the filming of a music video for the song titled *The Fate of Ophelia* (track 1 on the Album) in California. Opp. Exs. 1, 2, 3.[5] But nowhere does Plaintiff explain (because she cannot) how the filming of that song's video: (1) relates to her trademark infringement claim

[5] The Opposition misleadingly states that "the music video [was] for . . . THE LIFE OF A SHOWGIRL." Opp. at 27 (citing FAC ¶ 17). The FAC, however, is clear that the video is for *The Fate of Ophelia*; the words removed in the ellipsis are "the lead single from." Plaintiff's desperate attempt to ignore her own words is telling.



VENABLE LLP

involving the title of the Album; (2) could cause "confusion, mistake, or deception as to the origin, sponsorship, or association of Plaintiff's services," (FAC ¶ 97); or (3) results in unfair competition. The photographs taken at a Los Angeles theater (Opp. at 27 & Exs. 6-8), are similarly unrelated.

Ms. Swift's appearance at the 2026 iHeartRadio Music Awards show in California is even further afield. Opp. at 27. Indeed, the very article Plaintiff relies on to assert that Ms. Swift "came [to California] to promote the brand" (*id.*), definitively undermines the assertion. (Opp. Ex. 12 (in various acceptance speeches Ms. Swift encouraged younger artists to give themselves time to effectively learn their craft and "was inspired by the positivity she felt from fans on her record-breaking Eras Tour")). Ms. Swift was in attendance to receive the "Artist of the Year" award, among others, honoring her First Amendment-protected art, not to sell CDs or merchandise. This is nothing like the plaintiff in *Freestream*—cited by Plaintiff (Opp. at 28)—who voluntarily traveled to attend an industry conference and made defamatory statements about a competitor there. Ms. Swift made no commercial statements in her speech. Stretching an award show acceptance speech to constitute "advertising" (Opp. at 27) is ridiculous.[6]

***TASRM.*** Plaintiff's focus on purported licensing agreements with UMG and Bravado is misguided. First, Plaintiff fails to allege ongoing control—the "something more" Plaintiff's out of Circuit authority notes (Opp. at 29)—that is required for a licensing agreement to confer personal jurisdiction. *See* MTD at 22 (citing cases). Second, here, the license agreement is irrelevant as undisputed Declarations from Bravado and Republic (the UMG division that distributes Ms. Swift's albums) are clear that relevant actions taken by each of them occurred outside California. MTD at 25 (citing evidence). Plaintiff came forward with nothing to dispute them.

---

[6] Plaintiff's assertion that Ms. Swift "funded and drove" promotion in California based on random billboards, social media posts from users other than Ms. Swift, and third-party activations (Opp. at 30 & Exs. 13-18) is similarly unfounded.



VENABLE LLP

Plaintiff's continued focus on TASRM's operation of an online store (Opp. at 31), is also erroneous. As previously explained, making goods broadly available online without specific California-directed advertising does not support jurisdiction. MTD at 23 (citing cases). Plaintiff's new claim (not contained in the FAC) that the webstore's inclusion of a privacy disclaimer to comply with California law makes the "page built for this State's law and no other" (Opp. at 31) is easily refuted. When a user clicks on the relevant link, the user is taken to a Universal Music Group webpage (https://www.universalmusic.com/CCPA/) that includes information about privacy laws for residents of various states including Colorado, Connecticut, Utah, and Virginia. Complying with state privacy laws (as UMG-run sites do for all its artists) does not demonstrate any particular direction to or availment of California.

Recognizing that her allegations are insufficient, Plaintiff makes a half-baked affirmative request for jurisdictional discovery. To the extent this request can even be considered,[7] it is futile as none of the information sought (licensing agreements; records about *The Fate of Ophelia* music video shoot and similar photography; or unspecified "records of California sales" from Bravado/UMG) would provide the relevant contacts sufficient to confer personal jurisdiction over Ms. Swift or TASRM. *See, e.g.*, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of jurisdictional discovery where allegations focused on passive website in trademark action); *WebMagic Ventures, LLC v. Deux Ron, Inc.*, 2018 WL 6977425, at *4-5 (C.D. Cal. Aug. 22, 2018) (denying jurisdiction over Tennessee defendants in trademark action). No jurisdictional discovery is warranted.

* * *

In sum, the FAC is meritless and should be dismissed with prejudice.

[7] As a general matter, "a request for affirmative relief is not proper when raised for the first time in an opposition" *Smith v. Premiere Valet Servs.*, 2020 WL 7034346, at *14 (C.D. Cal. Aug. 4, 2020) (collecting cases); *Estate of Moore v. FH & HF-Torrance I, LLC*, 2022 WL 44002, at *2 (C.D. Cal. Jan. 4, 2022) (denying request for jurisdictional discovery in opposition brief as procedurally defective).



VENABLE LLP

Dated: September 23, 2026

VENABLE LLP

By: */s/ Max N. Wellman*
Max N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing reply is 10 pages, in compliance with the 10-page limit set forth in Section VII(D) of this Court's Standing Order.

Dated: September 23, 2026

By: /s/*Max N. Wellman*
Max N. Wellman