VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date: October 7, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |

Defendants submit this Reply in further support of their Request for Judicial Notice (Dkt. 57-4) ("RJN") in response to Plaintiff's Opposition (Dkt. 62) ("Opp.") to the same. For the reasons detailed herein and those in Defendants' initial RJN, the request should be granted.

Plaintiff does not dispute that the materials identified in the RJN are proper subjects of judicial notice in that they can and have been judicially noticed in other federal courts within the Ninth Circuit and around the country. Nor does she dispute that the Court can take judicial notice of materials on a Rule 12(b)(6) motion to dismiss. Likewise, Plaintiff does not challenge the authenticity of any of the materials contained within the RJN. She also admits that many of the materials are referred, but not attached, to the FAC (Opp. at 10-11)—an independent basis to consider them here. *See, e.g.*, *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024) (granting request for judicial notice of book incorporated by reference); *Weiss v. DreamWorks SKG*, 2015 WL 12711658, at *3-4 (C.D. Cal. Feb. 9, 2015) (granting request for judicial notice of television works referenced in plaintiff's complaint).

Plaintiff's principal challenge to the RJN is her characterization of the purposes for which Defendants rely on those materials. As set forth below, Plaintiff's arguments are misplaced and the RJN should be granted.

Separately, the Court should disregard Plaintiff's argument contained on pages 17 and 18 of the Opposition to the RJN as the argument (1) does not pertain to any of the RJN Exhibits, (2) asks the Court to disregard its own hearing transcript without citation to any relevant authority; and (3) asks the Court to disregard sworn declarations submitted in support of a Rule 12(b)(2) motion, which Plaintiff elsewhere concedes are permitted. *See* Opp. at 6.

## I. Dictionary Definitions (Exhibits 1 -3)

Plaintiff does not dispute or distinguish the caselaw cited by Defendants in support of judicial notice of dictionary definitions, nor does Plaintiff contest that

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

courts routinely take judicial notice of such definitions when evaluating a motion to dismiss. Opp. at 8. Critically, Plaintiff also does not challenge the authenticity of the dictionary definitions. Having conceded both the legal propriety and the authenticity of the materials, Plaintiff offers no basis for denial. Indeed, courts within the Ninth Circuit have consistently granted judicial notice of dictionary definitions when evaluating motions under Rule 12 to assess the descriptiveness and commonality of an alleged trademark—precisely the analysis at issue here. *See, e.g.*, *Threshold Enters Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 154 (N.D. Cal. 2020) (granting judicial notice of dictionary definitions and other materials to find genericism of trademark); *Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC*, 589 F. Supp. 2d 1211, 1219-20 (E.D. Cal. Nov. 13, 2008) (granting judicial notice of dictionary definitions among other materials to find alleged term meaning was descriptive/generic).

*Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) cited by Plaintiff (Opp. at 8) does not compel a different conclusion. The plaintiff in *Gerritsen* did not allege any trademark or unfair competition claims (as Plaintiff alleges here), and none of the parties in *Gerritsen* attempted to have the court take judicial notice of dictionary definitions.

## II. USPTO Materials (Exhibits 4 – 10)

Plaintiff concedes that courts can take judicial notice of USPTO records when evaluating Rule 12 motions, and does not dispute that the USPTO materials submitted here are authentic copies obtained from the USPTO. Opp. at 9, 10. Courts take judicial notice of USPTO records to evaluate descriptiveness and commonality of a plaintiff's alleged trademark, and to evaluate how a trademark has appeared in specimens of use submitted to the USPTO. *See, e.g.*, *Threshold Enters Ltd*, 445 F. Supp. 3d at 154 (granting judicial notice of dictionary definitions and USPTO materials to find plaintiff's mark was generic (i.e. weak)); *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (taking judicial

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

notice of USPTO trademark assignment records as public records and recognizing that trademark applications publicly available on the USPTO website are appropriate subjects of judicial notice); *Bertini v. Apple Inc.*, 2025 WL 735217, at *2 (N.D. Cal. Jan. 16, 2025) (taking judicial notice of USPTO specimens of use submitted in evaluating motion to dismiss plaintiff's claims); *Intuitive Imaging Informatics, LLC v. Intuitive Surgical Operations, Inc.*, 2024 WL 4404992, at *2-3 (C.D. Cal. Sept. 4, 2024) (taking judicial notice of USPTO copies of trademark registrations, applications, and specimens of use).

*Boldface Licensing + Branding v. By Lee Tillett, Inc.*, 940 F. Supp. 2d 1178 (C.D. Cal. 2013) cited by Plaintiff (Opp. at 9) does nothing to negate the above authority. As the *Boldface* court itself notes, some of the USPTO registration and application materials that the proponent attempted to introduce were "expired or have been cancelled due to non-use, and some of the applications have 'intent to use' status only." 940 F. Supp. 2d at 1191 n.13. It correctly reasoned that "[b]y their nature, those applications and canceled registrations cannot be proof that those marks are used in the marketplace and viewed by consumers." *Id.* Plaintiff does not contend that the USPTO materials in Exhibits 4 and 5 put forth by Defendants reflect cancelled registrations or registrations that are intent-to-use applications.[1] Whether the registrations provided by Defendants co-exist with Plaintiff's trademark on the USPTO register is not a conclusion requiring the Court to analyze the contents of the documents themselves. It is undisputed that the registrations are (1) live; and (2) registered with the USPTO.

Plaintiff cites no caselaw for the proposition that the Court cannot look to Plaintiff's own specimens of use submitted to the USPTO in Exhibit 6. In *Pait Solutions LLC v. Dejant Group Corp.*, the court judicially noticed a specimen of use submitted to the USPTO by a counterclaim plaintiff and reviewed the contents of

[1] These materials are not be confused with Exhibit 8, which is TASRM's intent-to-use application for THE LIFE OF A SHOWGIRL.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

the specimen to dismiss the claim. 2025 WL 2673635, at *5 n.3 (C.D. Cal. Aug. 1, 2025). Here, Plaintiff does not contend that the contents of her own specimens are false. Yet, she asks the Court to decline considering how she represented her trademark is used in commerce to the USPTO, a registration that Plaintiff refers to throughout the First Amended Complaint ("FAC"). *See, e.g.*, FAC ¶¶ 43, 73, 74. Much like Plaintiff attempts to plead around how the Album actually appears, Plaintiff has attempted to plead around how she has actually used her mark in commerce, further supporting judicial notice or deeming the materials incorporated by reference. RJN at 5. As Plaintiff concedes, courts notice "works whose comparison formed 'the basis of the FAC.'" Opp. at 12. Plaintiff's alleged trademark forms the basis of the FAC, and the Court should notice how she has represented it to the USPTO.

In any event, Plaintiff does not oppose judicial notice of Exhibits 7-10. Opp. at 10.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

### III. Images and Webpage Printouts displaying the Album (Exhibits 11-13)

Plaintiff does not challenge the authenticity of the images or Wayback Internet Archive materials. Plaintiff further admits that *Haas Automation, Inc. v. Steiner* "noticed the accused work itself," and *Weiss v. DreamWorks SKG* noticed the work that formed the basis of plaintiff's complaint. Opp. at 12. Plaintiff's Opposition does not explain how those instances are any different from what Defendants seek here with respect to the Album and corresponding promotional merchandise–the very materials over which Plaintiff claims infringement. Indeed, the notion that Plaintiff did not "deliberately omit references to documents upon which [her] claims are based" (Opp. at 11)—specifically, the Album—is difficult to credit.

Plaintiff's own authority, *David v. Blue Tongue Films*, cited in Plaintiff's Opposition to Defendants' RJN with respect to other materials (but tellingly absent with respect to photographs of the Album and promotional materials), takes notice of the disputed book and movie referenced within the complaint under the

incorporation by reference doctrine. 2024 WL 5182630, at *1 (9th Cir. Dec. 20, 2024).

**IV. IMDB.com and Amazon.com Materials (Exhibits 14 – 23)**

Plaintiff again does not dispute the authenticity of the webpage printouts (containing URLs, and dates) and does not dispute that courts take judicial notice of IMBD and Amazon pages on motions to dismiss. Opp. at 12-13. Likewise, Plaintiff's Opposition acknowledges that courts can take judicial notice of publicly available internet materials for the premise that the materials exist in the public domain—exactly what Defendants seek here. RJN at 6-7; *see, e.g.*, *EVO Brands*, 657 F. Supp. 3d at 1322–23 (taking judicial notice of Wayback Machine captures as reliable records of historical versions of a website); *Wang v. Zymergen Inc.*, 744 F. Supp. 3d 995, 1006 (N.D. Cal. 2024) (taking judicial notice of a Wayback Machine archive to establish the existence and contents of a webpage as it appeared on the indicated date).

Contrary to Plaintiff's assertions, Defendants do not contend that any of the expressive work titles depicted in RJN Exhibits 14-23 are trademark use (*see* RNJ at 6-7), and as such they do not require the Court to make any legal conclusions regarding the same. Instead, Defendants ask the Court to judicially notice the IMDB.com and Amazon.com materials to demonstrate that other parties' uses of the phrases "CONFESSIONS OF A," "OF A SHOWGIRL," and "SHOWGIRL" exist in the public domain within the entertainment field.

Again, Plaintiff's reliance on *Gerritsen* is not helpful to her. In that case, the court declined to take judicial notice of website materials from Wikipedia finding reasons why Wikipedia specifically was not a credible source of information given the many disclaimers present on the website, and the fact that any member of the public can edit the webpages at any given time. 112 F. Supp. 3d at 1028-29. In doing so, the court cited a number of other opinions where courts had also declined to take judicial notice of Wikipedia webpages. *Id.* Defendants do not ask the Court to take

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

notice of Wikipedia pages, and Plaintiff has not challenged the authenticity of the IMDB.com or Amazon.com webpages provided by Defendants.

**V. Federal Court Record (Exhibit 24)**

Plaintiff concedes that case filings in other federal actions have been judicially noticed, and does not contest that the answer in the *Hall* action is a true and correct copy of the pleading filed. Opp. at 14. Plaintiff further does not dispute that Defendants are free to submit evidence contradicting Plaintiff's pleading when moving under Rule 12(b)(2)—as Ms. Swift and TASRM have done here. Nor does there appear to be any remaining dispute that Ms. Swift is domiciled in Tennessee (or, at a minimum, not in California) (*see* Opp. at 14), thus, taking judicial notice of this fact does not "contradict the FAC."

At a minimum, Defendants' request for judicial notice is proper with respect to the *Hall* answer as it is offered in support of Defendants' 12(b)(2) motion to show that Ms. Swift is domiciled in Tennessee (not California), and that she is a resident of Tennessee (not California). RJN at 7-8; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, briefs, and other documents filed in separate court proceedings as matters of public record).

**VI. U.S. Federal Court Management Statistics**

Plaintiff's Opposition concedes that Federal Court Management Statistics have been judicially noticed for purposes of evaluating court congestion. Opp. at 15-16. That is exactly what Defendants seek here and is identical to other instances where courts have judicially noticed similar materials. RJN at 8-9; *see, e.g.*, *Quality Office Furnishing, Inc. v. Allsteel, Inc.*, 2017 WL 11662670, at *6, n.1 (C.D. Cal. June 23, 2017) (finding statistics published on the United States Courts' website properly subject to judicial notice). Plaintiff also does not contest the authenticity of the statistics provided by Defendants. Opp. at 15-16.

**VII. New York Department of State Record (Exhibit 26)**

Again, Plaintiff does not dispute the authenticity of the NY Department of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

State Record, or that NY Department of State records have been judicially noticed at the motion dismiss stage. Opp. at 15. Plaintiff further does not dispute what the record shows—that Defendant Bravado is registered to do business in New York—and thus should be granted. *See, e.g.*, *Markel v. Union of Orthodox Jewish Congregations of Am.*, 648 F. Supp. 3d 1181, 1185 (C.D. Cal. 2023), *aff'd*, 124 F.4th 796 (9th Cir. 2024) (taking judicial notice of publicly available New York court records and corporate filings as matters of public record).

**VIII. News Articles (Exhibits 27, 28, 29)**

Plaintiff's Opposition again does not dispute the authenticity of the news articles contained within Defendants' RJN. Opp. at 16. Plaintiff also does not dispute that courts have judicially noticed news articles for the purpose of noticing facts widely known in the public realm. *Id.* That is exactly what Defendants' RJN asks the Court to do—judicially notice public news articles for the fact that as of March 12, 2024 it was widely known and in the public realm that the Republic Records label is an "east coast-based label." RJN at 10; *see, e.g.*, *EVO Brands*, 657 F. Supp. 3d at 1323 (taking judicial notice of a Wall Street Journal article to establish what information was in the public realm at the time); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of newspapers, magazines, and books to establish what information was in the public realm at the time).

**IX. Public Social Media Pages and Contact Pages (Exhibits 25, 30, 31)**

Plaintiff's Opposition again does not dispute that courts take judicial notice of social media pages, and Wayback Internet Archive pages. Opp. at 17. Further, Plaintiff does not dispute that the exhibits provided by Defendants are authentic, and does not dispute that courts have taken judicial notice of a defendant's website pages offered by a defendant when evaluating a motion to dismiss *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, n.1 (N.D. Cal. Dec. 10, 2020) (judicially noticing screenshots from defendant's website in connection with defendant's

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

motion to dismiss). The social media pages and Wayback Internet Archive page here are publicly available, readily verifiable, and not subject to reasonable dispute. Nothing more is required.

For these reasons, and those in the RJN, the Court should take Judicial Notice of Exhibits 1 – 31 and publicly available Federal Court Management Statistics.

Dated: September 23, 2026

VENABLE LLP

By: */s/ Max N. Wellman*

Max. N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## CERTIFICATE OF COMPLIANCE

To the extent required, the undersigned hereby certifies that the foregoing reply in support of judicial notice is under 8 pages, in compliance with the 10-page limit set forth in Section VII(D) of this Court's Standing Order.

Dated: September 23, 2026

By: /s/*Max N. Wellman*
Max N. Wellman