VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MAREN FLAGG, an individual,

Plaintiff,

v.

TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE [DKT. 65]**

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Defendants submit this response to Plaintiff's Notice [Dkt. 65] (the "Notice") to highlight that the Notice is both irrelevant and improper. Submitting this "Notice" after the close of motion to dismiss briefing is another desperate attempt to create the illusion of confusion where none exists and to evade the court's briefing rules. First, the USPTO filing that Plaintiff submitted is irrelevant to Plaintiff's claims, and certainly to any outstanding motion or submission. Second, in any event, the Notice is an improper sur-reply to Defendants' Motion to Dismiss ("MTD") and Request for Judicial Notice submitted without leave of Court. The Court should give no credence to this inapt submission.

**1. The Cited USPTO Non-Final Office Action is Irrelevant, and Has No Effect Here.**

Plaintiff's Notice and the exhibit attached are irrelevant to Defendants' MTD or any other pending motion. Put simply, the September 22, 2026 USPTO notice does not add *any* new information or commentary related to Plaintiff's trademark. Instead, it merely updates prior-filed information about a third-party mark (not Plaintiff's) which has now registered. It is also, as with the prior notice, expressly "non-final." Plaintiff's attempt to invent relevance to this case out of the USPTO examiner's discussion of dominant phrasing with respect to that third-party registration is misplaced, and has nothing to do with this Court's applicable legal standard, or its analysis of *Plaintiff's* mark. As has been previously explained, the confusion analyses performed by the USPTO and federal courts are different, which is why USPTO determinations are given little weight in this separate forum. *See* Defendants' Reply in Support of MTD [Dkt. 63] ("MTD Reply") at 5; Defendants' Opposition to Motion for Preliminary Injunction [Dkt. 40] at 15.

Plaintiff's further attempt to challenge Defendants' statement in the MTD Reply that "TASRM has never represented it used the Album title as a source identifier in U.S. commerce" is odd, as nothing in the cited USPTO filing contradicts it. *See* Notice at 3 (referencing a statement about a foreign application, which was

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

also filed on an intent to use basis). Again, this has nothing to do with Artist's musical Album in the U.S., let alone the resolution of any pending motion before this Court.

**2. Plaintiff's Notice Violates L.R. 7-10 And Is An Improper Sur-Reply.**

In any event, the Notice should not even be considered as it is procedurally improper. While Plaintiff's filing is styled as a "Notice," like her "Opposition to Defendants' Request for Judicial Notice," the purpose of this filing is to improperly counter arguments made within Defendants' MTD Reply outside of her allotted page limit and briefing schedule. *See* Notice at 2-3 (recounting what the "MTD Reply describes" and attempting to respond to the same). Under the U.S. District Court for the Central District of California Local Rules (L.R. 7-10), "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." As Plaintiff's "Notice" was filed without leave of Court and attempts to counter arguments made in Defendants' MTD Reply (and request for judicial notice) it constitutes an improper sur-reply and should not be considered. To the extent Plaintiff's "Notice" asks the Court to take judicial notice of the non-final USPTO filing as an additional exhibit, it has also been improperly submitted as it hasn't been styled as a motion or request and it fails to comply with the local rules regarding the same.

For these reasons, the "Notice" should be disregarded by this Court.

Dated: September 25, 2026

VENABLE LLP

By: */s/ Max N. Wellman*
Max. N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**CERTIFICATE OF COMPLIANCE**

To the extent required, the undersigned hereby certifies that the foregoing response is 2 pages, in compliance with limits set forth in Section VII(D) of this Court's Standing Order.

Dated: September 25, 2026

By: /s/*Max N. Wellman*
Max N. Wellman