VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: December 9, 2026<br>Time: 1:30 PM<br>Place: Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Defendants submit this Supplemental Brief pursuant to the Court's September 30, 2026 Order. Dkt. 67 (the "Order"). The Order asked the Parties to address how a USPTO September 22, 2026 Nonfinal Office Action ("OA") impacts Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("MTD") and Plaintiff's Opposition thereto. The answer is simple: it does not. The only new issue raised in the OA concerns a completely unrelated non-party mark and does not include any new information related to Plaintiff's Mark. The OA does nothing to change that: (1) Ms. Swift's Album *The Life of a Showgirl* (the "Album") is an expressive work; (2) Plaintiff has failed to adequately allege a likelihood of confusion between the Album and her Mark CONFESSIONS OF A SHOWGIRL; (3) there is no basis for secondary liability; (4) Plaintiff's California Unfair Competition Law ("UCL") claim fails as a matter of law; or that (5) Ms. Swift and TASRM are not subject to personal jurisdiction.

The OA says nothing new about Plaintiff's Mark. Instead, it focuses on a non-party registration for the mark "SHOWGIRL" (the "Non-Party Registration"), that is owned by a perfume company with no connection to this lawsuit. The OA is also preliminary (it is expressly "nonfinal"), reflects nothing more than a single USPTO examiner's initial view, applies a different likelihood-of-confusion standard than the one this Court applies, and provides analysis regarding *a mark that is not included in this lawsuit*. It is not binding on this Court, and is entitled to no deference.

In short, the OA does not affect Defendants' arguments in the MTD, and it does not cure any of the First Amended Complaint's ("FAC") many defects. The Court should disregard the OA and grant the MTD.

**1. The Preliminary OA Concerns an Unrelated, Non-Party Registration**

The September 22, 2026 expressly *nonfinal* OA is part of the USPTO file for TAS Rights Management LLC's ("TASRM") intent-to-use application for THE LIFE OF A SHOWGIRL (the "Application"). Although it "incorporates by reference the arguments presented in the November 5, 2025 [nonfinal] Office

Action"[1] regarding Plaintiff's Mark, the OA adds no new information or commentary about Plaintiff's Mark whatsoever. Instead, it focuses on a Non-Party Registration (Reg. No. 8277122) for "SHOWGIRL" in Class 3, covering "Fragrances; Perfume; Eau de perfume." The Non-Party Registration registered in May 2026. Months later, the USPTO has relied on it to raise a preliminary Section 2(d) objection to International Classes 4 (candles), 14 (jewelry), 18 (bags), 25 (apparel), and 35 (retail store services) in TASRM's intent-to-use Application. Defendants are aware of no relationship between Plaintiff and the Non-Party Registration's owner, a perfume company called Harlem Perfume Co.

Additionally, the OA asks TASRM to clarify its identification of goods and services in Classes 9, 16, and 41, and to state whether it "intends to rely on and perfect §44(e) as an additional basis" for the intent-to-use Application. Neither request has anything to do with Plaintiff's trademark or the MTD. And TASRM already expressly represented to the USPTO on March 3, 2026 (as part of the USPTO record) that it was not perfecting the Application under Section 44(e)—a basis for registration typically available to foreign applicants that own a home country registration for the same mark/goods/services, which is not an option for TASRM here.[2] TASRM will respond to the OA in due course, in compliance with USPTO requirements and timelines.

**2. The OA Has No Relevance to the Motion To Dismiss**

The OA is irrelevant to the MTD. As shown above, it adds no new information or commentary about Plaintiff's Mark, instead focusing on a Non-Party Registration owned by a stranger to this case. Plaintiff never mentions the Non-Party Registration in her FAC, and she claims no affiliation with its owner. Nor do any of the non-party goods or services discussed in the OA bear any relationship to Plaintiff's alleged

[1] The FAC mentions the November 5, 2025 Nonfinal Office Action, but does not attach it. *See* FAC ¶ 59.

[2] TASRM's response to the USPTO inquiry is publicly available via this link: https://tsdr.uspto.gov/documentviewer?caseId=sn99331566&docId=PNR20260303115537&linkId=4#docIndex=3&page=1 (TASRM counsel stating "we are not perfecting 44(e)").

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

goods or services. Plaintiff has never alleged, for example, that Plaintiff sells goods or services in International Classes 4 (candles), 14 (jewelry), 18 (bags), 25 (apparel), or 35 (retail store services). The services covered by Plaintiff's registration remain exactly as they were before the OA issued, and the preliminary objection related to Plaintiff's Mark itself also remains exactly as it was before the OA issued. In short, nothing about Plaintiff's rights, her allegations, or the deficiencies Defendants identified in the MTD or the FAC have changed. Nothing about the USPTO's findings regarding Plaintiff's Mark have changed either.

Based on Plaintiff's now-stricken "Notice," Defendants anticipate that Plaintiff will attempt to challenge Defendants' statement in the MTD Reply that "TASRM has never represented it used the Album title as a source identifier in U.S. commerce." Dkt. 63 at 3. This statement remains true, just as it was when the MTD Reply was filed, and nothing in the OA contradicts it.

Defendants further anticipate that Plaintiff will try to manufacture relevance from Defendants' MTD statement that the prior nonfinal office action citing Plaintiff's Mark was "partial, affecting none of the Application's Classes 14, 15, 16, 18, 20, 21, 24, 25, 26, 28, or 35." MTD at 7. That statement remains accurate as to Plaintiff's Mark, and the refusal remains limited solely to Classes 9 and 41 in connection with the same. While the OA touches on Classes 4, 14, 18, 25, and 35, it is partial, and only with respect to the Non-Party Registration.

Finally, Defendants anticipate that Plaintiff will attempt to invent relevance from the examiner's discussion of the dominant wording in the Non-Party Registration. That discussion has nothing to do with the legal standard this Court applies (*see infra* Section 3), and even less to do *with Plaintiff's Mark*. Plaintiff's Mark contains four words; the Non-Party Registration contains <u>one</u>. A single word is "dominant" by default because nothing else in the mark competes with it. Whether that lone word dominates the Non-Party Registration reveals nothing about how the four words in Plaintiff's Mark should be weighed. Plaintiff cannot impute

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

preliminary USPTO findings about one mark to another.

Because the OA is irrelevant to Plaintiff's Mark, the MTD, and the legal standards applied by this Court, the Court should decline to take judicial notice of, or otherwise consider, it. *Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1298 n.6 (9th Cir. 2015) (denying judicial notice "on the grounds that the documents to be noticed are irrelevant"). But even if the Court considers the OA, it has no bearing on the arguments before the Court. As Defendants explained in the MTD and MTD Reply, the Album is an expressive work, and the *Rogers v. Grimaldi* framework bars Plaintiff's claims. A nonfinal office action concerning an intent-to-use Application does not change that. Nor does it cure the FAC's independent defects: Plaintiff still has not alleged facts supporting any likelihood of confusion under *Sleekcraft*, secondary liability, or a viable UCL claim. Nor does the OA cure the FAC's personal jurisdiction deficiencies as to Ms. Swift and TASRM. An office action about a Non-Party Registration cannot supply the facts Plaintiff's FAC lacks.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**3. The OA Is Not Binding On This Court and Deserves No Weight**

Even if the OA were relevant (it is not), it would carry no weight here. As Defendants have already explained in the MTD and Preliminary Injunction briefing, the USPTO and federal courts conduct fundamentally different likelihood-of-confusion analyses. MTD Reply at 5; Defendants' Opp. to Motion for Preliminary Injunction (Dkt. 40) at 15. The USPTO generally focuses on "a comparison of the marks in the abstract, whereas courts assess the market as it actually exists," which is why USPTO determinations carry little weight in this separate forum. *Blue Bottle Coffee, LLC v. Liao*, 2024 WL 2061259, at *12-14 (N.D. Cal. May 7, 2024) (citing cases); *accord Sarieddine v. Connected Int'l Inc.*, 2025 WL 1513777, at *2 (9th Cir. May 28, 2025) (affirming decision of district court "giving minimal weight to the USPTO" office action). The Ninth Circuit has recognized this principle for more than fifty years, and treats USPTO determinations as "inconclusive since made at its lowest

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

administrative level," and as "less persuasive still" because the USPTO lacks "the great mass of evidence" later presented to the courts. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970).

Other circuits agree. "[A] trademark examining attorney's opinion is not entitled to a procedural presumption or a reasonable inference drawn in its favor in circumstances when the USPTO fails to consider the same evidence that is subsequently placed in front of the district court." *Progressive Distrib. Servs., Inc. v. United Parcel Servs. Inc.*, 856 F.3d 416, 426 (6th Cir. 2017) (citing *Carter-Wallace*, 434 F.2d at 802); *see also Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 850 (7th Cir. 2023) (holding district court did not err by not giving weight to preliminary office action).

That reasoning applies with even greater force here. The OA is not a preliminary view about Plaintiff's Mark at all; it is a nonfinal, preliminary finding about *a different entity's mark*, and it has nothing to do with how Plaintiff's Mark or the Album appear to consumers. If a USPTO conclusion about the marks actually in dispute does not control (*see Blue Bottle Coffee*, 2024 WL 2061259, at *12-14 (finding marks dissimilar "contrary to the USPTO's conclusion"); *accord Sarieddine*, 2025 WL 1513777, at *2), then a nonfinal office action concerning a *non-party's* registration is entitled to no weight whatsoever. It cannot supply what the FAC lacks, and it should play no role in the Court's resolution of Defendants' MTD.

* * *

For these reasons, the OA does not inform the MTD. The Court should disregard the OA and should grant the Motion to Dismiss for the reasons explained in Defendants' prior briefing.

Dated: October 9, 2026

VENABLE LLP

By: */s/ Max N. Wellman*

Max. N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing response is 5 pages, in compliance with limits set forth in the Court's September 30, 2026 Order (Dkt. 67).

Dated: October 9, 2026

By: /s/*Max N. Wellman*
Max N. Wellman