VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY**<br><br>Date: February 10, 2027<br>Time: 1:30 PM<br>Place: Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 10, 2027 or as soon thereafter as the matter may be heard before the Honorable Serena Murillo, in Courtroom 5D (5th Fl.) of the First Street U.S. Courthouse, 350 West First Street, Los Angeles, CA 90012, Defendants Taylor Swift ("Ms. Swift"); TAS Rights Management, LLC ("TASRM"); UMG Recordings, Inc. ("UMG"); and Bravado International Group Merchandising Services Inc. ("Bravado") (collectively, "Defendants"), will and hereby do move for an order under Federal Rule of Civil Procedure 26(c) staying all discovery until the Court rules on Defendants' pending Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 57) (the "MTD").

This Motion is made on the following grounds:

1. The Court has broad discretion under Fed. R. Civ. P. 26(c) to stay discovery pending resolution of a potentially dispositive motion where, as here, a stay will promote judicial efficiency and spare the parties undue burden and expense.
2. A temporary stay is warranted because the MTD is likely to be dispositive, and proceeding with discovery now risks wasting the resources of the Court and the parties on claims and parties that may not survive. The MTD will likely dispose of:
    a. the entire Action under Fed. R. Civ. P. 12(b)(6), because each of Plaintiff's claims fails to state a claim, eliminating any need for discovery; or, at a minimum,
    b. multiple claims under Fed. R. Civ. P. 12(b)(6), substantially narrowing the issues on which any discovery could properly be directed; and
    c. all claims against Ms. Swift and TASRM for lack of personal jurisdiction, eliminating any need for discovery from those Defendants.

3. No discovery is needed to decide the MTD because Plaintiff's claims fail as a matter of law on the face of her pleading. *The Life of a Showgirl* album (the "Album") is an expressive work protected by the First Amendment, and Plaintiff's claims are therefore barred under the *Rogers v. Grimaldi* doctrine. Plaintiff also pleads no facts supporting any likelihood of confusion. Because her direct infringement claims fails, so do her secondary theories (which are inadequately pled in any event). And her California Unfair Competition Law ("UCL") claim fails because she (1) seeks to apply the statute impermissibly beyond California's borders; and (2) pleads no anti-competitive conduct as the UCL's "unfair" prong requires.

4. By seeking jurisdictional discovery in response to the MTD, Plaintiff effectively concedes that her current allegations do not establish that Ms. Swift or TASRM purposefully directed any relevant conduct at California, which is the very showing personal jurisdiction requires.

Pursuant to Local Rule 7-3, counsel for Defendants held a meet-and-confer with Plaintiff's counsel about the issues raised in this Motion on October 22, 2026. Plaintiff declined to agree to stay discovery pending a ruling on Defendants' dispositive MTD, thus Court intervention is required to resolve this Motion.

In support of the Motion, Defendants submit a Declaration of Katherine Wright Morrone ("Morrone Decl."), which sets forth facts in support of this motion and, pursuant to L.R. 7-3, details Defendants' compliance with the local rule conference of counsel prior to filing motions requirement.

A proposed order granting Defendants' Motion is simultaneously submitted to the Court pursuant to L.R. 5-4.4. and the Court's Standing Order for Civil Cases III.C.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Dated: October 30, 2026

VENABLE LLP

By: */s/ Max N. Wellman*

Max. N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. RELEVANT PROCEDURAL POSTURE .......... 2

A. Plaintiff's Claims and Defendants' Original Motion to Dismiss .......... 2

B. Defendants' Motion to Dismiss the First Amended Complaint for Failure to State a Claim, and Lack of Personal Jurisdiction .......... 2

C. Plaintiff Demands Discovery Before Any Schedule Has Been Set and While the Dispositive MTD Is Pending .......... 4

II. LEGAL STANDARD .......... 5

III. ARGUMENT .......... 6

A. A Stay of Discovery Is Warranted Given the Pending MTD .......... 6

B. The Motion to Dismiss Can Be Decided Without Discovery .......... 9

C. Plaintiff Has Already Demonstrated Intent to Seek Burdensome Discovery Disproportionate to Her Claims .......... 10

D. A Stay Will Promote Judicial Efficiency, Will Not Affect Any Current Deadlines, and Will Not Harm Plaintiff .......... 12

IV. CONCLUSION .......... 13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Activision Publ'g, Inc. v. Warzone.com, LLC*,
2022 WL 22960724 (C.D. Cal. Feb. 15, 2022) .......... 6

*Apothio, LLC v. Kern Cnty.*,
2023 WL 2655847 (E.D. Cal. Mar. 27, 2023) .......... 8, 9, 13

*Calvary Chapel S.J. v. Cody*,
2021 WL 5353883 (N.D. Cal. Nov. 12, 2021) .......... 9

*Dillinger, L.L.C. v. Elec. Arts, Inc.*,
2010 WL 1945739 (S.D. Ind. May 11, 2010) .......... 7

*Gastineau v. ESPN, Inc.*,
2025 WL 2733155 (S.D.N.Y. Sep. 24, 2025) .......... 6, 7, 11, 12

*Hewlett Packard Enter. Co. v. Inspur Grp. Co.*,
2024 WL 4631665 (N.D. Cal. Oct. 29, 2024) .......... 10

*Howard v. Las Animas Cnty. Sheriff's Off.*,
2009 WL 3536655 (D. Colo. Oct. 22, 2009) .......... 8

*Ledwidge v. Fed.l Deposit Ins. Co.*,
2025 WL 885845 (N.D. Cal. Mar. 21, 2025) .......... 12

*Malone v. Walt Disney Parks & Resorts U.S. Inc.*,
2025 WL 3725649 (C.D. Cal. Oct. 8, 2025) (SRM) .......... 5, 7, 8, 10, 11

*In re Nexus 6p Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .......... 8

*Ningbo Yituo Enters. Mgmt. Co. Ltd. v. Goplus Corp.*,
2025 WL 2995116 (C.D. Cal. Sep. 18, 2025) .......... 5

*Pino v. Trujillo*,
2018 WL 11514381 (D.N.M. Dec. 7, 2018) .......... 8

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .......... 12

*Speaks v. Emps.s Holdings Inc.*,
2023 WL 4561451 (D. Nev. July 17, 2023) .......... 11

*Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*,
2019 WL 9667685 (E.D. Cal. Dec. 20, 2019) .......... 13

*Tradebay, LLC v. eBay, Inc.*,
278 F.R.D. 597 (D. Nev. 2011) .......... 13

*Wenger v. Monroe*,
282 F.3d 1068 (9th Cir. 2002) .......... 5

*Williams-Sonoma, Inc. v. Last Brand, Inc.*,
2026 WL 1301007 (N.D. Cal. May 12, 2026) .......... 8, 10

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
2022 WL 19236923 (C.D. Cal. Sep. 6, 2022) .......... 7

**Statutes**

California Unfair Competition Law .......... 3

Lanham Act .......... 3, 6, 8, 9, 10, 12

Plaintiff's Lanham Act .......... 7

UCL .......... 1, 3, 6, 9, 12

**Other Authorities**

First Amendment .......... 1, 3, 6, 7, 8

Federal Rule of Civil Procedure 26(c) .......... 1

Rule 12(b)(2) .......... 2

Rule 12(b)(6) .......... 2, 8

Rule 26 .......... 1, 4

Rule 26(c)(1) .......... 5

Rule 26(f) .......... 4, 12, 13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26"), Defendants respectfully move for an order staying discovery until the Court rules on Defendants' pending, likely dispositive Motion to Dismiss.

Defendants submit this Motion to Stay Discovery because their pending Motion to Dismiss ("MTD") is likely to dispose of, or substantially narrow, the claims, parties, and issues in this Action. Defendants' MTD turns on threshold legal questions—failure to state a claim upon which relief can be granted as to all Defendants, and lack of personal jurisdiction over Ms. Swift and TASRM—that require no discovery to resolve. Defendants' MTD is fully briefed and scheduled to be heard by the Court on December 9, 2026. Under these circumstances, proceeding now with burdensome discovery (as Plaintiff seeks to do) would be premature and inefficient.

Indeed, Plaintiff has already amended once, and her FAC still fails on every claim: (1) the title and associated promotional goods related to Taylor Swift's twelfth studio album, titled *The Life of a Showgirl* (the "Album"), are protected First Amendment expression requiring dismissal under *Rogers v. Grimaldi*; (2) no plausible facts have been alleged, and consumers are unlikely to believe, that Plaintiff's cabaret-style goods and services are affiliated with or sponsored by Ms. Swift or the Album; (3) Plaintiff's secondary liability theories collapse because she cannot establish direct infringement and has not plead facts supporting them; (4) the UCL does not apply extraterritorially; and (5) Plaintiff has not pleaded (and cannot plead) facts supporting the "unfair" prong of the UCL, which requires conduct tantamount to an antitrust violation. Plaintiff has also failed to plead facts establishing personal jurisdiction over Ms. Swift or TASRM (which Plaintiff has effectively conceded, given her purported need for jurisdictional discovery).

At a minimum, given the numerous deficiencies in the FAC, the MTD is likely to significantly narrow the claims, the parties, and the scope of discovery. And, if

any portion of the Action survives the MTD, certain Defendants will be asserting counterclaims against Plaintiff which would further change the scope of discovery. A temporary stay pending a ruling on the MTD is the efficient and practical course. Notably, Plaintiff has identified no prejudice she would suffer from a brief stay (because there is none), despite repeated correspondence and a conference between the parties before this Motion. With the case at its earliest stage, there is no reason to force the Parties and the Court into piecemeal discovery that may soon be rendered unnecessary. Defendants' Motion should be granted.

## I. RELEVANT PROCEDURAL POSTURE

### A. Plaintiff's Claims and Defendants' Original Motion to Dismiss

On March 30, 2026, Plaintiff filed this action asserting federal trademark and California unfair competition claims based on her mark CONFESSIONS OF A SHOWGIRL ("Plaintiff's Mark"). *See* Dkt. 1. She complains about the title and associated promotional goods related to Ms. Swift's Album, titled *The Life of a Showgirl*. On May 26, 2026, Defendants moved to dismiss on two independent grounds: the Court lacks personal jurisdiction over Ms. Swift and TASRM, and the complaint fails to state a claim because its core reverse confusion theory—that consumers will believe Plaintiff's cabaret-style goods and services are affiliated with or sponsored by Ms. Swift—is unsupported and unbelievable on its face. *See* Dkt. 44. Rather than defend her pleading, Plaintiff abandoned it. On June 16, 2026, she filed an amended complaint, effectively conceding that her original claims could not survive. *See generally* Dkt. 50, Plaintiff's First Amended Complaint ("FAC").

### B. Defendants' Motion to Dismiss the First Amended Complaint for Failure to State a Claim, and Lack of Personal Jurisdiction

The FAC fared no better, repackaging the same defective theories without curing them. On June 30, 2026, Defendants filed the pending MTD, seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to every claim and under Rule 12(b)(2) for lack of personal jurisdiction

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

over Ms. Swift and TASRM. *See generally* Dkt. 57. The MTD sets out multiple independent 12(b)(6) grounds, any one of which warrants dismissal of this Action in whole or in part: (1) Plaintiff's claims are barred by the First Amendment under *Rogers v. Grimaldi*, because "*The Life of a Showgirl*" is indisputably expressive as the Album's title (and the title of its featured track), and Plaintiff does not—and cannot—plausibly allege that it lacks artistic relevance or is explicitly misleading (or misleading at all); (2) Plaintiff fails to allege any plausible likelihood of confusion between Plaintiff's Mark and Defendants' Album or promotional goods, which defeats both her Lanham Act and California Unfair Competition Law ("UCL") claims; (3) Plaintiff's secondary liability theories collapse because she cannot establish direct infringement and pleads no facts supporting contributory or vicarious liability; (4) Plaintiff's UCL claims seek an impermissible extraterritorial application of California law, as Plaintiff is not a California resident and alleges no relevant conduct emanating from, or injury suffered in, California; and (5) Plaintiff pleads no anticompetitive conduct, as required to proceed under the UCL's "unfair" prong. *See generally* Dkt. 57.

On September 16, 2026 Plaintiff opposed the MTD, and included therein a request for jurisdictional discovery. *See* Dkt. 61. Defendants filed their Reply in Support of the MTD on September 23, 2026. Dkt. 63. Thereafter, the Court sought supplemental briefing on a limited issue, which the Parties have submitted. *See* Dkts. 67, 71, 72. Plaintiff has since twice sought leave to supplement her Opposition to the MTD with regard to her personal jurisdiction position, and has made a request for even broader jurisdictional discovery than she originally included in her Opposition. Dkts. 68, 73. Briefing on the requests to supplement and for extensive jurisdictional discovery is ongoing and should conclude in the coming weeks. The Court has set a hearing date for the MTD on December 9, 2026. Dkt. 67.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

### C. <u>Plaintiff Demands Discovery Before Any Schedule Has Been Set and While the Dispositive MTD Is Pending</u>

Despite the pending dispositive MTD, on October 6, 2026, Plaintiff's counsel emailed Defendants' counsel seeking to schedule a Rule 26(f) discovery conference. Morrone Decl. ¶ 3. Defendants explained that at this stage holding a Rule 26(f) conference was premature because the pending MTD makes it unclear which, if any, claims or parties will ultimately continue in the case. *Id.* ¶ 7. Defendants further explained that opening discovery now would waste the resources of both the Court and the parties, particularly because Plaintiff has asked the Court for jurisdictional discovery regarding Ms. Swift and TASRM—a request reinforcing that the scope of any discovery cannot be determined until the MTD is resolved. *See id.* Undeterred, on October 15, 2026, Plaintiff renewed her demand and threatened to unilaterally file a Rule 26(f) report with the Court if Defendants did not agree to a conference. *Id.* ¶ 8. Defendants responded that, if Plaintiff insisted on filing a unilateral report, they would have no choice but to seek a stay of discovery pending resolution of the MTD. *Id.* ¶ 9. Defendants also noted that the Court's own practice rules contemplate that a motion to stay discovery may obviate the early Rule 26(f) conference and report requirement. *See id.* ¶ 11; Standing Order for Civil Cases, Section V.C (noting the parties "should" proceed under Rule 26 "[u]nless there is a likelihood that, upon motion by a party, the Court would order that discovery be stayed").

On October 22, 2026, the parties met and conferred regarding the instant Motion but were unable to reach agreement, necessitating Court intervention. *See* Morrone Decl. ¶ 12. During the call, Defendants also explained that commencing discovery now would be inefficient for an additional reason: certain Defendants anticipate asserting counterclaims against Plaintiff if any portion of the Action survives the MTD, which would change the scope of discovery and require the Parties to duplicate their efforts. *See id.* At no time did Plaintiff identify any harm that she would suffer from a temporary stay of discovery. *See id.* ¶ 13 & Ex. 1.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

The case remains at its earliest stage. To date, no order setting an initial case management conference has been entered; no discovery has been propounded; no discovery deadlines have been ordered; and no trial date has been set. A stay of discovery will therefore delay nothing.

## II. LEGAL STANDARD

District courts have broad discretion to stay discovery, and courts in this Circuit routinely exercise that discretion to grant requested stays where, as here, a potentially dispositive motion is pending. *See, e.g., Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss); *Malone v. Walt Disney Parks & Resorts U.S. Inc.*, 2025 WL 3725649, at *1-2 (C.D. Cal. Oct. 8, 2025) (SRM) (granting stay of discovery pending outcome of dispositive motion); *Ningbo Yituo Enters. Mgmt. Co. Ltd. v. Goplus Corp.*, 2025 WL 2995116, at *2, *4 (C.D. Cal. Sep. 18, 2025) (citing cases and staying discovery). That authority flows directly from Rule 26(c)(1), which empowers courts to issue protective orders shielding a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A stay is especially warranted where it "furthers the goal of efficiency for the court and litigants," sparing both the parties and the Court the cost of discovery that resolution of the pending motion may render unnecessary. *Malone*, 2025 WL 3725649, at *1 (internal quotation omitted).

Courts in this District apply a two-part test to determine whether good cause supports a stay of discovery: (1) whether the pending motion is potentially dispositive of the entire case, or at least of the issues at which discovery is aimed; and (2) whether the motion can be decided without additional discovery. *Ningbo Yituo*, 2025 WL 2995116, at *2 (citation omitted). Courts may also weigh "any other factors particular to the case," including the absence of prejudice to the plaintiff and the ease with which discovery deadlines can be adjusted. *Malone*, 2025 WL 3725649, at *1 (citing *Salas v. Whirlpool Corp.*, 2024 WL 6050054, at *1 (C.D. Cal.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Apr. 1, 2024)). Here, every one of these considerations points the same way: Defendants' MTD is potentially dispositive, it can be resolved without any discovery, and a stay will cause Plaintiff no cognizable prejudice. A stay of discovery pending the outcome of Defendants' MTD should be issued.

## III. ARGUMENT

### A. A Stay of Discovery Is Warranted Given the Pending MTD

A stay is warranted because the Court's ruling on the pending MTD is likely to end this case entirely, or at a minimum dramatically narrow the scope and burden of any forthcoming discovery. Defendants' MTD presents multiple independent grounds, any one of which would dispose of this Action—or at a minimum exclude several claims or parties—entirely. Those grounds include failure to state a claim on several independent bases as to all Defendants and lack of personal jurisdiction as to Ms. Swift and TASRM. *See generally* MTD.

On failure to state a claim, each turns on a threshold question of law that requires no discovery to resolve: (1) the Album is an expressive work protected by the First Amendment, and dismissal under *Rogers v. Grimaldi* is proper; (2) Plaintiff failed to plead facts supporting any likelihood of confusion between the Album and Plaintiff's alleged trademark; (3) Plaintiff's secondary liability theories collapse because she cannot establish direct infringement (and pleads no facts supporting them); (4) California's UCL does not apply extraterritorially; and (5) Plaintiff fails to plead any anti-competitive conduct, as the UCL's "unfair" prong requires. *See generally* MTD, Dkt. 57. Where, as here, a Lanham Act defendant's pending dispositive motion invokes the *Rogers* doctrine, courts routinely stay discovery pending a ruling, recognizing that the First Amendment interests at stake counsel against subjecting expressive works to burdensome discovery before the threshold question is resolved. *See, e.g., Gastineau v. ESPN, Inc.*, 2025 WL 2733155, at *2 (S.D.N.Y. Sep. 24, 2025) (granting defendants' motion to stay discovery); *see also Activision Publ'g, Inc. v. Warzone.com, LLC*, 2022 WL 22960724, at *2 (C.D. Cal.

Feb. 15, 2022) (granting stay of discovery pending motion to dismiss with First Amendment defenses at issue); *Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1-2 (S.D. Ind. May 11, 2010) (granting stay of discovery in trademark infringement action during pendency of motion to dismiss where First Amendment defenses were raised).

As in *Gastineau*, where the court stayed discovery pending resolution of a motion to dismiss raising a *Rogers* defense, Defendants here have moved to dismiss Plaintiff's claims under the *Rogers* doctrine, and the case for a stay is even stronger. The Album is quintessential First Amendment expression, and the *Rogers* defense is only one of several independently dispositive grounds all Defendants have raised. Where threshold legal issues like these are squarely presented at the pleading stage, a stay of discovery is appropriate, and the Court should stay discovery until it has ruled on the Motion to Dismiss. *Malone*, 2025 WL 3725649, at *2.

Even if the Court does not dismiss the Action in its entirety (Defendants submit it should), a ruling on the MTD will almost certainly eliminate claims, Defendants, or both, and narrow the scope of discovery accordingly. Because Defendants' grounds for dismissal are distinct and claim-specific, each provides an independent basis for dismissal. For example, the UCL's lack of extraterritorial reach is wholly separate from the First Amendment / *Rogers* defense to Plaintiff's Lanham Act claims. Proceeding with discovery now would therefore risk forcing the parties to litigate, and the Court to supervise, discovery on claims and against parties that may soon be dismissed.

The case for a stay in this matter is even stronger given that Ms. Swift and TASRM have moved to dismiss all claims against them for lack of personal jurisdiction. Courts "have determined that motions seeking dismissal on threshold jurisdictional issues 'strongly favor[ ] a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved.'" *See, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *3 (C.D. Cal. Sep.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

6, 2022) (quoting *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012)); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *1-2 (N.D. Cal. Aug. 18, 2017) (granting motion to stay where defendant raised jurisdictional challenge). Defendants who contest the Court's authority over them should not be forced to bear the burden of merits discovery before that threshold question is answered; jurisdiction must come first. *Malone*, 2025 WL 3725649, at *2 (finding stay of discovery was appropriate where jurisdictional issues were present).

Although Bravado and UMG have not moved to dismiss the FAC on personal jurisdiction grounds, a global stay of discovery is still warranted as to all Defendants. As noted above, UMG and Bravado have moved to dismiss the FAC entirely under Rule 12(b)(6). Courts recognize that allowing all parties to undergo the discovery process at the same time (if necessary after ruling on the MTD) is in the best interest of judicial economy; piecemeal discovery is disfavored. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 2023 WL 2655847, at *7 (E.D. Cal. Mar. 27, 2023) (granting temporary stay of discovery to prevent discovery on separate tracks); *Pino v. Trujillo*, 2018 WL 11514381, at *4 (D.N.M. Dec. 7, 2018) (granting motion to stay discovery finding it "inefficient to engage in piecemeal discovery" and that the Court was "not inclined to set different discovery tracks for different Defendants"); *Howard v. Las Animas Cnty. Sheriff's Off.*, 2009 WL 3536655, at *3 n.1 (D. Colo. Oct. 22, 2009) (granting stay of discovery pending ruling on motion to dismiss even as to defendant who not asked for one because "staying all discovery is far more efficient than having the case proceed as to [one defendant] on a separate track from the other Defendants").[1]

---

[1] The mere possibility that Plaintiff may be granted leave to amend does not diminish the dispositive nature of the MTD. Courts have rejected that very argument and stayed discovery in Lanham Act cases notwithstanding the prospect of amendment. *See, e.g.*, *Williams-Sonoma, Inc. v. Last Brand, Inc.*, 2026 WL 1301007, at *2 (N.D. Cal. May 12, 2026). Moreover, the defects here, including First Amendment protection under *Rogers*, the UCL's lack of extraterritorial reach, and lack of personal jurisdiction are legal in nature and cannot be cured by artful repleading.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

As Defendants' MTD has the capacity to be dispositive of the entire Action on multiple independent grounds—or at a minimum to vastly narrow the claims and/or Parties—a stay of discovery pending the outcome of the MTD is warranted.

**B. <u>The Motion to Dismiss Can Be Decided Without Discovery</u>**

Defendants' MTD is directed to threshold legal issues that do not require discovery. Courts routinely dismiss Lanham Act claims applying *Rogers v. Grimaldi* to expressive works (like the Album) and UCL claims when they only concern extraterritorial application and fail to state facts tantamount to an anti-trust violation (virtually identical to Plaintiff's). MTD at 9 (citing cases dismissing trademark infringement claims pursuant to *Rogers*); MTD at 17-18 (citing cases dismissing UCL claims where conduct was extraterritorial, and conduct could not be "unfair" under the UCL because it was not tantamount to an antitrust violation). Documents considered in deciding a motion to dismiss that are subject to judicial notice or incorporation by reference do not support that additional discovery is required. *See, e.g.*, *Calvary Chapel S.J. v. Cody*, 2021 WL 5353883, at *2 (N.D. Cal. Nov. 12, 2021) (granting motion to stay discovery where pending motion to dismiss included documents subject to judicial notice). Accordingly, as Defendants' MTD does not require any discovery to resolve, a stay should be granted. *See, e.g., Apothio*, 2023 WL 2655847, at *6 (finding no genuine dispute that the motion to dismiss could be decided without additional discovery where the motion was fully briefed and the court had taken the parties' pleadings under consideration).

While Plaintiff has requested jurisdictional discovery as to Ms. Swift and TASRM (Dkt. 68 at 11-12), jurisdictional discovery is not warranted here, and Defendants oppose the request for the reasons articulated in their forthcoming opposition. Should the Court determine that some form of jurisdictional discovery is necessary (Defendants maintain it is not), jurisdictional discovery is wholly separate and apart from the general stay of discovery requested in this Motion. Indeed, Plaintiff's request for jurisdictional discovery is a tacit concession: it "shows

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

[Plaintiff's] recognition that [she] will not be conducting discovery on other subjects if the Court finds that personal jurisdiction" is lacking. *Hewlett Packard Enter. Co. v. Inspur Grp. Co.*, 2024 WL 4631665, at *2 (N.D. Cal. Oct. 29, 2024) (granting stay of discovery pending motion to dismiss where plaintiff had requested jurisdictional discovery, making no ruling as to the propriety of jurisdictional discovery at that time). Plaintiff cannot credibly insist on full merits discovery now while simultaneously acknowledging that the threshold question of jurisdiction remains unresolved.

Defendants' MTD can be decided without discovery, and both prongs of the Ninth Circuit's test are satisfied.

### C. <u>Plaintiff Has Already Demonstrated Intent to Seek Burdensome Discovery Disproportionate to Her Claims</u>

Courts consistently recognize that "particularly broad" discovery at the pleading stage imposes precisely the undue burden and expense that justifies a stay pending a dispositive motion. *See, e.g.*, *Malone*, 2025 WL 3725649, at *2 (granting motion to stay and discussing how plaintiff had propounded discovery that was unduly burdensome given the stage of the case); *see also Williams-Sonoma*, 2026 WL 1301007, at *3 (granting stay where contemplated discovery included ESI, financial documents, and depositions of party representatives involving Lanham Act claims). That is exactly the situation here. Plaintiff's FAC contains expansive allegations about a "coordinated commercial program" involving "numerous goods," "recorded music" and "digital content" purportedly distributed by various Defendants (FAC ¶¶ 6, 47, 52); "collaborations with national brands" (FAC ¶ 50); and purported licenses and business relationships amongst the Defendants (FAC ¶ 21), among others. Given the breadth of Plaintiff's allegations, it is likely that Plaintiff intends to serve discovery requests directed to broad swaths of subject matter that would be disproportional and burdensome to this case, particularly at the pleading stage.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

This belief is supported by the *voluminous* jurisdictional discovery Plaintiff has already requested—which she claims is limited to personal jurisdiction as to two Defendants. Specifically, on October 9, 2026, Plaintiff represented to the Court that she seeks broad jurisdictional discovery including ***fifteen*** requests for production each to Ms. Swift and TASRM, ***five*** interrogatories to each of them, and two depositions.[2] Dkt. 68 at 11-12. This is a vast expansion of the jurisdictional discovery request Plaintiff made just three weeks earlier in Opposition to the MTD. *Compare id.*, *with* Dkt. 61 at 34. If that is Plaintiff's idea of targeted discovery, there is every reason to expect that, absent a stay, all four Defendants will face inappropriately broad interrogatory and document demands spanning each of Plaintiff's deficient, and likely futile, claims. In precisely these circumstances, courts recognize that a temporary stay can "meaningfully conserve the parties' resources" pending a ruling on a motion to dismiss. *See, e.g., Gastineau*, 2025 WL 2733155, at *2 (granting motion to stay discovery in trademark infringement case where discovery demands were not yet promulgated, but it was reasonable to foresee that the scope requested would be "costly and time-consuming"); *Malone*, 2025 WL 3725649, at *2 (granting stay of discovery where initial discovery requests were "particularly broad" at the pleading stage); *Speaks v. Emps.s Holdings Inc.*, 2023 WL 4561451, at *4 (D. Nev. July 17, 2023) (granting stay of discovery pending motion to dismiss where case involved six different claims against two defendants). Like in other matters where a stay was granted, if forced to proceed with discovery while the MTD is pending, four different Defendants would be subject to burdensome requests involving three separate claims (and subclaims involving secondary liability, and separate causes of action under the UCL). *See generally* Dkt. 50.

The Court should protect Defendants from premature burdensome discovery.

---

[2] The notion that <u>any</u> deposition is warranted at this stage of the proceedings, when the jurisdictional "contacts" Plaintiff seeks to parse are all public appearances or otherwise publicly available information is unduly burdensome at best, if not borderline harassing.

### D. A Stay Will Promote Judicial Efficiency, Will Not Affect Any Current Deadlines, and Will Not Harm Plaintiff

A stay will also spare the Parties and the Court substantial, and likely wasted, effort. Absent a stay, the Parties will expend significant resources conducting discovery, and the Court will likely be called upon to resolve discovery disputes, all concerning legally unsupported claims and/or parties that are likely to be dismissed. Courts recognize that judicial economy weighs heavily in favor of a stay in precisely these circumstances. *See, e.g., Gastineau*, 2025 WL 2733155, at *2 (highlighting judicial economy where Lanham act claims were involved).

Proceeding with discovery now would also be premature and inefficient. Should any part of the Action survive the MTD, multiple Defendants anticipate asserting counterclaims that will themselves require discovery. Those issues are not yet before the Court and cannot be addressed in a Rule 26(f) conference or joint discovery report at this stage. Discovery now would thus proceed piecemeal, only to be reopened and expanded once the pleadings are settled.

Further, any perceived harm to Plaintiff by a temporary stay (she has not articulated any, *see* Morrone Decl. ¶¶ 8, 13 & Ex. 1) at this early stage is at most minimal. Plaintiff's entire position for forcing discovery at this time appears to be that the case has been pending for several months and the Rules contemplate discovery. Ex. 1 at 6. However, those same Rules and this Court's Standing Order for Civil Cases provide for stays of discovery when warranted. Where proceedings are in their "early stages" (as here), courts routinely grant motions to temporarily stay discovery pending a motion to dismiss. *See, e.g., Ledwidge v. Fed.l Deposit Ins. Co.*, 2025 WL 885845, at *4 (N.D. Cal. Mar. 21, 2025) (granting motion to stay discovery where case was filed only a few months prior); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) (finding no undue prejudice where the trial date had not yet been set and trial was years away); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 599, 608 (D. Nev. 2011) (granting

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

motion to stay pending outcome of motion to dismiss trademark claims where plaintiff sought injunctive relief). The Court should also do so here.

Indeed, there is nothing for a stay to disrupt. The Court has not entered a case management order, no discovery deadlines are in place, and no trial date has been set. Again, Courts often find a temporary stay pending a dispositive motion is warranted in exactly this posture, where the motion is made early in the proceedings, no scheduling order had been entered, and no initial case management conference had occurred. *See, e.g., Apothio*, 2023 WL 2655847, at *7 (granting stay of discovery where no scheduling order had issued and no deadlines were set); *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019) (accord).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter an Order granting this Motion and stay all discovery, including any Rule 26(f) conference, until thirty days after the Court reaches a final decision on Defendants' MTD.

Dated: October 30, 2026 VENABLE LLP

By: */s/ Max N. Wellman*
Max N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that pursuant to L.R. 7-3, the parties thoroughly discussed the substance and potential resolution of the filed motion by video conference on October 22, 2026 and Plaintiff does not consent to the relief requested herein.

Dated: October 30, 2026

By: /s/*Max N. Wellman*
Max N. Wellman

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900