**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone, Esq. (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Mechandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MAREN FLAGG, an individual,

Plaintiff,

v.

TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

**DECLARATION OF KATHERINE WRIGHT MORRONE IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

Date: February 10, 2027
Time: 1:30 PM
Place: Courtroom 5D (5th Fl.)
350 W. First Street
Los Angeles, CA 90012

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

**DECLARATION OF KATHERINE WRIGHT MORRONE**

I, Katherine Wright Morrone, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Partner at the law firm Venable LLP, counsel of record for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., and Bravado International Group Merchandising Services Inc. ("Defendants"). I am an attorney in good standing, and I am admitted to practice before this Court *pro hac vice* in this matter. I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would competently testify to them.

2. I respectfully submit this declaration in support of Defendants' Motion to Stay Discovery ("Motion") and to detail the meet-and-confer correspondence and conference between the parties proceeding Defendants' instant Motion.

3. On October 6, 2026, Plaintiff's counsel emailed Defendants requesting to schedule a discovery conference pursuant to Fed. R. Civ. P. 26(f) ("Discovery Conference"), even though Defendants' dispositive Motion to Dismiss Plaintiff's First Amended Complaint ("MTD") remained pending.

4. On October 7, 2026, Defendants responded stating that they were considering Plaintiff's email and would provide a response by the following week.

5. On October 9, 2026, Plaintiff filed a Motion for Leave to File Supplemental Declaration in Opposition to Dismiss and, If Necessary, for Limited Jurisdictional Discovery (Dkt. 68), seeking to add facts purportedly to bolster Plaintiff's position on personal jurisdiction and also containing a greatly expanded request for jurisdictional discovery from the jurisdictional discovery request Plaintiff previously made in her Opposition to the MTD. *Compare* Dkt. 68 at 11-12, *with* Dkt. 61 at 34.

6. On October 14, 2026, Plaintiff's counsel emailed Defendants again requesting to schedule a Discovery Conference.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

7. On October 15, 2026, Defendants explained their position that a Discovery Conference would be premature while the MTD is pending. Specifically, Defendants stated that "it is entirely unclear which, if any, claims or parties will ultimately continue in this case. Attempting to come up with a discovery plan given that uncertainty would be a waste of party and court resources, and [Plaintiff's] request to do so now serves no purpose other than to unnecessarily burden Defendants." Defendants further highlighted that Plaintiff's separate request for jurisdictional discovery in connection with the MTD undercuts Plaintiff's assertion that merits discovery is proper or warranted while the MTD remains pending.

8. Later on October 15, 2026, Plaintiff responded to Defendants disagreeing with Defendants' position regarding a temporary stay of discovery and the Discovery Conference. Within that communication, Plaintiff stated that "[i]f Defendants decline [to hold a Discovery Conference], Plaintiff will file her Rule 26(f) report unilaterally, and ask the Court to set the Scheduling Conference and order Defendants to confer." Notably, Plaintiff did not identify any prejudice she would suffer from a temporary stay of the Discovery Conference.

9. On October 19, 2026, Defendants responded that it would be far more efficient for the parties and the Court to temporarily stay discovery pending a ruling on the MTD given (1) realities of the pending MTD and the efficiencies likely to come with a resolution, and (2) Plaintiff's already broad (and unwarranted) request for jurisdictional discovery. Defendants advised that if Plaintiff insisted on proceeding with a Discovery Conference or a unilateral Rule 26(f) report, Defendants would be forced to file the instant Motion to Stay Discovery. In a further effort to resolve the dispute without Court involvement, Defendants offered their availability to meet and confer regarding this Motion.

10. Later on October 19, 2026, Plaintiff responded again reiterating Plaintiff's positions and desire for a Discovery Conference. Plaintiff agreed to a meet-and-confer regarding Defendants' instant Motion, but also sought to add two

additional matters to the discussion, including relevant here, a Rule 26(f) conference. In doing so, Plaintiff's sought to strong-arm Defendants into a discussion they had already explained was premature and was the basis for this Motion.

11. On October 21, 2026, Defendants confirmed that the parties would meet and confer on October 22, 2026, and reiterated their positions: that Defendants intend to file a motion to stay discovery, and that Plaintiff's insistence on a manufactured meet and confer so that she can file a unilateral Rule 26(f) report was not in good faith and not in compliance with the Local Rules or this Court's Standing Order for Civil Cases, which specifically contemplate that a motion to stay discovery can obviate the requirement of an early Rule 26(f) conference / report. *See* Standing Order In Civil Cases, Section V.C (noting the parties "should" proceed under Rule 26 "[u]nless there is a likelihood that, upon motion by a party, the Court would order that discovery be stayed").

12. Pursuant to Local Rule 7-3, on October 22, 2026, the parties met and conferred via video conference regarding the subject matter of Defendants' instant Motion. During the conference, Defendants explained that a Discovery Conference and merits-based discovery would waste the resources of the parties and the Court because the pending MTD is likely to significantly narrow the claims and defendants, if not dispose of the action entirely. Defendants further explained that proceeding with the Discovery Conference now would be unduly burdensome and inefficient because: (1) some or all of the claims against all Defendants may be dismissed; (2) some of the Defendants may separately be dismissed; (3) commencing discovery now as to any other Defendants would result in disfavored piecemeal discovery proceeding on different tracks; and (4) some Defendants intend to file counterclaims against Plaintiff (should the action not be dismissed entirely), which would render any Rule 26(f) report incomplete and require the parties to hold a second Discovery Conference.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

13. During the October 22, 2026 conference, as in all prior correspondence, Plaintiff never identified any prejudice she would suffer from a temporary stay of discovery. Plaintiff nonetheless refused to agree to stay discovery pending a ruling on the MTD, leaving Defendants no choice but to seek the Court's intervention through this Motion.

14. True and correct correspondence between the parties referenced within this declaration is attached hereto as **Exhibit 1**.

Executed on October 30, 2026

VENABLE LLP

By: 

Katherine Wright Morrone

Attorney for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

# EXHIBIT 1

**From:** Morrone, Katherine Wright
**To:** Jaymie Parkkinen
**Cc:** Baldridge, J. Douglas; Sinatra, Maria R.; Wellman, Max N.
**Subject:** RE: Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference
**Date:** Thursday, October 22, 2026 5:18:00 PM

---

Hi Jaymie,

Thank you for the email and your time earlier today.

On the motion to stay / Rule 26(f) conference, in addition to what you stated below, we also specifically requested that if you still plan to file a Rule 26(f) report (which to be clear we think is unwarranted and would be contrary to Judge Murrillo's rules given our forthcoming motion to stay discovery) that you share it with us before filing so that we can ensure our position is accurately stated. As to Plaintiff's proposal, we explained that one reason (of several) we are not inclined to proceed as you suggested is that caselaw recognizes that courts discourage piecemeal discovery on different tracks when there are multiple defendants. Indeed, the prospect of different defendants proceeding on different discovery tracks supports a stay of discovery. Given that we are not accepting your proposal I'm not sure why you need to see authority, but in any event, here is a small sample set you can look to: *Pino v. Trujillo*, 2018 WL 11514381 (D.N.M); *Howard v. Las Animas Country Sheriff's Office*, 2009 WL 3536655 (D. Colo.).

On Plaintiffs motion for leave to file a second supplemental declaration, Plaintiff still did not provide any basis supporting how alleged conduct taking place months after Plaintiff filed her complaint can support personal jurisdiction, when courts evaluate a defendant's contacts with the forum related to Plaintiff's alleged claims at the time they were filed. As stated within our prior correspondence and during the parties' meet and confer, Plaintiff cannot bolster her complaint with conduct that occurred after its filing. We therefore see no basis for this filing.

Should Plaintiff proceed with the motion for leave to file a second supplemental declaration, we agree in principle to the contemplated stipulation advancing the hearing to December 9, 2026 which would allow it to be heard with the motion to dismiss. As discussed, we will not be able to give final sign-off on any stipulation until we see what you actually file as part of the second motion for leave, but are happy to review a draft in advance.

Best,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Thursday, October 22, 2026 2:27 PM

**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Baldridge, J. Douglas <JBaldridge@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Wellman, Max N. <MWellman@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference

**Caution: External Email**

---

Hi Katie,

This memorializes the parties' discussions during today's videoconference regarding Plaintiff's forthcoming motion for leave, and Defendants' anticipated motion to stay discovery.

In response to Plaintiff's request to hold the Rule 26(f) conference, you stated Defendants are not "refusing" to participate but have elected instead to move for a stay of discovery. Defendants rejected Plaintiff's proposal, under which the Rule 26(f) conference would proceed in the ordinary course with discovery limited to UMG and Bravado, neither of which contests personal jurisdiction, on the ground that case law provides that discovery should proceed on a uniform timeline as to all defendants. Please provide that authority for our review.

You also stated Defendants will oppose Plaintiff's motion for leave to file a second supplemental declaration attaching exhibits related to Swift's October 17 live performance in Los Angeles, and will not stipulate to the filing of the declaration. Defendants stated that they will consider stipulating to advance the hearing on the motion from the next available date, January 27, 2027, to December 9, 2026, when the Motion to Dismiss is to be heard. Please confirm whether Defendants agree in principle.

Plaintiff anticipates filing the motion for leave on Thursday, October 29, and the stipulation to advance the hearing, if Defendants agree, on Friday, October 30. We will circulate the draft stipulation earlier next week so that Defendants have time to review it before filing.

We look forward to hearing from you soon.

Regards,

Jaymie Parkkinen
Parkkinen PC
808 Wilshire Blvd., Ste. 200-255
Santa Monica, California 90401
Tel: +1 323.919.3590

On Wed, Oct 21, 2026 at 6:10 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Jaymie,

We confirm 9am PT / 12 pm ET on Thursday for the meet and confer on Defendants' forthcoming motion to stay discovery. We will circulate a zoom link shortly.

We have already advised you that we are not moving forward with a Rule 26(f) conference, and are filing a motion to stay discovery instead. Your insistence on a manufactured meet and confer so you can file a unilateral Rule 26(f) report is not acting in good faith and not in compliance with Section VII.A.1 or Section VII.A.4 of Judge Murrillo's rules. To the extent you are conditioning a meet and confer on our motion to stay discovery only if we participate in a gratuitous Rule 26(f) conference, that is also not proceeding in good faith. Indeed, Judge Murrillo's rules specifically contemplate that a motion to stay discovery can negate the requirement of a Rule 26(f) conference / report. *See* Section V.C (noting the parties "should" proceed under Rule 26 "[u]nless there is a likelihood that, upon motion by a party, the Court would order that discovery be stayed"). As we have explained several times, we have strong bases for our motion to stay discovery, including but not limited to Plaintiff's request for jurisdictional discovery, and the several grounds articulated in our motion to dismiss for the case to be dismissed in its entirety as to all Defendants.

As to your request for a meet and confer regarding an "October 17, 2026 perform[ance]," we are happy to do so, but need some additional information to make any meet and confer productive. For example, what exactly are you seeking to file? Another motion for leave? Something else? And, how does something that occurred in October 2026 affect the statement made in June 2026 that, as of that date, there was no "live performance in connection with the Album"? Moreover, the statement you are referring to was made in support of Defendants' argument that Plaintiff failed to plausibly allege a likelihood of confusion, not personal jurisdiction. Dkt. 57 at 20, 22. How does that statement support another attempt to inject into this case conduct protected by the First Amendment (and with no mention of THE LIFE OF A SHOWGIRL) that occurred months after the filing of the First Amended Complaint, in light of the black letter law that "[o]nly contacts occurring **prior to the event causing the litigation** may be considered" when evaluating personal jurisdiction? *See, e.g.*, *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) (emphasis added).

As to your proposal in the last paragraph of your email, we do not think it is workable, but are happy to discuss further on the meet and confer tomorrow.

Best,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Monday, October 19, 2026 7:39 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>

**Cc:** Wellman, Max N. <MWellman@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference

**Caution: External Email**

---

Katie,

Thank you for your email. We will take Thursday, October 22. Please confirm 9 am PT / 12 pm ET works on your end, and circulate a videoconference link or let us know and we can send one.

We intend to address three matters on the call. First, the Rule 26(f) conference. The Rule 26(f) obligation rests on counsel for all parties. We have explained why the deadline has passed and will not repeat it. Accordingly, Plaintiff will raise on the call each of the subjects Rule 26(f)(2) and (3) require the parties to discuss, and will report to the Court the extent to which Defendants were willing to address them.

Second, the motion to stay Defendants intend to file. The Standing Order places the burden of obtaining a stay on the moving party, and it does not permit a party to decline to hold a 26(f) conference in anticipation of one. § V.C.

Third, Plaintiff's own Local Rule 7-3 conference. On October 17, 2026, Swift performed "The Fate of Ophelia" from *The Life of a Showgirl* live in Los Angeles. *See* attached. Defendants' Motion to Dismiss represented that "Swift has never offered . . . any live performance in connection with the Album." Dkt. 57 at 22. Plaintiff seeks to submit evidence of the October 17 performance in support of her Opposition to the Motion to Dismiss, as further evidence of personal jurisdiction over Swift. Live performances are among the Class 41 services for which Plaintiff's mark is registered, and Swift's performance took place in the forum.

To be clear, Plaintiff does not concede that a stay would be appropriate, that Defendants could carry their burden of obtaining one, or that Defendants' jurisdictional arguments have any merit. But to ensure that the call is productive and to avoid motion practice over a stay, Plaintiff is prepared to voluntarily defer propounding discovery on Swift and TAS until the Court rules on the Motion to Dismiss (excluding any jurisdictional discovery the Court orders), provided the parties hold the Rule 26(f) conference now, exchange initial disclosures, and proceed with discovery as to UMG and Bravado in the ordinary course. That accommodates the concern Defendants have identified without stopping the case, and without prejudice to any party's position.

Regards,

Jaymie Parkkinen
Parkkinen PC
808 Wilshire Blvd., Ste. 200-255
Santa Monica, California 90401
Tel: +1 323.919.3590

On Mon, Oct 19, 2026 at 12:44 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

Jaymie,

We disagree with your positions. The Court has not issued a scheduling order, and there is no requirement or urgency that we hold the Rule 26(f) conference now. We think it would be far more efficient, for the parties and the Court, if we wait to hold the Rule 26(f) conference until the motion to dismiss is resolved. This is especially so given your broad (unwarranted) request for jurisdictional discovery.

If you insist on moving forward with a Rule 26(f) report now, we will be forced to file a motion to stay discovery until the motion to dismiss is resolved. Given the realities of the pending motions and requests, and the fact that you waited several months to even raise the Rule 26(f) conference, we anticipate that motion will be granted.

We hope that you will withdraw your threat to unilaterally file a Rule 26(f) report. However, if you intend to proceed that way, please provide your availability for a meet and confer on the motion to stay to discovery that we will be forced to file. We can be available for that meet and confer on Thursday 9-2 ET or Friday 3-5 ET.

Best,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Thursday, October 15, 2026 7:37 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference

**Caution: External Email**

---

Katie,

The conference is not premature, it is overdue. Rule 26(f)(1) keys the parties' conference to the date a scheduling order is due under Rule 16(b)(2), not to the date one issues. Defendants first appeared in April, which made the scheduling order due in June. The case is already behind schedule, and there is no room for further delay.

The pending Motion does not change this. Defendants have not moved to stay discovery, and the Standing Order provides that discovery is not stayed absent an order. § V.C. Every motion to dismiss leaves open which claims and parties will remain; that is not a basis to decline a conference the Rules require. Fed. R. Civ. P. 26(f)(1).

Your email also misreads the Motion for Leave. Plaintiff's position is that the existing record establishes a prima facie case of jurisdiction over Swift and TAS (Defendants do not contest jurisdiction as to UMG or Bravado). Jurisdictional discovery is requested only "if necessary." A request in the alternative concedes nothing, as you know.

Please provide dates you are available for the Rule 26(f) conference between October 19 and October 23. Counsel are jointly responsible for arranging the conference and for attempting in good faith to agree on the proposed discovery plan. Fed. R. Civ. P. 26(f)(2). If Defendants decline, Plaintiff will file her Rule 26(f) report unilaterally, and ask the Court to set the Scheduling Conference and order Defendants to confer.

Regards,

Jaymie Parkkinen

Parkkinen PC

808 Wilshire Blvd., Ste. 200-255

Santa Monica, California 90401

Tel: +1 323.919.3590

On Thu, Oct 15, 2026 at 9:57 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Jaymie,
>
> It is premature to hold a Rule 26(f) conference, and we are not inclined to do so at this time. As you know, Defendants have moved to dismiss Plaintiff's First Amended Complaint on several grounds including, as to Ms. Swift and TASRM, a lack of personal jurisdiction, and the threshold issue of whether Plaintiff's claims are barred completely by *Rogers v. Grimaldi*. Thus, it is entirely unclear which, if any, claims or parties will ultimately continue in this case. Attempting to come up with a discovery plan given that uncertainty would be a waste of party and court resources, and your request to do so now serves no purpose other than to unnecessarily burden Defendants.
>
> Moreover, you recently submitted a fulsome request for jurisdictional discovery, including sixty days from the Court's order to complete said discovery. [Dkt. 68]. While we disagree that jurisdictional discovery is warranted, your request in and of itself shows that proceeding with discovery on a more global basis is premature and unwarranted, as you are conceding that on the current record you have failed to allege personal jurisdiction over Ms. Swift and TASRM.

There is no basis to hold the Rule 26(f) conference now given the many uncertainties about who or what may ultimately be part of this case once Defendants' Motion to Dismiss is resolved.

Sincerely,

Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Wednesday, October 14, 2026 11:39 AM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>
**Subject:** Re: Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference

**Caution: External Email**

Hi Katie,

Following up on the below. Please provide dates this week or next for the Rule 26(f) conference. There is no reason to delay it.

Regards,

Jaymie Parkkinen
Parkkinen PC
808 Wilshire Blvd., Ste. 200-255
Santa Monica, California 90401
Tel: +1 323.919.3590

On Wed, Oct 7, 2026 at 4:56 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Counsel,
>
> We are considering your email and will get back to you next week.

Best,
Katie

Katie Wright Morrone, Esq. | Venable LLP
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Tuesday, October 6, 2026 5:32 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>
**Subject:** Flagg v. Swift, Case No. 2:26-cv-03354-SRM-BFM – Rule 26(f) conference

**Caution: External Email**

---

Counsel:

We'd like to schedule the parties' Rule 26(f) conference. Please let us know your availability for a videoconference on October 8 or 9.

Regards,

Jaymie Parkkinen
808 Wilshire Blvd., Ste. 200-255
Santa Monica, California 90401
Tel: +1 323.919.3590

**************************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**************************************************************************************