UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREN FLAGG,<br>Plaintiff,<br>v.<br>TAYLOR SWIFT, et al.,<br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY [DKT. 74]** |

On October 30, 2026, Defendants Taylor Swift ("Swift"), TAS Rights Management, LLC ("TAS"), UMG Recordings, Inc. ("UMG"), and Bravado International Group Merchandising Services Inc. ("Bravado") (collectively, "Defendants") filed a Motion to Stay Discovery (the "Motion"), Dkt. 74, under Federal Rule of Civil Procedure 26(c). The Motion asks the Court to stay all discovery, including the Rule 26(f) conference, until thirty days after the Court decides Defendants' Motion to Dismiss the First Amended Complaint ("FAC"), Dkt. 57 (the "MTD"). Plaintiff Maren Flagg ("Plaintiff") opposes the Motion.

Having considered the Motion, Plaintiff's Opposition, the pleadings on file, and the arguments of counsel, the Court **DENIES** the Motion for the following reasons:

Under the Court's Standing Order, "[d]iscovery is not stayed before the Scheduling Conference or after dates have been set unless otherwise ordered by the Court." Standing Order § V.C. A stay of discovery is a protective order that requires good cause, Fed. R. Civ. P. 26(c)(1), and "the routine issuance of a stay is disfavored as 'directly at odds with the need for expeditious resolution of litigation.'" *Malone v. Walt Disney Parks & Resorts U.S., Inc.*, No. 8:25-cv-00562-SRM-DFM, 2025 WL 3725649, at *1 (C.D. Cal. Oct. 8, 2025) (citation omitted).

A stay pending a dispositive motion may be appropriate if the motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and "can be decided absent additional discovery." *Id.* (internal quotation marks and citation omitted). Neither requirement is met here.

The MTD is not potentially dispositive of the entire case. Having taken a preliminary look at the MTD, and without deciding it, the Court is not "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (citation omitted). Defendants' principal ground for dismissal, *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), does not apply where the defendant uses the challenged designation as a trademark, *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 145 (2023), and Plaintiff alleges that use, FAC ¶ 51. The MTD's challenge to personal jurisdiction reaches only Swift and TAS. UMG and Bravado do not contest jurisdiction, and the claims against them will proceed however that challenge is resolved.

Nor is it clear that the MTD can be decided absent additional discovery. Swift and TAS challenge personal jurisdiction on a declaration, Dkt. 57-1, and Plaintiff has requested jurisdictional discovery in the alternative, Dkt. 68 at 9-12. Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks and citation omitted).

Defendants have not shown good cause. No discovery has been served, and the Motion identifies no specific discovery that burdens Defendants. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation omitted). A stay, by contrast, would postpone initial disclosures, the Scheduling Conference, and a trial date in an action filed in March 2026.

Accordingly, the Court **ORDERS** as follows:

1. Defendants' Motion to Stay Discovery, Dkt. 74, is **DENIED**.
2. The parties shall hold the Rule 26(f) conference within fourteen (14) days of the date of this Order and shall file the Joint Rule 26(f) Report within fourteen (14) days thereafter. *See* Fed. R. Civ. P. 26(c)(2), 26(f).
3. Discovery shall proceed as to all parties upon completion of the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1).

**IT IS SO ORDERED.**

Dated:

__________________________________

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE