UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MAREN FLAGG,

Plaintiff,

v.

TAYLOR SWIFT; TAS RIGHTS MANAGEMENT, LLC; UMG RECORDINGS, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC.,

Defendants.

Case No. 2:26-cv-03354-SRM-BFM

**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND, IF NECESSARY, FOR LIMITED JURISDICTIONAL DISCOVERY [Dkt. 68]**

On October 9, 2026, Plaintiff Maren Flagg filed a Motion for Leave to File Supplemental Declaration in Opposition to Defendants' Motion to Dismiss and, If Necessary, for Limited Jurisdictional Discovery. Dkt. 68 (the "First Motion").

Plaintiff's First Motion asks the Court for leave to file a supplemental declaration and twenty-one exhibits (Exhibits 20-40) ("Materials") in support of Plaintiff's Opposition to Defendants' Motion to Dismiss pertaining to the premiere of a music video entitled "Patient Zero," that was released on September 27, 2026, and Ms. Swift's appearance at the MTV Video Music Awards ("VMAs") on the same day. Plaintiff also seeks to introduce a number of exhibits purporting to relate to a music video entitled "The Fate of Ophelia" that was released before Plaintiff filed her Opposition to the Motion to Dismiss.

Plaintiff's First Motion seeks to put these Materials before the Court in furtherance of her opposition to Defendants' Motion to Dismiss based upon lack of personal jurisdiction over Defendants Taylor Swift and TAS Rights Management, LLC ("TASRM"). Plaintiff's First Motion also requests in the alternative jurisdictional discovery, including depositions, interrogatories, and multiple deposition requests.

Defendants oppose Plaintiff's First Motion on multiple grounds, namely: (1) events occurring after Plaintiff's First Amended Complaint ("FAC") cannot give rise to personal jurisdiction; (2) Plaintiff's claims do not arise out of or relate to the Materials Plaintiff attempts to introduce in the First Motion; (3) third party conduct cannot be attributed to Ms. Swift or TASRM for purposes of evaluating personal jurisdiction; (4) Plaintiff failed to meaningfully comply with Local Rule 7-3 by attaching numerous exhibits to the First Motion; and (5) Plaintiff has failed to identify any jurisdictional facts that are actually in dispute, or how her proposed discovery would establish personal jurisdiction over TASRM or Ms. Swift in relation to the causes of action actually pleaded in the FAC. In support of Defendants' Opposition, they also submit a Declaration of Katherine Wright Morrone attaching certified transcripts and exhibits pertaining to Ms. Swift's appearance at the VMAs, and a copy of pre-motion correspondence between the parties.

The Court, having considered Plaintiff's First Motion, Defendants' Opposition thereto, and the papers on file, hereby **ORDERS** as follows:

The First Motion is **DENIED**. The Ninth Circuit is clear that "only contacts occurring prior to the event causing the litigation may be considered" when evaluating personal jurisdiction. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) (citing case) (emphasis added); *accord Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022) ("In the Ninth Circuit, we measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute.'"); *TIW Holdings LLC v. Hotbox Farms LLC*, 2024 WL 1829656, at *8 (C.D. Cal. Jan. 18, 2024) (granting motion to dismiss in trademark infringement action finding announcement of opening involving conduct occurring "after the start of litigation in this

matter" was not relevant to the court's jurisdictional analysis in trademark infringement action); *Productive People, LLC v. Ives*, 2009 WL 10671597, at *7 (C.D. Cal. Apr. 30, 2009) (granting motion to dismiss and stating "under *Farmers Insurance*, conduct subsequent to the start of litigation cannot be considered for the purpose of establishing personal jurisdiction").

The Materials Plaintiff seeks to introduce as part of the First Motion all occurred after Plaintiff filed her FAC and on that basis alone cannot be considered for purposes of opposing Defendants' jurisdictional challenges.

Further, the Ninth Circuit has made clear that "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (affirming denial of request for reconsideration where movant failed to provide any justification for why evidence could not have been previously presented). Plaintiff cannot now repackage Exhibits 32, 33, 34, and 35 from the Materials pertaining to "The Fate of Ophelia" music video as newly discovered in support of Plaintiff's Opposition.

Plaintiff's First Motion is **FURTHER DENIED** because (1) the Materials Plaintiff seeks to introduce are not related to Plaintiff's FAC allegations; (2) several of the Materials could and should have been discovered prior to the filing of Plaintiff's Opposition to the Motion to Dismiss; (3) the third party conduct Plaintiff identified cannot be attributed to Ms. Swift or TASRM for personal jurisdiction purposes; and (4) Plaintiff failed to satisfy the meet-and-confer requirements of Local Rule 7-3 with respect to Exhibits 22-27, 32-36, 38, 39, and 40.

The request for jurisdictional discovery in Plaintiff's First Motion is also **DENIED**. Plaintiff's request is overly broad and Plaintiff has failed to show how the proposed discovery would establish personal jurisdiction over TASRM or Ms. Swift in relation to the claims in the FAC. Permitting jurisdictional discovery on this record would be an impermissible fishing expedition.

**IT IS SO ORDERED.**

Dated:

____________________________________

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE