# EXHIBIT 5

---

**From:** Morrone, Katherine Wright
**Sent:** Monday, October 5, 2026 4:42 PM
**To:** Jaymie Parkkinen
**Cc:** Baldridge, J. Douglas; Sinatra, Maria R.; Wellman, Max N.
**Subject:** RE: Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

Hi Jaymie,

Thank you for the call on Friday.

On the Motion for Leave to File Supplemental Evidence, our position is broader than simply that Ms. Swift "did not use the words 'The Life of a Showgirl' at the September 27 ceremony" (although that is true). We specifically mentioned our prior discussion on this issue when you had planned to submit it as an *ex parte* application. I have copied that portion of our correspondence here for reference:
"[I]t is unclear to us at this juncture how the other materials Plaintiff seeks to introduce are relevant to Plaintiff's FAC allegations. As discussed on our call, we are not aware of any mention of "*The Life of a Showgirl*" by Ms. Swift at the VMA's on September 27 (an award show that happened to be held in California). And, a video shoot for the song "Patient Zero" – even if it occurred in California - has no relation to Plaintiff's claims and is no basis to seek to impose jurisdiction over Ms. Swift or TASRM."
These grounds are in addition to the timing issues we also discussed on Friday.

On the call, you raised for the first time that you intend to also make a request for jurisdictional discovery. In addition to the timeliness / duplicative points you note below, of course, the futility arguments we made in our motion to dismiss reply brief apply equally, as none of the information identified in the request for jurisdictional discovery in Plaintiff's opposition brief would provide sufficient contacts to confer personal jurisdiction over Ms. Swift or TASRM.

Defendants reserve all rights to assert additional or different arguments once we see the Motion/Request.

On the calendar, assuming you file shortly after the expiration of the Rule 7-3 conferral period, we agree to have your forthcoming Motion for Leave heard on December 9 with the Motion to Dismiss so that the Court can consider them together. Please send us a draft Stipulation to review. As for a briefing schedule, we think it makes sense to follow the standard briefing schedule contemplated in the C.D. Cal. Local Rules in relation to a December 9 hearing date, which would make our Opposition due on November 18 and your Reply due on November 25. To the extent you would prefer a different schedule, please let us know.

Best,
Katie

**Katie Wright Morrone, Esq. | Venable LLP**
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Friday, October 2, 2026 12:01 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas

<JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

**Caution: External Email**

---

Hi Katie,

Thank you for making time for the videoconference today.

As discussed, Plaintiff intends to file a noticed motion for leave to file supplemental evidence on Defendants' Motion to Dismiss concerning the March 2026 filming of the "Patient Zero" video in California and Swift's September 27 appearance at the MTV Video Music Awards in Los Angeles, and, in the alternative, for jurisdictional discovery.

You stated that Defendants will oppose the motion for leave on the grounds that (1) Swift did not use the words "The Life of a Showgirl" at the September 27 ceremony; and (2) under Ninth Circuit authority, contacts occurring after the action was filed cannot support jurisdiction. You stated that Defendants will oppose the request for jurisdictional discovery as untimely and as duplicative of the request made in Plaintiff's MTD opposition.

On the calendar, the Court's next available hearing date appears to be in mid-January 2027. You stated that Defendants would likely agree to stipulate to have the motion heard on December 9 with the Motion to Dismiss, subject to confirming scheduling on your end, and that you may propose a briefing schedule that accounts for the Thanksgiving holiday. Plaintiff is amenable to such a schedule. So that we can determine whether an ex parte application to set the hearing date is necessary, please let us know Defendants' position, and any proposed schedule, by Monday, October 5.

We look forward to hearing from you soon.

Regards,

Jaymie

On Wed, Sep 30, 2026 at 12:01 PM Jaymie Parkkinen <jp@prkknn.com> wrote:

> Thanks, Katie. Friday at 8:30 am PT will work. Video link will follow.
>
> Jaymie
>
> On Wed, Sep 30, 2026 at 11:12 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:
>
>> Hi Jaymie,
>>
>> Today/tomorrow don't work for a meet and confer, but we can do Friday anytime from 8:30 – noon PT. Please let us know if that works.

Thanks,

Katie

**Katie Wright Morrone, Esq. | Venable LLP**
**t** 202.344.4262 | **f** 202.344.8300 | **m** 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Wednesday, September 30, 2026 1:13 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

**Caution: External Email**

---

Hi Katie,

At present, and in light of the Court's order today, Plaintiff does not intend to proceed with the ex parte application discussed yesterday.

However, Plaintiff does intend to seek leave to submit the additional facts relevant to personal jurisdiction at or in advance of the December 9 hearing. Under Local Rule 7-3, please provide your availability for a further meet and confer in person in LA or by videoconference today or tomorrow.

Regards,

Jaymie

On Wed, Sep 30, 2026 at 9:41 AM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

> Hi Jaymie,

Given the order just issued by the court, we assume that any purported basis for your *Ex Parte* Application is moot. Please advise immediately if you intend to go forward with the *Ex Parte* Application so that we can prepared to alert the court accordingly.

Thank you,

Katie

**Katie Wright Morrone, Esq. | Venable LLP**
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Tuesday, September 29, 2026 11:16 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

**Caution: External Email**

---

Hi Katie,

We note the additional grounds you identify and disagree with Defendants' positions, including on Local Rule 7-3. Plaintiff will proceed with the application tomorrow as stated. So that the Court has Defendants' position in your own words, we will attach this exchange to the declaration accompanying the application.

Plaintiff reserves all rights.

Jaymie

On Tue, Sep 29, 2026 at 3:02 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

Hi Jaymie,

Thank you for your email. To the extent necessary, we do have a couple of corrections to what you recounted below regarding our positions.

You are correct that Defendants oppose the *ex parte* application for several reasons, but your list of reasons below is incomplete (and to be clear, until we see Plaintiff's actual filing, we of course cannot identify every single ground on which we will oppose). In addition to the *ex parte* application being procedurally improper and unnecessary, it is also substantively dubious as the information you are seeking to put before the Court has no bearing on the Motion to Dismiss. First, you have already filed the USPTO Non-Final Office Action with the Court, which, in any event, does not change any of the statements you identified in your email yesterday. Second, it is unclear to us at this juncture how the other materials Plaintiff seeks to introduce are relevant to Plaintiff's FAC allegations. As discussed on our call, we are not aware of any mention of "*The Life of a Showgirl*" by Ms. Swift at the VMA's on September 27 (an award show that happened to be held in California). And, a video shoot for the song "Patient Zero" – even if it occurred in California - has no relation to Plaintiff's claims and is no basis to seek to impose jurisdiction over Ms. Swift or TASRM.

On your Rule 7-3 point, we simply noted that you cited the rule in your email, and that filing an *ex parte* application tomorrow obviously does not comply with the seven-day notice requirement in that rule. Your attempt to evade the Rule 7-3 seven-day notice requirement by filing an unwarranted *ex parte* application is also noted.

We of course reserve all rights to make additional or different arguments once we see the *ex parte* application.

Best,

Katie

**Katie Wright Morrone, Esq. | Venable LLP**
t 202.344.4262 | f 202.344.8300 | m 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Tuesday, September 29, 2026 3:23 PM
**To:** Morrone, Katherine Wright <KWMorrone@venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>
**Subject:** Re: Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

**Caution: External Email**

---

Hi Katie,

Thank you and Maria for making yourselves available today for a videoconference concerning Plaintiff's ex parte application.

As discussed, Plaintiff intends to file an ex parte application for leave to file a supplemental declaration on Defendants' Motion to Dismiss tomorrow, September 30. The declaration will attach the September 22 Office Action previously submitted at Dkt. 65 and evidence of the September 23-27 events described in our September 28 email. I also informed you that (1) Plaintiff will email the filed papers to you in addition to the ECF notice; (2) under Section X.A of the Standing Order, Defendants' opposition will be due within one court day of service; and (3) Plaintiff will propose that the Court permit Defendants additional time and a further response to the supplemental declaration.

You stated that Defendants will oppose the application on the following grounds: there is no exigency warranting ex parte relief; other procedural mechanisms are available, which you did not identify; *The Life of a Showgirl: The Encore* is a new work that the FAC's allegations do not reach; and the MTV VMA appearance in Los Angeles is not relevant to Defendants' Motion to Dismiss because Swift did not use the words "The Life of a Showgirl" in her September 27 remarks.

You also stated that Defendants intend to object that the application does not satisfy Local Rule 7-3's requirement of a conference at least seven days before filing. For the avoidance of doubt, Plaintiff's position is that ex parte applications are governed by Local Rules 7-19 and 7-19.1 and Section X.A of the Standing Order, which provide their own notice requirements and contemplate relief on shorter notice than seven days; here a seven-day interval would run to October 6, the day before the hearing. Our September 28 email cited Local Rule 7-3 and Section VII.A because the Standing Order extends the meet-and-confer requirement to any filing seeking a court order and requires that it occur by videoconference or in person, which is what we did today.

Based on the foregoing, Plaintiff understands that Defendants will not stipulate to the proposed order and will not submit these materials to the Court themselves. If any part of this summary does not match your understanding, please let us know by the end of the day today; otherwise we will proceed with the application as described above.

Regards,

Jaymie

On Mon, Sep 28, 2026 at 5:07 PM Jaymie Parkkinen <jp@prkknn.com> wrote:

> Thanks, Katie.

A videoconference Tuesday at 11 am PT / 2 pm ET will work. I'll circulate an invite with a video link under separate cover.

Regards,

Jaymie

On Mon, Sep 28, 2026 at 2:43 PM Morrone, Katherine Wright <KWMorrone@venable.com> wrote:

Counsel,

We will make ourselves available for the meet and confer tomorrow between 1:30-4PM ET / 10:30-1 PT. Please confirm the time and send the videoconference link to Maria Sinatra and me.

Thank you,
Katie

**Katie Wright Morrone, Esq. | Venable LLP**
**t** 202.344.4262 | **f** 202.344.8300 | **m** 317.908.0691
600 Massachusetts Avenue, NW, Washington, DC 20001

KWMorrone@venable.com | www.Venable.com

---

**From:** Jaymie Parkkinen <jp@prkknn.com>
**Sent:** Monday, September 28, 2026 3:00 PM
**To:** Baldridge, J. Douglas <JBaldridge@Venable.com>
**Cc:** Wellman, Max N. <MWellman@Venable.com>; Morrone, Katherine Wright <KWMorrone@venable.com>; Sinatra, Maria R. <MRSinatra@Venable.com>
**Subject:** Flagg v. Swift, No. 2:26-cv-03354-SRM-BFM – Ex Parte Notice

**Caution: External Email**

---

Counsel:

Plaintiff intends to apply ex parte on Wednesday, September 30, for leave to file a supplemental declaration on Defendants' Motion to Dismiss, Dkt. 57, and asks to meet and confer in person or by videoconference today or tomorrow under Local Rule 7-3 and Section VII.A of Judge Murillo's Standing Order, Dkt. 18. The reasons follow.

Since Defendants' reply of September 23, the following has occurred or come to light. Each bears on the pending Rule 12(b)(2) motion and statements in Defendants' papers, which we identify so Defendants can decide whether to advise the Court themselves.

1. ***USPTO.*** On September 22, the USPTO issued an Office Action in Serial No. 99331566, the document Plaintiff submitted at Dkt. 65. It states that the suspension has ended (Defendants' Exhibit 10, Dkt. 57-14, is TAS's February 4, 2026 request for suspension pending Serial No. 98905117, in which TAS stated that it "will address all remaining issues in the Office Action once Serial No. 98905117 is either registered or abandoned"; that application registered on May 26, 2026); that the Section 2(d) refusal based on Registration No. 4800625 "is maintained and continued"; and that registration "is now also refused as to International Classes 4, 14, 18, 25, and 35" on the basis of a third party's registration. Defendants' Motion states that the office action is "partial, affecting none of the Application's Classes 14, 15, 16, 18, 20, 21, 24, 25, 26, 28, or 35," that the Application "is currently voluntarily suspended," and that "TASRM will have the opportunity to respond substantively when the suspension concludes." Dkt. 57 at 7; *see also* Dkt. 57-4 at 3-4 (those classes "are unaffected"; TAS "intends to" respond "in the future"). Defendants' response to Plaintiff's notice, Dkt. 66, addresses the third-party registration, but not these statements.
2. ***September 27 appearance.*** On September 27, Swift appeared in person at the MTV Video Music Awards at the Peacock Theater in Los Angeles, premiered from the stage the video for "Patient Zero," the new single from *The Life of a Showgirl: The Encore* (announced September 23 and released September 25), and accepted Video of the Year for "The Fate of Ophelia." The Supplemental Dorris Declaration describes three talk-show appearances "[i]n connection with the launch" of the album and states that "[a]ll of these promotional appearances occurred outside of California." Dkt. 57-1 ¶ 8. The motion states that "all of Ms. Swift's actual promotional appearances for the Album occurred outside of California," Dkt. 57 at 4, and that Plaintiff "does not identify a single relevant promotional appearance in California (because there were none)," *id*. at 17.
3. ***March 2026 video shoot.*** Also on September 27, Swift disclosed that the "Patient Zero" video was shot in March 2026. Its setting appears to correspond to a property in Beverly Hills. Defendants' MTD reply, addressing the one California video shoot then in the record, states that jurisdictional discovery into "records about The Fate of Ophelia music video shoot and similar photography" would be futile and that "[n]o jurisdictional discovery is warranted." Dkt. 63 at 10.

We regard the continuing duty to inform the Court of developments that may affect the outcome of a pending matter as our own, and Plaintiff's view is that these developments belong before the Court before it hears argument on the Motion on October 7.

Because these events bear on Defendants' own statements, we write first to ask whether Defendants will advise the Court of them. If so, please tell us by 5 pm PT on Tuesday, September 29, and we will consider deferring to that submission if it is filed by September 30. If not, Plaintiff will apply ex parte on September 30, for leave to file a supplemental declaration attaching the evidence, including the September 22 Office Action already submitted at Dkt. 65. The declaration will contain factual matter only, without argument, and the application will propose that Defendants may file a response of up to five pages within five days, limited to the admissibility and bearing of the new evidence, with no further briefing.

Alternatively, we ask whether Defendants will stipulate to a proposed order under which the Court would accept the Office Action and the supplemental declaration as part of the record on the Motion, with Defendants permitted to file the same five-page response. If so, we will circulate a stipulation and proposed order, and no application will be necessary.

This e-mail gives written notice of the date and substance of the proposed application under Local Rule 7-19.1, and we will give the oral notice the rule requires at the conference. Please advise us of Defendants' position, and propose a time for the conference. We are available today until 6pm PT, and anytime tomorrow. I am also available to meet in person at Venable's LA office during that same window.

Regards,

Jaymie Parkkinen

808 Wilshire Blvd., Ste. 200-255

Santa Monica, California 90401

Tel: +1 323.919.3590

****************************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
****************************************************************************************