VENABLE LLP
Max N. Wellman (SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION [DKT. 73]**<br><br>Date: December 9, 2026<br>Time: 1:30 PM<br>Place: Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

I. RELEVANT FACTS REQUIRING DENIAL OF PLAINTIFF'S SECOND MOTION ........ 2

A. Plaintiff's Additional Exhibits are Irrelevant ........ 2

B. The Underlying Conduct Is Not Connected to the FAC Claims ........ 4

ARGUMENT ........ 5

I. THE COURT SHOULD DENY PLAINTIFF'S FURTHER ATTEMPT TO ADD A SUPPLEMENTAL DECLARATION AND SIX MORE EXHIBITS TO THE MTD BRIEFING ........ 5

A. Plaintiff's Second Motion Must Be Denied Because Events Occurring After the FAC Cannot Give Rise to Personal Jurisdiction ........ 5

B. Third-Party Conduct Cannot Be Attributed to Ms. Swift or TASRM For Purposes of Evaluating Personal Jurisdiction ........ 9

C. Plaintiff's FAC Claims Do Not Arise Out Of or Relate to the Materials Plaintiff Attempts to Introduce In the Second Motion ........ 10

CONCLUSION ........ 13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# TABLE OF AUTHORITIES

Page

**Cases**

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994) ........ 8

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255 (2017) ........ 9, 10

*Chavez v. Morgan Olson, LLC*, 2026 WL 3182158 (9th Cir. Oct. 23, 2026) ........ 10

*El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032 (9th Cir. 2003) ........ 9

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911 (9th Cir. 1990) ........ *passim*

*Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180 (9th Cir. 2024) ........ 9

*Frederick v. Cal. Dep't of Corr. & Rehab.*, 2012 WL 2077305 (N.D. Cal. June 8, 2012) ........ 9

*Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163 (C.D. Cal. 2024) ........ 10

*Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079 (9th Cir. 2023) ........ 7, 13

*Johnson v. Woodcock*, 444 F.3d 953 (8th Cir. 2006), *cert. denied*, 549 U.S. 883 (2006) ........ 6

*Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*, 2019 WL 8064196 (C.D. Cal. Dec. 5, 2019) ........ 9, 10

*Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44 (2d Cir. 1991) ........ 6

*Kruzel v. Molina Healthcare, Inc.*, 2025 WL 2388434 (D. Or. Aug. 18, 2025) ........ 7, 8

*McDonough v. Fallon McElligott, Inc.*, 1996 WL 753991 (S.D. Cal. Aug. 5, 1996) ........ 11

*Productive People, LLC v. Ives*, 2009 WL 10671597 (C.D. Cal. Apr. 30, 2009) ........ 6, 7

*Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) ........ 8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Ratha v. Phatthana Seafood Co.*,
35 F.4th 1159 (9th Cir. 2022) .......... 5, 6

*Rounds v. Case-Mate Inc.*,
2025 WL 1873999 (C.D. Cal. July 2, 2025) .......... 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 10

*SDS Korea Co., Ltd. v. SDS USA, Inc.*,
732 F. Supp. 2d 1062 (S.D. Cal. 2010) .......... 11

*Steel v. U.S.*,
813 F.2d 1545 (9th Cir. 1987) .......... 6

*T.U. v. CooperSurgical, Inc.*,
2025 WL 3171594 (N.D. Cal. Nov. 13, 2025) .......... 11

*TIW Holdings LLC v. Hotbox Farms LLC*,
2024 WL 1829656 (C.D. Cal. Jan. 18, 2024) .......... 6, 7

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 9

*Wilden Pump & Eng'g Co. v. Versa-Matic Tool, Inc.*,
20 U.S.P.Q.2d 1788 (C.D. Cal. 1991) .......... 7

**Rules**

Fed. R. Civ. P. 15(a), (d) .......... 9

C.D. Cal. L.R. 7-10 .......... 2

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Defendants respectfully submit this opposition to Plaintiff's Second Motion for Leave to File Supplemental Declaration in Opposition to Defendants' Motion to Dismiss [Dkt. 73] (the "Second Motion").

**INTRODUCTION**

Here we go again. Despite briefing closing on Defendants' Motion to Dismiss ("MTD") [Dkt. 57] on September 23, 2026, and Plaintiff already asking the Court to consider twenty-one (21) new exhibits in its October 9, 2026 First Motion [Dkt. 68] (such request being deficient in its own right), Plaintiff now seeks to add even more material to the Court's evaluation of the MTD to again try and save her deficient First Amended Complaint ("FAC"). Indeed, this is Plaintiff's Second Motion for Leave to Supplement the MTD record, filed shortly after her First Motion, with each motion detailing Ms. Swift's most recent award show or event attendance and/or expressive work premieres. At some point, enough has to be enough; the Court should not be required to entertain full motions practice every time Ms. Swift steps foot in the state of California. There is no basis for this type of ad hoc, irrelevant supplementation and Plaintiff's successive attempts to supplement her flawed FAC should be rejected.

That is particularly the case here as Plaintiff's Second Motion seeks to place additional materials before the Court that simply do not support personal jurisdiction over Ms. Swift or TASRM in relation to the claims plead in the FAC. Those claims are premised on the fantastical notion that there could somehow be a likelihood of confusion between Ms. Swift's twelfth studio album (and expressive work), *The Life of a Showgirl* (the "Album") and Plaintiff's cabaret-style goods and services offered under the CONFESSIONS OF A SHOWGIRL trademark. As such, Plaintiff now seeks to add an additional six (6) exhibits to her Opposition to the MTD concerning Ms. Swift's October 2026 performance of four songs at the Academy Museum of Motion Pictures' annual gala ("Academy Museum Gala"). The only song at issue is Ms. Swift's performance of "The Fate of Ophelia," which is the first track on the Album. As Plaintiff makes clear, this was the first time Ms. Swift had ever publicly

performed "The Fate of Ophelia" (or any song from the Album since it was released in October 2025). But that performance provides no basis for personal jurisdiction. Ms. Swift's appearance at the Academy Museum Gala occurred months after Plaintiff filed her FAC and categorically cannot support personal jurisdiction over Ms. Swift or TASRM in this case. Further, Ms. Swift's musical performance is not a trademark use. Plaintiff effectively concedes this, as she does not allege that any individual song on the Album infringes her trademark, and she claims no right to "The Fate of Ophelia." And, just like the First Motion, Plaintiff tries to further prop up contacts related to this expressive performance, by pointing to non-party conduct that simply cannot be imputed to Ms. Swift or TASRM for purposes of personal jurisdiction.[1]

The Court should deny Plaintiff's further attempt to supplement her MTD Opposition.

## I. Relevant Facts Requiring Denial of Plaintiff's Second Motion

### A. Plaintiff's Additional Exhibits are Irrelevant

Plaintiff styles her Second Motion as requesting leave to add even more materials before the Court purportedly relevant to Defendants' MTD for lack of personal jurisdiction over Ms. Swift and TASRM.[2] But, Plaintiff's latest proposed

[1] Unlike the First Motion, Plaintiff's Second Motion does not separately request jurisdictional discovery. Defendants maintain that jurisdictional discovery is unwarranted and improper and nothing in the Second Motion identifies jurisdictional facts in dispute or how any proposed discovery would establish personal jurisdiction tied to the causes of action and conduct actually pleaded in the FAC.

[2] Plaintiff also improperly attempts to supplement the parties' briefing on Plaintiff's Motion for Preliminary Injunction, and on non-Rule 12(b)(2) arguments in the MTD. *See* Second Motion at 6, 7-8. This should be squarely rejected. Plaintiff does not claim the materials are proper for judicial notice and they therefore cannot be considered on Defendants' Rule 12(b)(6) arguments. Nor has Plaintiff sought the requisite leave to supplement the Preliminary Injunction briefing. *See* L.R. 7-10. Plaintiff's assertion that the filing is justified because of a "continuing duty" to inform about developments that may "affect the outcome of the litigation" is misguided. Second Motion at 6 (citing cases). None of Plaintiff's authority is analogous, with the key distinction being that here, Ms. Swift's appearance at the Academy Museum Gala has no bearing on Plaintiff's FAC claims and therefore does not affect the outcome of Defendants' MTD.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

materials and the conduct they depict (i) post-date Plaintiff's operative pleading by months, (ii) could not give rise to the complained of conduct regarding the Album title or alleged confusion with Plaintiff's Mark CONFESSIONS OF A SHOWGIRL, and (iii) involve the conduct of non-parties whom Plaintiff has never alleged to be (and are not) alter egos or agents of Ms. Swift or TASRM. The exhibits are summarized below.

***Third Party Articles.*** Exhibits 41 and 42 purport to be October 18, 2026 articles written by third parties (*Billboard* and *Rolling Stone*) about Ms. Swift's performance of "The Fate of Ophelia" at the October 17, 2026 Academy Museum Gala. Exhibit 41 itself describes the event as "private" and notes that the performance included the songs "Blank Space", "Love Story", and "I Knew It, I Knew You." *See* Dkt. 73-3 at 3. Plaintiff does not (and could not) allege that Ms. Swift or TASRM have any affiliation with these third-party publications. And, notably, the articles were written several months after the filing of the FAC.

***Social Media Screenshot.*** Plaintiff represents that Exhibit 43 is a screenshot of an October 20, 2026 Instagram post by Ms. Swift. The post does not mention the Album, does not mention California, does not mention "The Fate of Ophelia," and none of the images in connection with the post depict the Album cover, or Album title. Dkt. 73-5 at 2. The caption of Ms. Swift's post merely thanks the Academy Museum who hosted the gala, expresses gratitude for performing with her bandmates, and conveys excitement about working with others involved with the *Toy Story 5* movie. Dkt. 73-5, at 2. The post then contains the following text: "@gina-gizella / @stefaniekeenan / @gettyimages / TAS Rights Management" along with a camera emoji depicted as follows (📷), crediting the photographs used in the post.[3] Dkt. 73-

[3] Plaintiff attempts to make much of the fact that "TAS Rights Management" is referenced alongside this Getty credit—assuming, without basis, that "TAS commissioned the photographs." Second Motion at 8-9. That is not accurate. TASRM did not commission, "acquire rights," or license these photos, and indeed it has no ownership or use rights in them. Nov. 18, 2026 Declaration of John R. Dorris, Jr. ("Dorris Decl.") ¶ 4.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

5, at 2. The October 20, 2026 post was, again, made months after Plaintiff filed her FAC.

***Third-party Social Media Profiles and Webpages***. Exhibit 44 purports to be a screenshot of the Instagram page of Stefanie Keenan, a third-party photographer who appears to be affiliated with third-party Getty Images. Dkt. 73-6. Exhibit 44 does not mention the Album or "The Fate of Ophelia." Dkt. 73-6. Exhibits 45 and 46 relate to Gina Manning, another third-party individual who appears to be a photographer. Dkt. 73-7 at 2; Dkt. 73-8. Exhibit 45 purports to be a printout of an "About me" page from Gina Manning's website, which does not mention the Album, "The Fate of Ophelia," the Academy Museum Gala, and actually references "NYC." Dkt. 73-7 at 2. Exhibit 46 purports to be a screenshot of Gina Manning's Instagram profile, which again does not mention the Album, any songs thereon, the Academy Museum Gala, and mentions "NYC" and London. Dkt. 73-8. It is thus unclear how Plaintiff contends these materials have any relevance to Plaintiff's FAC: neither Stefanie Keenan nor Gina Manning is a Defendant in this case, they are not mentioned in the FAC, and have no cognizable relationship to the Album.

Even if they relate to pictures taken at the Academy Museum Gala, it is further unclear how the pictures (or any credits to them) pertain to Plaintiff's FAC claims involving alleged likelihood of confusion with Plaintiff's CONFESSIONS OF A SHOWGIRL trademark when the photographs have nothing to do with the Album. Once again, they were taken months after Plaintiff filed the FAC.

**B. The Underlying Conduct Is Not Connected to the FAC Claims**

Plaintiff's Second Motion asks the Court to consider an event that took place months *after* Plaintiff filed her FAC: Ms. Swift's performance at the private Academy Museum Gala. That event has no bearing on personal jurisdiction concerning the claims in the FAC—it was an exercise of First Amendment protected expressive speech (not a trademark use) and occurred months after the operative complaint was filed. It cannot now retroactively supply facts the FAC lack.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

The relevant facts are undisputed. Ms. Swift attended the October 2026 Academy Museum Gala and performed four songs: "Blank Space"; "The Fate of Ophelia"; "I Knew It, I Knew You" (Ms. Swift's original song from the *Toy Story 5* movie soundtrack); and "Love Story." The event was clearly billed and promoted by identifying Ms. Swift, not the Album. The Academy Museum's October 8, 2026 press release announced Ms. Swift as the performer and said nothing about the Album or any of its songs, leaving no doubt as to who would be performing. *See* Nov. 18, 2026 Declaration of Max N. Wellman ("Wellman Decl.") ¶ 3 & Exhibit 1 (Academy Museum press release). The Academy Museum's own YouTube footage confirms the point, titling the video "Taylor Swift Performs At The 2026 Academy Museum Gala," with no reference to the Album. *See* Wellman Decl. ¶ 4 & Exhibits 2, 3. At the event itself, Ms. Swift was introduced as a member of the "Toy Story 5 family" and then opened her performance with "Blank Space." *See id.* This performance was focused on Ms. Swift's years of songwriting, and most notably her recent contribution to *Toy Story 5*. It was clearly not promoting *The Life of a Showgirl*, let alone using that title as a trademark in any way, and Plaintiff has identified nothing to the contrary. No attendee could have mistaken who was on stage or what was being performed. Given that, it is unsurprising that Plaintiff does not claim—much less offer facts showing—that any consumer was likely to be confused by Ms. Swift's appearance at the Academy Museum Gala.

## ARGUMENT

### I. The Court Should Deny Plaintiff's Further Attempt to Add a Supplemental Declaration and Six More Exhibits to the MTD Briefing

#### A. Plaintiff's Second Motion Must Be Denied Because Events Occurring After the FAC Cannot Give Rise to Personal Jurisdiction

Plaintiff's Second Motion fails for the fundamental reason that when analyzing personal jurisdiction, "only contacts occurring <u>prior to the event causing the litigation may be considered</u>." *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) (citing case) (emphasis added); *accord Ratha v.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022) ("In the Ninth Circuit, we measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute.'"). Courts across other circuits agree. *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) (noting minimum contacts must exist at the time the cause of action arose, the time suit was filed, or within a reasonable period of time immediately before suit was filed), *cert. denied*, 549 U.S. 883 (2006); *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (noting "personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed").

That rule disposes of Plaintiff's Second Motion, just as it does her First Motion. Ms. Swift's October 2026 performance at the Academy Museum Gala occurred months after Plaintiff filed her claims. On that basis alone, it is irrelevant to Plaintiff's FAC and to Defendants' MTD for lack of personal jurisdiction. *See, e.g., TIW Holdings LLC v. Hotbox Farms LLC*, 2024 WL 1829656, at *8 (C.D. Cal. Jan. 18, 2024) (granting motion to dismiss in trademark infringement action finding announcement of opening involving conduct occurring "after the start of litigation in this matter" was not relevant to the court's jurisdictional analysis in trademark infringement action) (citing *Farmers, Ratha,* and *Steel v. U.S.*, 813 F.2d 1545, 1549 (9th Cir. 1987)); *Productive People, LLC v. Ives*, 2009 WL 10671597, at *7 (C.D. Cal. Apr. 30, 2009) (granting motion to dismiss and stating "under *Farmers Insurance*, conduct subsequent to the start of litigation cannot be considered for the purpose of establishing personal jurisdiction"). Even if Ms. Swift's performance at the Academy Museum Gala was relevant to trademark confusion claims (it is not), Plaintiff never explains (because she cannot) how the event could have contributed to consumer confusion allegedly arising in June 2026, when it had not yet occurred. Because the Court may not consider conduct occurring after the FAC was filed in evaluating personal jurisdiction, Plaintiff's Second Motion should be denied on this basis alone.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Unable to escape *Farmers*, Plaintiff tries to confine it to insurance cases and claim that it does not apply where a complaint alleges "continuing use." Second Motion at 9-11. Plaintiff is wrong. Courts in this very District have rejected Plaintiff's position and have repeatedly applied *Farmers* in trademark infringement disputes—just like this one—to disregard events occurring "after litigation in [the] matter commenced." *See, e.g.*, *TIW Holdings*, 2024 WL 1829656, at *7-8, n.6 (citing *Farmers* and granting motion to dismiss for lack of personal jurisdiction where plaintiff attempted to introduce sale of allegedly infringing product made after the litigation commenced); *Productive People*, 2009 WL 10671597, at *7 (applying *Farmers* in trademark dispute to disregard post-filing conduct where plaintiff attempted to introduce sale of allegedly infringing product made after the litigation commenced). Because each of the "jurisdictional facts" Plaintiff attempts to inject into her Opposition to the MTD regarding the Academy Museum Gala took place months after she filed the FAC, they are irrelevant to the Court's evaluation of personal jurisdiction.

Plaintiff's reliance on *Impossible Foods* (Second Motion at 11) is also misplaced; if anything, the case underscores why the Second Motion fails. There, the defendant's challenged business conduct *was run/headquartered in California for years before the action was filed*. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1083-84, 1087 (9th Cir. 2023). The court was never asked—as Plaintiff asks here—to rest personal jurisdiction on conduct allegedly occurring months after the complaint. Unsurprisingly, *Impossible Foods* does not even mention *Farmers*, let alone limit it. Plaintiff's remaining authorities fare no better. *Wilden Pump* (Second Motion at 10) is a patent case; it did not involve multiple successive requests to supplement the record with conduct occurring months after the complaint. *Wilden Pump & Eng'g Co. v. Versa-Matic Tool, Inc.,* 20 U.S.P.Q.2d 1788 (C.D. Cal. 1991). *Kruzel*, a non-precedential Oregon opinion (Second Motion at 10-11), is equally inapposite. The plaintiff there sued under the Telephone Consumer Protection Act,

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

alleging that the defendants called and texted the plaintiff's phone directly and repeatedly—the very conduct giving rise to the claims, which itself required complaint amendments. *Kruzel v. Molina Healthcare, Inc.*, 2025 WL 2388434, at *2 (D. Or. Aug. 18, 2025). Here, by contrast, Ms. Swift's performance at the Academy Museum Gala has no bearing whatsoever on Plaintiff's FAC claims.

Additionally, *Beverly Hills Fan*—which Plaintiff cites for the proposition that conduct occurring months after a complaint can support personal jurisdiction—actually confirms Defendants' position. *See* Second Motion at 11. That case dealt with a Federal Circuit patent (not trademark) infringement appeal applying Fourth Circuit law on facts bearing no resemblance to this case: the challenged conduct was the defendant's sale of allegedly infringing fans in Virginia, and the plaintiff offered evidence that the exact accused fans were present at a Virginia store months later. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563-64 (Fed. Cir. 1994). There, the court accepted that evidence precisely because it was directly tied to the claims, distinguishing *Farmers* on the ground that there the "Defendant's contacts with the forum after the commission of the tort had no relation to the action, and thus were irrelevant to whether specific jurisdiction could be exercised[.]" *Id.* at 1563. The same is true here. As detailed below, the Second Motion materials have nothing to do with Plaintiff's FAC claims, and *Beverly Hills* itself compels their exclusion.

The remaining cases Plaintiff cites also do not support the notion that materials created months after the FAC are "timely" for purposes of evaluating personal jurisdiction. Second Motion at 6-7. *Provenz* and *Flathead-Lolo* (Second Motion at 5-6) did not (1) involve challenges to personal jurisdiction, and (2) did not involve the evaluation of a motion to dismiss. *See generally Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) (concerning a summary judgment motion and not mentioning personal jurisdiction at all); *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180 (9th Cir. 2024) (concerning a motion for preliminary injunction

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

involving materials submitted on reply, not a second motion for supplementation); *see also El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032 (9th Cir. 2003) (concerning a motion for preliminary injunction involving materials submitted on reply, not a second motion for supplementation). None of them even address, let alone overcome, *Farmers* and its progeny.

All of the post-FAC material Plaintiff seeks to rely on should be rejected.[4]

### B. Third-Party Conduct Cannot Be Attributed to Ms. Swift or TASRM For Purposes of Evaluating Personal Jurisdiction

Plaintiff's Second Motion, much like the First Motion, also rests on a legally impermissible premise: that the social media pages and websites of non-parties can somehow be attributed to Ms. Swift and TASRM for purposes of personal jurisdiction. Plaintiff offers no basis for doing so, and the Supreme Court has expressly foreclosed it. "[A] defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 265 (2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)). Even if a party has relationships with a third-party in California, courts have repeatedly found that insufficient for purposes of sustaining personal jurisdiction over a non-resident defendant. *Rounds v. Case-Mate Inc.*, 2025 WL 1873999, at *7 (C.D. Cal. July 2, 2025) (dismissing for lack of personal jurisdiction where plaintiff alleged that defendant had relationship with California social media entity allegedly connected to the complained of conduct) (citing *Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*, 2019 WL 8064196, at *5 (C.D. Cal. Dec. 5, 2019) (emphasizing that "jurisdiction must arise out of the contacts that 'defendant himself

[4] Recognizing that *Farmers* defeats both her First Motion and Second Motion, Plaintiff notes, in a single sentence, her intention to seek leave to amend a second time under Fed. R. Civ. P. 15(d) if the Court does not consider the post-FAC conduct. Second Motion at 11. That passing reference is not a proper request for leave, and it does not help her. A party moving under Rule 15(d) must still satisfy Rule 15(a)'s amendment standards. *See, e.g.*, *Frederick v. Cal. Dep't. of Corr. & Rehab.*, 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012). Plaintiff cannot do so because, among other reasons, amendment would be futile, as explained below.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

creates with the forum state,' and not defendant's contacts with entities that do business or reside there")); *see also Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1170 (C.D. Cal. 2024) ("And, given that Salesforce is not a defendant in this lawsuit, [the plaintiff's] arguments regarding third-party [Salesforce] connections to the forum are similarly insufficient").

Plaintiff's FAC never once mentions Stefanie Keenan or Gina Manning (together, "Non-Parties")—much less alleges facts showing that either of them is an alter ego or agent of Ms. Swift or TASRM such that their conduct could be attributable to them for personal jurisdiction purposes. Nor could she since neither of the Non-Parties is employed by, the agent of, or in any way affiliated with Ms. Swift or TASRM. Dorris Decl. ¶¶ 5-8. Thus, the Non-Parties' conduct is legally irrelevant to whether this Court may exercise jurisdiction over Defendants. Plaintiff's attempt to introduce social media posts and websites related to the Non-Parties, and to attribute their conduct to Ms. Swift or TASRM, should be summarily rejected.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

### C. Plaintiff's FAC Claims Do Not Arise Out Of or Relate to the Materials Plaintiff Attempts to Introduce In the Second Motion

"To satisfy the second part of the specific jurisdiction test, a plaintiff's claims must 'arise[ ] out of or relate[ ] to the defendant's forum-related activities.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "[A] defendant's general connections with the forum are not enough;" there must be "a connection between the forum and the **specific claims at issue**." *Bristol-Myers,* 582 U.S. at 264–65 (emphasis added). To determine whether conduct is forum-related, the Ninth Circuit asks whether the forum contacts are a "but-for" cause of the plaintiff's alleged injury, or are "sufficiently related" to the injury that they would "tend to cause the injury at issue." *Chavez v. Morgan Olson, LLC*, 2026 WL 3182158, at *1 (9th Cir. Oct. 23, 2026) (citing cases).

Again, Plaintiff cannot meet that standard. As detailed above, Ms. Swift's Academy Museum Gala appearance occurred months after the filing of the FAC and

cannot supply a basis for personal jurisdiction; conduct occurring after the FAC cannot be the "but-for" cause of Plaintiff's alleged claims. *See supra* Section I.A. The mere fact that Ms. Swift set foot at an event in California has no cognizable connection to Plaintiff's trademark claims and thus is insufficient for personal jurisdiction. *See, e.g., T.U. v. CooperSurgical, Inc.*, 2025 WL 3171594, at *6 (N.D. Cal. Nov. 13, 2025) (finding defendant "did not engage in significant activities in California merely by attending an industry conference"); *SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062, 1079–80 (S.D. Cal. 2010) (finding presence at a California trade show insufficient to demonstrate purposeful activity in trademark infringement or to satisfy the arising out of prong); *McDonough v. Fallon McElligott, Inc.*, 1996 WL 753991, at *4-5 (S.D. Cal. Aug. 5, 1996) (finding taking part in a Los Angeles based awards ceremony was insufficient to confer personal jurisdiction in copyright infringement and unfair competition action). Like the *T.U.* and *SDS* cases, Plaintiff does not provide any facts supporting that Ms. Swift (or TASRM) had any control over where the Academy Museum Gala was held, making an isolated appearance focused on Ms. Swift's overall career and *Toy Story 5* songwriting insufficient for purposes of personal jurisdiction.

That Plaintiff would even suggest otherwise shows her desperation. Plaintiff appears to believe that because she has a registration in Class 41 for live stage performances, and Ms. Swift performed in California, that the content of that performance (which has no connection to Plaintiff's trademark infringement claims for CONFESSIONS OF A SHOWGIRL) is somehow relevant to consumer confusion. Motion at 6. But that is not the law. Performing a song titled "The Fate of Ophelia" at a private event promoting the Academy Museum is not trademark use at all, and Plaintiff cites no authority holding that it is. Nor does *Ford Motor Co.* help her (Second Motion at 7). Despite how Plaintiff portrays *Ford*, that case **does not** involve expressive speech occurring months after a complaint was filed.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

The Non-Party materials Plaintiff seeks to put before the Court are even further afield. Plaintiff points to a social media post by Ms. Swift that makes no mention of the Album or California (Exhibit 43), that contains photo credits[5] to individuals who are not named anywhere in the FAC and have no connection to the Album, and then inexplicably, Plaintiff points to the personal social media and website pages of those Non-Party individuals (Exhibits 44, 45, and 46). Plaintiff's further attempt to impute some connection from this Instagram post and these Non-Party photographers to TASRM through a speculative "rights arrangement" (Second Motion at 8-9) is unconnected to any claim in the FAC, and is wholly inaccurate. Dorris Decl. ¶ 4 (explaining that TASRM neither owns nor has use rights in the photos contained in the post). Defendants previously put forth a sworn uncontroverted declaration that TASRM does not "actively manage Ms. Swift's commercial affairs" (as erroneously alleged in Paragraph 18 of the FAC, which Plaintiff heavily relies on here) and does not control Ms. Swift's appearances (whether in California or otherwise). *See* Dkt. 57-1 ¶ 7. Failing to provide any evidence to the contrary, Plaintiff grasps at straws to a social media caption to try and put materials before the Court. But that attempt does not change the fact that neither the Album nor California are mentioned at all in that post. Further, as explained above, a private performance of the song "The Fate of Ophelia" at an event organized by the Academy Museum, in connection with three other songs having nothing to do with the Album, is not trademark use. Plaintiff cites no authority to the contrary. Plaintiff's attempt to obscure the true nature of Ms. Swift's Academy Museum Gala attendance (by referring to the Album as a whole,

[5] Plaintiff notes that TAS Rights Management was listed in the photo credit line of this post (Second Motion at 5), but includes no accurate information as to how that credit line has any connection to her claims or personal jurisdiction in California. She baldly claims that "TAS's name was on the promotion" of Ms. Swift's Academy Museum Gala performance. *Id.* at 6. The exhibits she includes in her Second Motion, however, squarely refute that characterization.

not the songs performed, and ignoring the nature of the event) is disingenuous and telling.[6]

Having failed to tie any of the exhibits or conduct articulated in the Second Motion to claims asserted in the FAC, Plaintiff's Second Motion fails.

## CONCLUSION

Just like the First Motion, Plaintiff has no basis to put the proffered materials before the Court in support of her Opposition to Defendants' MTD. The Court should deny Plaintiff's Second Motion.

Dated: November 18, 2026

VENABLE LLP

By: */s/ Max N. Wellman*
Max N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

[6] Plaintiff's assertion that materials offered in the Second Motion somehow bear on whether exercising personal jurisdiction over Ms. Swift and TASRM would be "reasonable" is also far afield. Second Motion at 11-12. Not only have Defendants provided the Court with multiple bases for why exercising personal jurisdiction would be unreasonable in this case as to Ms. Swift and TASRM—including the fact that both Defendants are domiciled in Tennessee, the Nevada-resident Plaintiff has no facts supporting any relationship to California, and there exists an alternative forum (among other reasons) (MTD at 25)—but the cases cited by Plaintiff are also factually inapposite. In *Farmers*, an automobile accident occurred in Montana and the Court found that Montana had a "great interest in regulating bad faith by insurance companies in the state," in particular where the insurer knew the car would be driven in Montana. *Farmers*, 907 F.2d at 915. And, the actions considered by the court in *Impossible Foods* occurred pre-complaint. *Impossible Foods*, 80 F.4th at 1084-85 (describing pre-complaint conduct relevant to the infringement claims). None bear on the question of reasonableness, and the Court need not reach the issue in any event.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing memorandum in opposition is 13 pages, in compliance with the 25-page limit set forth in the Court's Standing Order.

Dated: November 18, 2026 *<u>/s/ Max N. Wellman</u>*

Max N. Wellman