UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREN FLAGG,<br>Plaintiff,<br>v.<br>TAYLOR SWIFT; TAS RIGHTS MANAGEMENT, LLC; UMG RECORDINGS, INC.; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC.,<br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DKT. 73]** |

On October 29, 2026, Plaintiff Maren Flagg filed a Second Motion for Leave to File Supplemental Declaration in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. 73 (the "Second Motion").

Plaintiff's Second Motion asks the Court for leave to file a supplemental declaration and six additional exhibits (Exhibits 41 through 46) ("Materials") in support of Plaintiff's Opposition to Defendants' Motion to Dismiss purporting to pertain to a performance by Ms. Swift on October 17, 2026.

Plaintiff's Second Motion seeks to put these Materials before the Court in furtherance of her Opposition to Defendants' Motion to Dismiss based upon lack of personal jurisdiction over Defendants Taylor Swift and TAS Rights Management, LLC ("TASRM").

Defendants oppose Plaintiff's Second Motion on multiple grounds, namely: (1) events occurring after Plaintiff's First Amended Complaint ("FAC") cannot give rise to personal jurisdiction; (2) third party conduct cannot be attributed to Ms. Swift or TASRM for purposes of evaluating personal jurisdiction; and (3) Plaintiff's claims do not arise out of or relate to the Materials Plaintiff attempts to introduce in the Second Motion. In support of Defendants' Opposition, they submit a declaration of Max Wellman attaching: (1) the official press release regarding Ms. Swift's appearance at the Museum Gala in October 2026, which does not mention the Album or any songs Ms. Swift was to perform; and (2) a copy of a YouTube video posted by the official Academy Museum channel showing clips of Ms. Swift's introduction and performance.

The Court, having considered Plaintiff's Second Motion, Defendants' Opposition thereto, and the papers on file, hereby **ORDERS** as follows:

The Second Motion is **DENIED**. The Ninth Circuit is clear that "only contacts occurring prior to the event causing the litigation may be considered" when evaluating personal jurisdiction. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) (citing case) (emphasis added); *accord Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1171 (9th Cir. 2022) ("In the Ninth Circuit, we measure the extent of a defendant's contacts with a forum 'at the time of the events underlying the dispute.'"); *TIW Holdings LLC v. Hotbox Farms LLC*, 2024 WL 1829656, at *8 (C.D. Cal. Jan. 18, 2024) (granting motion to dismiss in trademark infringement action finding announcement of opening involving conduct occurring "after the start of litigation in this matter" was not relevant to the court's jurisdictional analysis in trademark infringement action); *Productive People, LLC v. Ives*, 2009 WL 10671597, at *7 (C.D. Cal. Apr. 30, 2009) (granting motion to dismiss and stating "under *Farmers Insurance*, conduct subsequent to the start of litigation cannot be considered for the purpose of establishing personal jurisdiction").

The Materials Plaintiff seeks to introduce as part of the Second Motion all occurred after Plaintiff filed her FAC and on that basis alone cannot be considered for purposes of opposing Defendants' jurisdictional challenges.

Plaintiff's Second Motion is **FURTHER DENIED** because (1) the Materials Plaintiff seeks to introduce are not related to Plaintiff's FAC allegations, and (2) third party conduct cannot be attributed to Ms. Swift or TASRM for purposes of evaluating personal jurisdiction.

**IT IS SO ORDERED.**

Dated:

____________________________________

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE