**VENABLE LLP**
Max N. Wellman (CA SBN 291814)
mwellman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

J. Douglas Baldridge (*Pro Hac Vice*)
jbaldridge@venable.com
Katherine Wright Morrone (*Pro Hac Vice*)
kwmorrone@venable.com
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Maria R. Sinatra (*Pro Hac Vice*)
mrsinatra@venable.com
151 W. 42nd Street
New York, NY 10036
Telephone: (212) 370-6247
Facsimile: (212) 307-5598

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAREN FLAGG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR SWIFT, an individual; TAS RIGHTS MANAGEMENT, LLC, a Tennessee limited liability company; UMG RECORDINGS, INC., a Delaware corporation; BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation; and DOES 1-25,<br><br>Defendants. | Case No. 2:26-cv-03354-SRM-BFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>Date: December 9, 2026<br>Time: 1:30 PM<br>Place: Courtroom 5D (5th Fl.)<br>350 W. First Street<br>Los Angeles, CA 90012 |



VENABLE LLP

# TABLE OF CONTENTS

**Page**

I. Defendants' MTD Raises Dispositive Threshold Legal Issues Requiring Resolution Prior to Discovery ..... 2

II. Defendants' Motion Is Timely and Proper Under the Court's Standing Order and Rule 26 ..... 5

III. Plaintiff's Reliance on Post-FAC Conduct Is Legally Irrelevant to Personal Jurisdiction and Cannot Justify Discovery ..... 6

IV. Plaintiff's Manufactured "Prejudice" Is Non-Existent and Caused By Her Own Delay ..... 7

V. Defendants Have Shown They Will Be Prejudiced Without a Stay Because Plaintiff Has Already Sought Disproportionate Discovery ..... 8

VI. Plaintiff's Arguments Against Judicial Economy Make No Sense ..... 9

VENABLE LLP

Plaintiff's Opposition to Defendants' Motion to Stay Discovery [Dkt. 77] offers no reason why the parties should embark on burdensome, piecemeal discovery while Defendants' Motion to Dismiss ("MTD") [Dkt. 57]—which is likely to dispose of or substantially narrow the Action's claims, parties, and issues—remains pending. It is by and large a rehash of arguments and irrelevant statements already made in her Opposition to the MTD and accompanying successive motions for leave to supplement that plainly fail.[1]

Plaintiff does not dispute that Defendants' MTD, brought under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), can dispose of her claims entirely or at a minimum eliminate multiple Defendants and claims. Plaintiff nonetheless insists on burdening the Court and Defendants with discovery while the pleadings remain open, no scheduling order exists, no Defendant has answered, and the claims and parties are likely to be narrowed, if not eliminated altogether. In doing so, Plaintiff ignores that her Lanham Act claims, which target the title of an expressive work, Taylor Swift's twelfth studio album, *The Life of a Showgirl* (the "Album"), present a threshold question of law under *Rogers v. Grimaldi* that courts resolve at the motion to dismiss stage. Defendants' MTD seeks dismissal on precisely that basis, and if granted, would end this Action in its entirety, rendering any discovery in the interim superfluous.

Plaintiff's remaining arguments against a stay fare no better. She lumps together the California Unfair Competition Law ("UCL") claims and contributory and vicarious liability claims, broadly proclaiming that they all arise from the same facts, such that dismissal would not affect the scope of discovery. That is not true: each claim carries distinct elements of proof. Plaintiff cannot manufacture a need for immediate discovery by blurring those distinctions.

Additionally, Plaintiff provides no basis for why Ms. Swift or TAS Rights

[1] Plaintiff continues to make assertions that Defendants have shown are inaccurate or wholly irrelevant to the issues before this Court. Defendants respectfully refer the Court to their prior filings. *See, e.g.*, Dkt. 71, Dkt. 78, Dkt. 80.



VENABLE LLP

Management ("TASRM") should be subject to discovery when they have challenged the First Amended Complaint ("FAC") for lack of personal jurisdiction, among other grounds. Instead, she relies on arguments and unconnected conduct that cannot be considered in evaluating jurisdiction with respect to Plaintiff's FAC. Recognizing that the absence of personal jurisdiction over Ms. Swift and TASRM is a threshold defect, Plaintiff asks the Court to disregard the obvious to accept that "phased" discovery—proceeding against Defendants UMG and Bravado on the one hand, and Ms. Swift and TASRM on the other—"is not 'piecemeal.'" Opp. at 26. This simply does not make sense. Discovery split along those lines is precisely the inefficient, piecemeal approach that courts and parties prefer to avoid. A brief stay solves this.

Plaintiff's effort to strong-arm Defendants into a Rule 26(f) conference after months of her own inaction all while a potentially dispositive MTD is pending, solely to serve onerous discovery demands, should be rejected. Notably, Plaintiff does not contest that she identified zero prejudice from a brief stay before the Motion was filed, and her Opposition still points to no facts supporting any.

Defendants' Motion to Stay Discovery should be granted.

## I. Defendants' MTD Raises Dispositive Threshold Legal Issues Requiring Resolution Prior to Discovery

Plaintiff concedes that the Court has discretion to control discovery and that a stay of discovery is permitted where a pending motion (1) is potentially dispositive and (2) can be decided without additional discovery. Opp. at 11. Plaintiff also concedes that where a motion to dismiss is directed to all claims (like the MTD here) it is potentially dispositive. Opp. at 14. Defendants' MTD attacks all of Plaintiff's claims and does not require additional discovery to resolve. That is sufficient to end the inquiry. *Williams-Sonoma, Inc. v. Last Brand, Inc.*, 2026 WL 1301007, at *2-3 (N.D. Cal. May 12, 2026) (staying discovery); *see also* Motion at 5 (citing cases).

Understanding that this Circuit's two-part test for a discovery stay is satisfied, Plaintiff attempts to deflect the Court's attention and rehash arguments in opposition



VENABLE LLP

to Defendants' MTD instead of articulating why the Parties (and Court) must proceed with merits-based discovery now. That deflection disregards the reality that: (i) threshold questions of lack of jurisdiction over Ms. Swift and TASRM remain; (ii) all Defendants have raised legal challenges to all of Plaintiff's claims; and (iii) Plaintiff herself has caused the majority of the delay she now complains of: delaying months before bringing her claims, extending court timelines by amending her deficient Complaint, and filing numerous supplemental motions (documenting irrelevant details about Ms. Swift's award show attendance and the like). Plaintiff's recent demand that discovery immediately move forward, particularly given all of the above, is unfounded, and Plaintiff articulates no prejudice by a temporary stay.

With respect to Defendants' MTD Plaintiff's Lanham Act claims for failure to state a claim, Plaintiff ignores that courts within this District (and around the country) have dismissed claims pursuant to *Rogers v. Grimaldi* at the motion to dismiss stage—making it a threshold legal issue. Dkt. 57, MTD at 8-10 (citing Ninth Circuit cases dismissing Lanham Act claims under *Rogers* on motion to dismiss); Dkt. 63, Reply MTD (pointing out Plaintiff failed to address (let alone distinguish) several cases dismissing at motion to dismiss stage pursuant to *Rogers*).

The notion that Defendants' MTD is not at least potentially dispositive (Defendants contend <u>it is dispositive</u>) should not be credited; Lanham Act claims brought against the title of a musical album were dismissed under *Rogers* in a virtually identical action within this District this year. Reply MTD at 2 (citing *Lost Int'l, LLC v. Germanotta*, 2026 WL 2415514 (C.D. Cal. Aug. 18, 2026)). Plaintiff failed to address *Lost* in previous MTD briefing and continues to act as though it does not exist here. And while Plaintiff places outsized emphasis on subsequent history in *Activision*, a stay of discovery was granted pending the outcome of the motion to dismiss precisely because the Court viewed the *Rogers* analysis as a threshold legal issue. 2022 WL 22960724, at *2 (C.D. Cal. Feb. 15, 2022) (discussing whether

VENABLE LLP

claims were barred by First Amendment was a matter of law).[2]

Further, Plaintiff does not dispute that the Court may dismiss Lanham Act claims where, as here, the pleadings show confusion is unlikely. *See* Reply MTD at 4. Plaintiff has conceded that similarity "must be compared in the light of what occurs in the marketplace" (MTD Opp. at 15), yet never shows how the mark appears there. Instead, she continues to rely on a **non-final** office action from an intent-to-use application—a preliminary determination that does not bind the Court and did not evaluate a specimen of use. Opp. at 17; *Sarieddine v. Connected Int'l, Inc.*, 2025 WL 1513777, at *2 (9th Cir. May 28, 2025).[3] When confronted with the Album's actual appearance, Plaintiff is silent. The Court need not ignore marketplace reality (and common sense) because Plaintiff would prefer to obscure it. *See* Reply MTD at 5.

Plaintiff's cases do not help her. *See* Opp. at 14, 17. *Fortune Dynamic* found factual issues regarding likelihood of confusion at summary judgment where both parties used the same mark (DELICIOUS) to sell apparel in retail stores. 618 F.3d 1025 (9th Cir. 2010). *Trader Joe's Co.* undercuts Plaintiff further; the plaintiff there pled that defendant's font and color on identical products (tote bags) were "strikingly similar." 150 F.4th 1040, 1051 (9th Cir. 2025). Plaintiff alleges nothing comparable. And in *Trama*, at least one motion to dismiss was not potentially dispositive, and amendment might have cured the defects. 2024 WL 5311155, at *2 (C.D. Cal. Oct.

---

[2] Plaintiff's cases (Opp. at 15) are distinguishable. In *Davi*s, defendants allegedly changed their movie's title and font to evoke plaintiff's mark after it became a best-selling book. 2024 WL 5182630, at *1-2 (9th Cir. Dec. 20, 2024). In *Belin*, defendants allegedly changed their series title after receiving multiple cease-and-desist letters, and the complaint attached photographs of both the mark and the series. 2024 WL 4720795, at *3-4 (C.D. Cal. Sep. 20, 2024). The FAC alleges nothing similar.

[3] Plaintiff's assertion that an alleged "second" non-final office action has any bearing on her FAC claims (Opp. at 17) is meritless and misleading. As previously explained, the September 2026 non-final office action focuses on a non-party registration for the mark "SHOWGIRL," that is owned by a perfume company with no connection to this suit. Dkt. 71. *It does not make any additional findings about Plaintiff's trademark. Id.* And, as should be clear by now, USPTO office action decisions are not binding on this Court because they are "decided upon 'a comparison of the marks in the abstract,' whereas courts assess the market as it actually exists." *Blue Bottle Coffee, LLC v. Liao*, 2024 WL 2061259, at *12, 14 (N.D. Cal. May 7, 2024).



VENABLE LLP

3, 2024). Neither is true here: Plaintiff has already amended once, and her fatal defects—including, *inter alia*, application of the *Rogers* doctrine—cannot be cured.

### II. Defendants' Motion Is Timely and Proper Under the Court's Standing Order and Rule 26

Plaintiff concedes that the Court has broad discretion to stay discovery and that its Standing Order expressly contemplates such a stay. Opp. at 12. Her observation that discovery is not currently stayed (*id.*) is precisely why Defendants brought this Motion promptly after Plaintiff threatened a unilateral Rule 26(f) report and the parties reached an impasse after conferring. Motion at 4. Courts are permitted to, and routinely do, stay discovery prior to the parties holding a Rule 26(f) conference in virtually identical situations where a potentially dispositive motion to dismiss is pending. *See, e.g.*, *Claiborne v. JPMorgan Chase Bank, N.A.*, 2019 WL 11340064, at *1 (N.D. Ga. July 23, 2019) (granting discovery stay prior to 26(f) conference); *In re Morning Song Bird Food Litig.*, 2013 WL 12143948, at *3 (S.D. Cal. Apr. 3, 2013) (declining to compel 26(f) conference with dispositive motion to dismiss pending).[4]

Plaintiff's reliance on Rule 26(f) advisory committee notes addressing early discovery in preliminary injunction matters misses the forest for the trees. Opp. at 12. Even in that context, a party must show good cause for expedited discovery, and Plaintiff has made no such showing (nor has she requested expedited discovery). Moreover, early discovery in those cases serves a specific purpose: preparing for a preliminary injunction hearing. That purpose is absent here, because the preliminary injunction hearing already occurred. *See, e.g.*, *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066-67 (C.D. Cal. 2009) (denying request for early discovery).

Plaintiff's suggestion that Defendants caused delay by noticing the Motion for February 10, 2027 (Opp. at 6) is equally baseless. Defendants do not control the

[4] *See also Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (staying discovery prior to 26(f) conference with dispositive motion pending); *Jeremiah M. v. Crum*, 2022 WL 17082117, at *5 (D. Alaska Nov. 17, 2022) (ordering delay of Rule 26(f) conference and discovery until after ruling).

Court's calendar. Following the Court's Procedures, Defendants checked the motion calendar, found it full until February, and noticed the hearing for an available date. Plaintiff's claim that "Defendants cannot rely on the absence of a schedule that their own refusal has prevented" (Opp. at 13) fails for the same reason. It presumes Defendants can enter scheduling orders or set Rule 16 conferences. They cannot; only the Court can. And, as noted above, if any party is responsible for delay, it is Plaintiff. Among other things, Plaintiff waited months after filing the FAC before even seeking a Rule 26(f) conference. Motion at 4. Plaintiff's view (that Defendants should have proactively sought a stay before Plaintiff sought to move forward with discovery) is nonsensical. Once Plaintiff inquired about the Rule 26(f) conference, Defendants met and conferred (as required) and upon impasse filed this Motion.

Plaintiff's additional authorities for the notion that Defendants have "stayed discovery without an order" (Opp. at 13) are inapposite. In *Potashnik*, the defendant (1) never objected to served discovery, or timely sought a stay, and (2) invoked the Fifth Amendment. 2008 WL 11339608, at *1 (C.D. Cal. June 16, 2008). Facts absent here. And *Tesla* (pending roughly two years before a stay was sought) undermines Plaintiff. 2025 WL 744151, at *1 (E.D. La. Mar. 7, 2025). There, discovery was stayed even though the plaintiff identified a risk that evidence could be lost; a far more concrete showing than Plaintiff's conclusory claims of prejudice. Here, Defendants are seeking the very order Plaintiff claims is required to stay discovery. Her attempt to impute wrongdoing or procedural infirmity is misguided.

## III. Plaintiff's Reliance on Post-FAC Conduct Is Legally Irrelevant to Personal Jurisdiction and Cannot Justify Discovery

Plaintiff offers no reason why Ms. Swift or TASRM should be forced into merits discovery—or any discovery—while their motion to dismiss for lack of personal jurisdiction, as well as under Rule 12(b)(6), remains pending. Indeed, Plaintiff concedes the point: she acknowledges that the authorities Defendants cite have granted temporary discovery stays in precisely these circumstances. Opp. at 21





VENABLE LLP

(discussing *Hewlett Packard* and other cases cited by Defendants).

Plaintiff's claim that here "the record is not limited to" the FAC allegations is misleading. Opp. at 18. Plaintiff's argument depends almost entirely on conduct that (i) is not in the record, and (ii) occurred months after the FAC. Opp. at 18-20 (discussing Ms. Swift's October 2026 appearance at the Academy Motion Picture Museum Gala and "Patient Zero" music video premiere). First, importantly, the Court has not granted Plaintiff's motions for leave to file supplemental materials, so those materials are not part of the record at all. Second, as explained repeatedly by Defendants in prior filings, Ninth Circuit precedent forecloses consideration of post-complaint contacts when analyzing personal jurisdiction. Specifically, "only contacts occurring prior to the event causing the litigation may be considered." *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) (citation omitted). Events occurring months after the operative complaint cannot establish personal jurisdiction here (and regardless, as noted in prior filings, the referenced "facts" are not relevant because they could not have caused any consumer confusion). *See* Dkt. 78 at 14-17; Dkt. 80 at 5-7, 10-12.

Plaintiff again has no helpful authority. *Power Integrations* (Opp. at 20) did not involve multiple defendants, and the at-issue motion was non-dispositive for reasons wholly absent here (issues beyond Korean patent law, diversity jurisdiction, and the discovery sought bore directly on jurisdiction in an employee's dispute with a California-based employer). As Defendants have already shown [Dkt. 78], Plaintiff has not met the standard for jurisdictional discovery—and even if she had, the information she seeks could not establish personal jurisdiction over Ms. Swift or TASRM with respect to the FAC. *See* Dkt. 78 at 14-17; Dkt. 80 at 2 n.1.

## IV. Plaintiff's Manufactured "Prejudice" Is Non-Existent and Caused By Her Own Delay

In the Parties' meet-and-confer efforts, Plaintiff never identified any prejudice that a temporary stay would cause. Motion at 4. Unable to dispute this, she now



VENABLE LLP

asserts generically that "the record shows" prejudice (Opp. at 24), but points to nothing establishing any. The facts show that Plaintiff has never acted with urgency. She knew about the Album in August 2025 but waited almost eight months to file suit. Meanwhile, she flooded her social media pages with advertisements for her brand using Ms. Swift's music and other intellectual property without permission—an apparent attempt to either manufacture confusion where none existed or to boost her brand by infringing Ms. Swift's intellectual property. Dkt. 40 at 7-8 (detailing Plaintiff's unclean hands). After filing suit, she waited another six months before attempting to hold a Rule 26(f) conference, while also amending deficient pleadings and filing successive motions for leave. Motion at 4. A party who has been this dilatory cannot credibly claim that a brief, purposeful pause will result in prejudice.

Seeking to deflect from her own delay, Plaintiff argues that the stay will not be "brief" and will be "open-ended." Opp. at 25. Neither is accurate. Briefing on Defendants' MTD is complete and, as Plaintiff acknowledges, the Court will hear argument on February 3, 2027 (which was extended after Plaintiff's multiple requests to supplement the MTD record). *Id.* And the requested stay has a built-in end date: 30 days after a ruling on the MTD. That is the type of limited stay courts grant, and is more defined than stays entered "until further order of the Court." *Compare Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019) (granting stay until 30 days after ruling), *with Apothio, LLC v. Kern Cnty.*, 2023 WL 2655847, at *7 (E.D. Cal. Mar. 27, 2023) (staying discovery until further order of the court). The 30-day request is practical. If any claim survives the MTD, Defendants will have fourteen days to answer, including asserting anticipated counterclaims. *See* Fed. R. Civ. P. 12(a)(4). The Parties will then have sufficient time to prepare for a fulsome Rule 26(f) conference as to all pending claims and defenses.

## V. Defendants Have Shown They Will Be Prejudiced Without a Stay Because Plaintiff Has Already Sought Disproportionate Discovery

Defendants' basis for seeking protection from burdensome discovery is not



VENABLE LLP

"unmoored from the record" as Plaintiff suggests. Opp. at 22-23. Plaintiff has already made a voluminous request for jurisdictional discovery, confirming that she intends to pursue burdensome discovery now that will prejudice Defendants. *See* Motion at 10-11. Her own filings refute any claim otherwise.

Plaintiff also ignores that courts stay discovery even before it has been propounded where, as here, the facts show the scope of discovery would be burdensome—particularly with multiple defendants and multiple claims. *See* Motion at 11 (citing *Gastineau*, 2025 WL 2733155, at *2, among other cases); *Feeney v. Apple Inc.*, 2026 WL 923296, at *2-3 (C.D. Cal. Mar. 6, 2026) (granting temporary stay where discovery had not yet been propounded, but facts supported risk of prejudice). Plaintiff's attempt to impose a higher burden on Defendants through the combination of language from multiple cases (i.e., asserting that a stay of discovery requires a "strong showing of specific prejudice or harm" in addition to the two-prong test she otherwise admits applies) is wrong and should not be credited. *See* Opp. at 6 (citing *Skellerup & Phillips*). But even if it did apply (it does not), the burdens and prejudice Defendants identified herein and in their opening Motion would satisfy that standard. *See Malone v. Walt Disney Parks & Resorts U.S. Inc*., 2025 WL 3725649, at *1 (C.D. Cal. Oct. 8, 2025) (describing how movant must "demonstrate good cause for the order by showing the harm or prejudice that would result from the discovery").

### VI. Plaintiff's Arguments Against Judicial Economy Make No Sense

Unable to dispute that Defendants' MTD could dispose of the case—or, at a minimum, narrow multiple claims against multiple Defendants—Plaintiff lumps her claims together as if they shared the same elements of proof. Opp. at 17-18. They do not. She asserts her "two UCL arguments reach one claim" (Opp. at 17), but a UCL claim under the "unfair" prong requires conduct tantamount to an antitrust violation—proof separate from her other theories. MTD at 18. Plaintiff also lumps her contributory and vicarious liability claims together, asserting their dismissal would not affect the scope of discovery because they are "derivative of the direct

VENABLE LLP

claims." Opp. at 17. Not so. Those claims require proof of distinct elements. MTD at 14-15. Dismissal of any of these claims would meaningfully narrow discovery.

Further, Plaintiff's argument that "phased" discovery—proceeding against UMG and Bravado on one track, and Ms. Swift and TASRM on another—"is not 'piecemeal'" (Opp. at 26), defies common sense. Discovery split along those lines is piecemeal by definition, would require duplicative discovery if any claims survive, and courts avoid it in the interest of judicial economy. Motion at 8. Plaintiff's own authority, *Skellerup* (Opp. at 18), confirms that piecemeal discovery should be avoided. There, discovery had already commenced as to all but one defendant, and thus staying discovery for the lone moving defendant would have split discovery into separate tracks. 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).[5] That concern is absent here: every Defendant has moved to dismiss, and every Defendant seeks a stay.

Nor does the speculative possibility that a Defendant might one day receive a Rule 45 subpoena—if this action survives—bear on whether discovery should be temporarily stayed. Plaintiff assumes she could burden Ms. Swift and TASRM with third-party discovery just as if they remained parties. Opp. at 18. She could not. Non-parties do not bear the same discovery obligations. Far from it—courts routinely quash subpoenas where discovery is available from a party. *See, e.g., Amini Innovation Corp. v. McFerran Home Furnishings, Inc*., 300 F.R.D. 406, 410, 413 (C.D. Cal. 2014) (quashing subpoena and describing differences in Rule 45 discovery obligations). Thus, in the event the Court grants Defendants' MTD as to Ms. Swift and TASRM only, any conceivable discovery from them would shrink dramatically—underscoring why discovery should await the Court's ruling.

## VII. Conclusion

A stay pending the Court's ruling on the Motion to Dismiss is warranted. The Motion to Stay Discovery should be granted.

[5] *Phillips* (Opp. at 23) did not involve a motion to dismiss, but rather a protective order restricting disclosure of settlement information. 307 F.3d 1206 (9th Cir. 2002).



VENABLE LLP

Dated: November 25, 2026

VENABLE LLP

By: */s/ Max N. Wellman*

Max N. Wellman
J. Douglas Baldridge
Katherine Wright Morrone
Maria R. Sinatra

Attorneys for Defendants Taylor Swift, TAS Rights Management, LLC, UMG Recordings, Inc., Bravado International Group Merchandising Services Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing reply is 10 pages, in compliance with the 10-page limit set forth in Section VII(D) of this Court's Standing Order.

Dated: November 25, 2026

By: */s/ Max N. Wellman*
Max N. Wellman

VENABLE LLP